## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CITRIX SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WORKSPOT, INC. <br><br> Defendant. | C.A. No. 1:18-cv-00588-GMS <br><br><br> **JURY TRIAL DEMANDED** |

## JOINT STATUS REPORT

Pursuant to Rule 16, F.R.C.P. 16, D. Del. LR 16.2, and the Court's Order re: Case Management in Civil Cases dated June 12, 2018, Plaintiff Citrix Systems, Inc. ("Citrix"), and Defendant Workspot, Inc. ("Workspot") (collectively, the "Parties"), by and through their undersigned counsel, jointly submit this Joint Status Report. Counsel for the Parties participated in a telephone conference pursuant to the Notice of Scheduling Conference and as required by the Fed. R. Civ. P. 26(f) on June 10, 2018.  DLA Piper LLP (US) participated on behalf of Citrix, and Gibson Dunn & Crutcher LLP and Potter Anderson & Corroon LLP participated on behalf of Workspot.

**1.     Jurisdiction and Service:**

The Parties agree that (1) the Court has subject matter jurisdiction over this action,  (2) for purposes of this action only the Court has personal jurisdiction over the Parties to the action, and (3) for purposes of this action only venue is proper in this Court.  All Parties have been served.

2. **Substance of the Action:**

Citrix alleges that Workspot infringes U.S. Patent No. 7,949,677; U.S. Patent No. 8,341,732; U.S. Patent No. 7,594,018; and U.S. Patent No. 8,135,843 (collectively referred to as the "Patents-in-Suit") by making, offering to sell, or selling in this District and elsewhere in the United States Workspot's accused products, which include Workspot Cloud Apps, Cloud Desktops, and Cloud Workstations (collectively, the "Accused Products"). Citrix alleges that Workspot's infringement of the Patents-in-Suit has been and continues to be willful and deliberate. Citrix also alleges that Workspot has engaged in false and misleading advertising, deceptive trade practices, and unfair competition by making false and misleading statements about Citrix's on-prem products and services such as XenApp, XenDesktop, XenMobile, NetScaler, and Citrix Receiver, and cloud-based products and services, such as ShareFile and Citrix Cloud and its attendant services ("Citrix's Products and Services") and the Accused Products.

As described below, ¶ 5, Citrix seeks both preliminary (D.I. 8) and permanent injunctive relief to prohibit Workspot from continuing to infringe, unfairly competing, engaging in deceptive trade practices, making false or misleading advertising with respect to Citrix's Products and Services and disparaging Citrix's Products and Services. Citrix also seeks all damages, including enhanced or treble damages, interest, and costs to which Citrix is entitled by law.

Workspot denies that it infringes any claim of any of the Patents-in-Suit, literally or under the doctrine of equivalents and alleges that the claims of the Patents-in-Suit are invalid and/or unenforceable. Workspot also denies that it has engaged in any false or misleading advertising, deceptive trade practices, or unfair competition. Additionally, Workspot contends that Citrix is not entitled to damages or any injunctive relief.

**3.     Identification of Issues:**

The Parties anticipate disputes regarding the following issues:

- Whether Workspot infringes the Patents-in-Suit;
- Whether the Patents-in-Suit are valid and/or enforceable;
- If Workspot is found to infringe any valid claim of the Patents-in-Suit, whether such infringement is willful and deliberate;
- If Workspot is found to infringe any valid claim of the Patents-in-Suit, the amount of monetary damages to which Citrix is entitled for such infringement;
- Whether Citrix is entitled to preliminary or permanent injunctive relief on any of its claims;
- Whether Citrix is entitled to a declaration that this is an exceptional case, and whether Citrix is entitled to its reasonable attorneys' fees, under 35 U.S.C. § 285;
- Whether Workspot's statements concerning its products and Citrix's products constitute false advertising in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);
- Whether Workspot's statements concerning its products and Citrix's products constitute deceptive trade practices in violation of the Delaware Deceptive Trade Practices Act, 6 *Del. C.* § 2531, *et seq.*;
- Whether Workspot's statements concerning its products and Citrix's products constitute common law unfair competition; and
- If Workspot's statements are found to constitute false advertising, deceptive trade practices, or unfair competition, the amount of monetary damages to which Citrix is entitled for such false advertising, deceptive trade practices or unfair competition.

