# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CITRIX SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) C.A. No. 18-588-LPS |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| WORKSPOT, INC., | ) **PUBLIC VERSION** |
| | ) |
| Defendant. | ) |

## SUPPLEMENTAL DECLARATION OF DOUGLAS BRUSH

OF COUNSEL:

H. Mark Lyon
GIBSON DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel: (650) 849-5300

Y. Ernest Hsin
GIBSON DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Tel: (415) 393-8200

Jennifer Rho
GIBSON DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 229-7000

Karen A. Gibbs
1901 S. Bascom Avenue, Suite 900
Campbell, CA 95008

Dated: December 7, 2018
Public Version Dated: February 5, 2019

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant Workspot, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CITRIX SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WORKSPOT, INC., <br><br> Defendant. | C.A. No. 1:18-cv-00588-GMS <br><br> JURY TRIAL DEMANDED |

## SUPPLEMENTAL DECLARATION OF DOUGLAS BRUSH

I, Douglas Brush, declare as follows:

1. I am a Director at Kivu Consulting, Inc. ("Kivu") in the Cyber Investigations group in the Denver office located at 3507 Ringsby Ct., Suite #106, Denver, CO 80216. Kivu offers a variety of consulting services for law firms, Fortune 500 companies and individuals facing disputes that may lead to litigation. The Cyber Investigations group works with clients to preserve, collect, analyze, and produce critical data for investigations and legal matters.

2. I have over 24 years of professional computer and technology experience. I joined the Kivu team in August 2017. Prior to joining Kivu, I was the Practice Leader of the Information Security & Governance group at Kraft Kennedy and focused on digital forensics, e-discovery, and expert witness testimony services for corporate clients, law firms, and individuals. My duties with Kivu include services such as digital forensic examinations, incident response and cyber investigations, e-discovery management, information protection, and expert witness testimony.

3. My work as a digital forensic examiner has included the proper preservation, extraction, and presentation of Electronically Stored Information ("ESI") for legal proceedings. I have also been responsible for providing reports and giving expert witness testimony as well as served as a federal court appointed Special Master. I have conducted hundreds of forensic examinations of, and data acquisitions from, various types of digital media, including laptop and

desktop computers, mobile devices and servers. My training and certifications include: SANS SEC504: Hacker Techniques, Exploits & Incident Handling, GIAC Certified Incident Handler (GCIH), FOR508: Advanced Digital Forensics, Incident Response, and Threat Hunting, GIAC Certified Forensic Analyst (GCFA), FOR408: Windows Forensic Analysis, GIAC Certified Forensic Examiner (GCFE), EnCase Computer Forensics I, EnCase Computer Forensics II, EnCase Certified Examiner (EnCE), Access Data Certified Examiner (ACE).

4. In the course of my career, I have gained experience working with and forensically examining servers, desktop and laptop computers as well as cloud computing systems.

5. Kivu was retained on October 25, 2018 to provide digital forensic and litigation support services in the above captioned matter on behalf of Gibson, Dunn, & Crutcher LLP.

6. Kivu performed research and analysis encompassing IP address obfuscation possibilities with the Guerrilla Mail disposable email address service, email header forging, and Microsoft Azure log analysis. A declaration was issued regarding the research on Guerrilla Mail on October 30, 2018.

7. Kivu reviewed the capabilities of the Guerrilla Mail service and the methods with which an IP address could be hidden or discovered while using this service. A test was performed using Guerrilla Mail and a VPN connection to send emails that appeared to originate in different locations. After research and testing was completed, it was concluded that it is possible for a user to obfuscate their original IP address in the header of an email sent from Guerilla Mail using a VPN, proxy, TOR, or other anonymizing service. Without the provider of the service producing logs, it is not possible to determine what the sender's original IP address was based on information contained within the email header.

8. Kivu received activity logs on November 16, 2018 covering October 10, 2018 through October 12, 2018 for Microsoft Azure ("Azure") subscription ID ███████████ ███████████ This is the subscription ID that was produced by Microsoft on November 8, 2018 in response to subpoena as linked to IP address 104.46.110.21, where the offending emails

were alleged to have come from. Activity logs for a Virtual Machine ("VM") in Azure will show activities such as creating and deleting a VM and making changes to a virtual environment configuration. They will also show the username logged on at that time which performed these activities.

9. After analyzing these logs Kivu determined that someone operating under the username ▮▮▮▮▮▮▮▮ had created a VM on October 11, 2018 at 2:36 am UTC and then deleted that VM on October 11, 2018 at 7:51 pm UTC. The user also attempted to delete the related VM infrastructure, including the public IP address, disk, network interface, and security group, but these attempts failed.

10. Additional activity logs were received December 3, 2018 covering October 9, 2018 through October 23, 2018. Kivu analyzed the additional activity logs and determined the logs showed the same activity regarding the creation of deletion of the VM, and the logs also showed that someone operating under the username ▮▮▮▮▮▮▮▮ successfully deleted the public IP address, disk, network interface, security group, and virtual network related to the VM on October 16, 2018 between 3:43 am and 4:00 am UTC. Due to the deletion of the VM and the associated disk, it was not possible to obtain an image of the VM.

11. Further analysis of the VM suspected of sending the offending emails was not possible because of the deletion of the VM and its related virtual infrastructure. IP addresses are dynamically assigned by default in Azure. This means that when a new VM is created along with a public IP, it is assigned that IP when it is first started, and the assigned IP address can change depending on the state of the VM. If the VM is stopped and restarted or deleted, the IP address could be released and reused by different resources. This means it is not possible to positively identify a VM by IP address after it has been stopped or deleted. A VM that has been deleted cannot be recovered if the related disk has also been deleted, and in this situation, it is not possible to review the activities users engaged in while logged into the VM. When the VM associated with subscription ID ▮▮▮▮▮▮▮▮ was deleted along

with the related disk and public IP address, the IP address would have been released for use by other resources.

12. I reserve the right to supplement and amend my declaration and findings should new evidence be presented in this matter.

13. The facts set forth above are true and correct. If called upon to testify as a witness, I could and would competently testify thereto.

14. I am being compensated for the time I have spent on this litigation. My compensation does not depend in any way upon the opinion I provide or the outcome of this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 7th, 2018

_____
Douglas Brush