**4.     Narrowing of Issues:**

Resolution of Citrix's pending motion for preliminary injunction may assist with narrowing certain issues early in the case. Otherwise, the Parties are unaware of any issues that can be narrowed by agreement or by motion at this stage in the proceedings. As discovery

progresses, the Parties may identify other issues in this litigation that may be narrowed by agreement, stipulation, or motion.

5.  **Relief:**

Citrix respectfully requests the Court enter judgment in favor of Citrix awarding injunctive relief, monetary damages, attorneys' fees, interest, and such other relief that this Court deems just and equitable. Specifically, Citrix requests that the Court enter judgment:

1. In favor of Citrix and against Workspot on all of Citrix's claims;
2. Enjoining and restraining Workspot, its officers, directors, agents, servants, employees, attorneys, and all others in active concert or participation with Workspot, during the pendency of this action and thereafter permanently from:
   A. Unfairly competing with Citrix in any manner whatsoever;
   B. Engaging in any deceptive trade practice with respect to Citrix or Citrix's products and services in any manner whatsoever;
   C. Engaging in any false or misleading advertising with respect to Citrix, Citrix's Products and Services and any related goods or services in any manner whatsoever; and
   D. Disparaging Citrix's products and services in any manner whatsoever;
3. Requiring Workspot to deliver up, or cause to be delivered up, for destruction all advertisements, marketing material, and all other materials in the possession or control of Workspot that contain any false or misleading statements of fact about its Accused Products and any related goods or services, Citrix, and Citrix's Products and Services;
4. Requiring Workspot to perform corrective advertising to correct the false and misleading statements of Workspot about its Accused Products and any related goods or services, Citrix, and Citrix's Products and Services;
5. Requiring Workspot to pay over to Citrix the amount of Citrix's costs of corrective advertising to correct the false and misleading statements of

      Workspot about its Accused Products and any related goods or services, Citrix, and Citrix's Products and Services;

6. Requiring Workspot to account for and pay over to Citrix the amount of Citrix's damages pursuant to 15 U.S.C. § 1117 and Delaware law;

7. Requiring Workspot to account for and pay over to Citrix the amount of Workspot's profits pursuant to 15 U.S.C. § 1117 and Delaware law;

8. Requiring Workspot to account for and pay over to Citrix the costs of the action pursuant to 15 U.S.C. § 1117 and Delaware law;

9. Trebling any damage award pursuant to 15 U.S.C. § 1117 and Delaware law;

10. Finding this case exceptional and requiring Workspot to pay over to Citrix its attorneys' fees incurred in connection with this case pursuant to 15 U.S.C. § 1117 and Delaware law;

11. Finding that Workspot intentionally or recklessly engaged in unfair competition under Delaware law and requiring Workspot to pay over to Citrix punitive damages;

12. Declaring that Workspot has infringed and is infringing the claims of the Patents-in-Suit;

13. Compensating Citrix for all damages caused by Workspot's infringement of the Patents-in-Suit;

14. Enhancing Citrix's damages up to three times their amount under 35 U.S.C. § 284;

15. Granting Citrix pre- and post-judgment interests, together with all costs and expenses;

16. Granting Citrix its reasonable attorneys' fees under 35 U.S.C. § 285;

17. Granting a preliminary and permanent injunction enjoining and restraining Workspot and its officers, directors, agents, servants, employees, attorneys, and all others in active concert or participation with Workspot, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, that fall within the scope of any claim of the Patents-in-Suit;

18. Entering a judgment that Workspot's infringement of the Patents-in-Suit has been willful; and

19. Awarding Citrix such other relief in its favor as the Court may deem just and equitable.

Workspot denies that Citrix is entitled to any of the relief enumerated above.

**6.      Amendment of Pleadings:**

Neither party has filed an amendment to its respective pleading. The Parties propose that the deadline for amendments to the pleadings be March 1, 2019.

**7.      Joinder of Parties:**

The Parties propose that the deadline for joinder of parties be March 1, 2019.

**8.      Discovery:**

The Parties stipulated to, and the Court entered, a schedule in this matter with respect to Citrix's Motion for Preliminary Injunction (the "Motion"). D.I. 26. Accordingly, the Parties have engaged in certain discovery through Interrogatories and Requests for Production, and the Parties anticipate they will conduct some depositions pursuant to that schedule. The Parties agree they will require additional discovery beyond the discovery served and to-be-served while Citrix's Motion is pending. The Parties also agree that discovery unrelated to the Preliminary Injunction will not commence until after briefing on Citrix's Motion for Preliminary Injunction is completed.

The Parties respectfully request that the Court enter the schedule filed contemporaneously with this Joint Status Report and set forth in the chart below. Under the proposed schedule, the Parties agree that in addition to, and separate and apart from, the discovery permitted under the Motion, the Parties will be permitted to propound 15 written interrogatories, 30 requests for admission, and 50 requests for production, and take 70 hours of

fact and Rule 30(b)(6) depositions.[1] The Parties agree that these limits may be modified by agreement of the Parties or with leave of Court for good cause shown,

The Parties further agree that documents created on or after the date of the Complaint in this action, or in anticipation of filing the Complaint, need not be logged on a privilege log.

The Parties intend to seek discovery primarily related to, *inter alia*, the issues indicated in ¶ 3, above, including discovery related to Citrix's claims and Workspot's defenses.

| 9. **Event** | **Citrix Proposal** | **Workspot Proposal** | **Joint Proposal** |
|---|---|---|---|
| Rule 26(a)(1) and Paragraph 3 Initial Disclosures | | | Within ten (10) days of the Court entering a Scheduling Order |
| File Protective Order | | | Filed June 15, 2018 |
| Identification of accused products and asserted patents, and production of file histories of asserted patents by claimant | | | October 12, 2018 |
| Production of core technical documents by accused infringer | | | November 9, 2018 |
| Production of initial infringement charts by claimant | | | November 14, 2018 |
| Production of initial invalidity contentions by accused infringer | | | December 10, 2018 |
| Last day for accused infringer to inform other parties whether it intends to rely upon advice of counsel as a defense to willful infringement | | | March 1, 2019 |
| Last day for accused infringer to produce any opinions of counsel on which it intends to | | | March 8, 2019 |

---

[1] The deposition hours do not include depositions of third parties or expert witnesses.

| | | | |
|---|---|---|---|
| rely on as a defense to willful infringement | | | |
| Exchange of claim terms for construction | | | January 25, 2019 |
| Last day to file any motion to join other parties or amendment of pleadings | | | March 1, 2019 |
| Exchange of proposed claim constructions | | | February 8, 2019 |
| Last day to file final joint claim chart | | | February 22, 2019 |
| Substantial completion of document Production | | | March 29, 2019 |
| Last day to file opening claim construction briefs | | | March 6, 2019 |
| Last day to file answering claim construction briefs and the Joint Appendix of Intrinsic Evidence | | | April 3, 2019 |
| Claim construction hearing | | | April 24, 2019, or as soon thereafter as is convenient for the Court |
| Close of Fact Discovery | July 24, 2019 | 30 days after *Markman* Ruling ("MR") | |
| Final Infringement Contentions | July 24, 2019 | MR + 45 days | |
| Final Invalidity Contentions | August 7, 2019 | MR + 60 days | |
| Last day to serve opening expert reports | September 25, 2019 | MR + 90 days | |
| Last day to serve rebuttal expert reports | October 25, 2019 | MR + 135 days | |
| Close of expert discovery | November 15, 2019 | MR + 165 days | |
| Last day to file opening letter briefs seeking summary judgment | November 22, 2019 | MR + 180 days | |
| Last day to file answering letter briefs regarding summary judgment | December 11, 2019 | MR + 195 days | |
| Last day to file reply letter | December 20, | MR + 205 days | |

| | | | |
|---|---|---|---|
| briefs regarding summary judgment | 2019 | | |
| Pretrial Order | | | Two weeks prior to the pretrial conference |
| Pretrial Conference | | | March 2020 |
| Trial | | | April 2020, or as soon thereafter as is convenient for the Court |

10. **Estimated trial length:**

At this time, the Parties estimate that a trial in this case would require ten days. The estimated length of trial depends on narrowing of issues. At this time, the Parties are not aware of any issues that can be resolved or limited to reduce the length of trial at this time, but the Parties agree to discuss any mechanisms that may be utilized to narrow the issues and expedite the trial as discovery progresses and issues are narrowed. The Parties do not anticipate bifurcation of any issues for trial.

11. **Jury trial:**

The Parties demand a trial by jury on all issues so triable.

12. **Settlement**:

The Parties have not engaged in formal settlement discussions to date. While the Parties are willing to explore ADR options with a Magistrate Judge, the Parties do not anticipate ADR to be fruitful at this stage of the case.

13. **Other:**

The Parties are not aware at this time of any other matters, beyond those discussed herein, conducive to the just, speedy, and inexpensive determination of this action.

14. **Meet and Confer:**

On July 10, 2018, lead and Delaware counsel for the Parties met and conferred about each of the above matters in an effort to eliminate any disputes.

No continuance of the conference will be granted except by Order of the court upon application by counsel made seven (7) days before the date of the conference supported by a declaration stating the reasons for the request.

| | |
|---|---|
| Respectfully submitted, | Dated: July 12, 2018 |
| **DLA PIPER LLP (US)** | **POTTER ANDERSON & CORROON LLP** |
| */s/ Denise S. Kraft* | */s/ David E. Moore* |
| Denise S. Kraft (DE Bar No. 2778)<br>Brian A. Biggs (DE Bar No. 5591)<br>1201 North Market Street, Suite 2100<br>Wilmington, DE 19801-1147<br>Telephone: (302) 468-5700<br>Facsimile: (302) 394-2341<br>denise.kraft@dlapiper.com<br>brian.biggs@dlapiper.com | David E. Moore (#3983)<br>Stephanie E. O'Byrne (#4446)<br>Bindu A. Palapura (#5370)<br>1313 North Market Street, 6th Floor<br>P. O. Box 951<br>Wilmington, DE 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>dmoore@potteranderson.com<br>sobyrne@potteransderson.com<br>bpalapura@potteranderson.com |
| *Attorneys for Plaintiff Citrix Systems, Inc.* | *Attorneys for Defendant Workspot, Inc.* |
| **OF COUNSEL**: | **OF COUNSEL:** |
| Michael Strapp (admitted *Pro Hac Vice*)<br>Larissa Park (admitted *Pro Hac Vice*)<br>Kristoffer W. Lange (admitted *Pro Hac Vice*)<br>Yasmin Ghassab (admitted *Pro Hac Vice*)<br>**DLA PIPER LLP (US)**<br>33 Arch Street, 26th Floor<br>Boston, MA 02110-1447<br>Telephone: (617) 406-6031<br>michael.strapp@dlapiper.com<br>larissa.park@dlapiper.com<br>kris.lange@dlapiper.com<br>yasmin.ghassab@dlapiper.com | H. Mark Lyon<br>GIBSON DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Tel: (650) 849-5300<br><br>Y. Ernest Hsin<br>GIBSON DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Tel: (415) 393-8200<br><br>Brian K. Andrea<br>Brian M. Buroker<br>GIBSON DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Tel: (202) 995-8500 |