# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CITRIX SYSTEMS, INC., | C.A. No. 1:18-cv-00588-LPS |
| Plaintiff, | |
| v. | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| WORKSPOT, INC. | Public Version |
| Defendant. | |

## DECLARATION OF MICHAEL G. STRAPP

I, Michael G. Strapp, hereby declare as follows:

1)    I am an attorney with the law firm of DLA Piper LLP (US) ("DLA Piper"), counsel for Plaintiff Citrix Systems, Inc. ("Citrix").  I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.  I make this declaration in support of Citrix's Brief In Support of Its Emergency Motion for Temporary Restraining Order and To Show Cause Why Workspot Should Not Be Held In Contempt.

2)    A true and accurate copy of the August 20, 2018 e-mail from Jennifer Rho to counsel for DLA is attached hereto as Exhibit A.

3)    A true and accurate copy of August 22, 2018 e-mail from Brian Biggs  is attached hereto as Exhibit B.

4)    A true and accurate copy of the August 24, 2018 e-mail from Jennifer Rho to counsel for DLA is attached hereto as Exhibit C.

1

5) ████████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████

6) ███████████████████████████████████████████████

████████████████████████████████████████████████████

██████████

7)       A true and accurate copy of the October 9, 2018, 11:07pm Guerilla Mail e-mail to David Henshall is attached hereto as Exhibit F.

8)       A true and accurate copy of the October 10, 2018, 11:00am Guerilla Mail e-mail to David Henshall is attached hereto as Exhibit G.

9)       A true and accurate copy of the October 10, 2018, 11:06am Guerilla Mail e-mail to Juan Rivera is attached hereto as Exhibit H.

10)       A true and accurate copy of the October 10, 2018, 1:56pm Guerilla Mail e-mail to David Henshall is attached hereto as Exhibit I.

11)       A true and accurate copy of the October 10, 2018, 8:23pm Guerilla Mail e-mail to David Henshall is attached hereto as Exhibit J.

12)       A true and accurate copy of the October 11, 2018, 3:04am Guerilla Mail e-mail to Juan Rivera is attached hereto as Exhibit K.

13)       A true and accurate copy of the October 11, 2018 post regarding Citrix on TheLayoff.com is attached hereto as Exhibit L.

14)       A true and accurate copy of the October 11, 2018 post purporting to be a screenshot of an email between David Henshall and PJ Hough is attached hereto as Exhibit M.

EAST\161203731.1

15) A true and accurate copy of the October 11, 2018, 3:37pm Guerilla Mail e-mail to David Henshall is attached hereto as Exhibit N.

16) A true and accurate copy of the October 11, 2018, 3:39pm Guerilla Mail e-mail to Juan Rivera is attached hereto as Exhibit O.

17) According to addresses.com, "Puneet S. Chawla" has a home address in Fremont, California. Attached as Exhibit P is a screenshot of the result of a search query entered in addresses.com for "Puneet Chawla."

18) According to Intellius.com, the website linked to by addresses.com to "find more information," the same "Puneet S. Chawla" worked at "Workspot, Inc." and "Vmware, Inc." Attached as Exhibit Q is a screenshot of the result of that search query on Intellius.com.

19) A true and accurate copy of Puneet Chawla's October 10, 2018 tweet referring to Citrix as a "patent troll" is attached hereto as Exhibit R.

20) A true and accurate copy of the July 3, 2018 e-mail from Michael Strapp to Y. Ernest Hsin is attached hereto as Exhibit S.

21) A true and accurate copy of July 5, 2018 e-mail from Y. Ernest Hsin to Michael Strapp is attached hereto as Exhibit T.

22) A true and accurate copy of Puneet Chawla's March 13, 2017 tweet to Juan Rivera regarding Citrix blog posts is attached hereto as Exhibit U.

23) A true and accurate copy of Puneet Chawla's March 13, 2017 tweet to Juan Rivera regarding "cloud washing" is attached hereto as Exhibit V.

24) A true and accurate copy of Amitabh Sinha's May 25, 2017 tweet to Juan Rivera regarding crashing Citrix is attached hereto as Exhibit W.

25) ████████████████████████████████████

████████████████████████████

26) ████████████████████████████████████

████████████████████████████████████████

27) ████████████████████████████████████

███████████████████████████████

28) ████████████████████████████████████

████████████████████

29) ████████████████████████████████████

███████████████████████████

█

████████

I declare under penalty of perjury that the foregoing is true and correct.

<div align="right">

/s/ *Michael G. Strapp*
Michael G. Strapp

Executed this 16th day of October 2018
in Boston, Massachusetts

</div>

EAST\161203731.1

# Exhibit A

## Race-Moore, Kara

| | |
|---|---|
| **From:** | Rho, Jennifer <JRho@gibsondunn.com> |
| **Sent:** | Monday, August 20, 2018 4:45 PM |
| **To:** | Biggs, Brian; Kraft, Denise; Strapp, Michael G.; Ghassab, Yasmin; Lange, Kris; Bifano, Larissa |
| **Cc:** | POTTERANDERSON:Dave Moore; Palapura, Bindu; Lyon, H. Mark; Hsin, Y. Ernest; Andrea, Brian |
| **Subject:** | Citrix Systems, Inc. v. Workspot, Inc. (C.A. No. 18-588-LPS) |

**[EXTERNAL MESSAGE]**

Counsel,

Pursuant to section 11 of the Protective Order, we notify you that we have learned that certain Citrix information produced as Highly Confidential under the Protective Order was inadvertently not redacted in a draft of the Preliminary Injunction Opposition Brief provided to our client, and that we have used our best efforts to retrieve all copies of such draft and/or ensure their destruction.  Specifically, the following excerpts of a few provisions of the Microsoft-Citrix license – and not a copy of the license itself – were inadvertently not redacted:



The draft was provided only to Amitabh Sinha and Puneet Chawla, both of whom, upon notice from counsel, have destroyed the copy provided to them and confirmed that they did not provide the draft to anyone else.  Mr. Sinha and Mr. Chawla have both agreed to hold the information as highly confidential and will not share it with anyone else.  We have also provided them with the Protective Order for their review.  Given the limited scope and nature of the inadvertently-disclosed information at issue,  we believe that Mr. Sinha and Mr. Chawla can each sign an Acknowledgment and Agreement to be Bound by the Protective Order under the following terms: (1) their Acknowledgment and Agreement to be Bound is limited to the inadvertently-disclosed license information; and (2) section 7.2 of the Protective Order will not apply to them.

Please confirm that Mr. Sinha and Mr. Chawla may sign the Acknowledgment and Agreement to be Bound by the Protective Order under these terms, and we will provide you with copies of their signed documents as soon as possible.

Best regards,
Jennifer


**Jennifer J. Rho**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7103 • Fax +1 213.229.6103
JRho@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

# Exhibit B

| | |
|---|---|
| **From:** | Biggs, Brian |
| **Sent:** | Wednesday, August 22, 2018 9:55 PM |
| **To:** | Rho, Jennifer; Kraft, Denise; Strapp, Michael G.; Ghassab, Yasmin; Lange, Kris; Bifano, Larissa |
| **Cc:** | POTTERANDERSON:Dave Moore; Palapura, Bindu; Lyon, H. Mark; Hsin, Y. Ernest; Andrea, Brian |
| **Subject:** | RE: Citrix Systems, Inc. v. Workspot, Inc. (C.A. No. 18-588-LPS) |

Jennifer,

Thank you for bringing this to our attention, and we appreciate your compliance with the Protective Order. Please do have Messrs. Sinha and Chawla sign the Acknowledgement and Agreement to Be Bound as required by Paragraph 11.

But both Messrs. Sinha and Chawla are bound by the parties' agreed-to protective order, including the prosecution bar in paragraph 7.2. The language is unequivocal: "Absent written consent from the Producing Party, any individual who receives information designated "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" . . . shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the patents-in-suit." Messrs. Sinha and Chawla received information designated Highly-Confidential-AEO, so they are bound. Citrix does not consent to their being involved in patent prosecution, particularly given the highly sensitive nature of the information shared and their executive-level positions at Workspot. There are surely others at Workspot who can handle patent prosecution, as defined in the protective order, for the limited period of time.

Moreover, since Messrs. Sinha and Chawla received highly sensitive competitive information regarding the relationship between Citrix and Microsoft, Workspot, Mr. Sinha, and Mr. Chawla must stipulate to protect against the misuse of this information. Messrs. Sinha and Chawla are competitive decision-makers, and by receiving the terms of Citrix's agreement with Microsoft, they now have an unfair competitive advantage in discussions with a key partner of both Workspot and Citrix: Microsoft. And, as we have discussed in the context of the discovery dispute briefing, where Workspot seeks to gain irrelevant, highly sensitive competitive information, "[i]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so." *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). Now that Messrs. Sinha and Chawla have this highly-sensitive, competitive information about the relationship with Microsoft and Citrix, they should not be permitted to engage with Microsoft on behalf of Workspot in any capacity for the pendency of this litigation. The scope of the disclosure is irrelevant; they received highly sensitive, competitive information that Messrs. Sinha and Chawla can use to Workspot's benefit and Citrix's detriment, despite any assurance they can make to the contrary. Please confirm that Workspot, Mr. Sinha, and Mr. Chawla will agree, and we will prepare a draft stipulation.

Best regards,

Brian

---

**From:** Rho, Jennifer <JRho@gibsondunn.com>
**Sent:** Monday, August 20, 2018 4:45 PM
**To:** Biggs, Brian <Brian.Biggs@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Strapp, Michael G. <Michael.Strapp@dlapiper.com>; Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com>; Lange, Kris <Kris.Lange@dlapiper.com>; Bifano, Larissa <Larissa.Bifano@dlapiper.com>
**Cc:** POTTERANDERSON:Dave Moore <dmoore@potteranderson.com>; Palapura, Bindu <bpalapura@potteranderson.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Hsin, Y. Ernest

<EHsin@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Subject:** Citrix Systems, Inc. v. Workspot, Inc. (C.A. No. 18-588-LPS)

**[EXTERNAL MESSAGE]**

Counsel,

Pursuant to section 11 of the Protective Order, we notify you that we have learned that certain Citrix information produced as Highly Confidential under the Protective Order was inadvertently not redacted in a draft of the Preliminary Injunction Opposition Brief provided to our client, and that we have used our best efforts to retrieve all copies of such draft and/or ensure their destruction. Specifically, the following excerpts of a few provisions of the Microsoft-Citrix license – and not a copy of the license itself – were inadvertently not redacted:



The draft was provided only to Amitabh Sinha and Puneet Chawla, both of whom, upon notice from counsel, have destroyed the copy provided to them and confirmed that they did not provide the draft to anyone else. Mr. Sinha and Mr. Chawla have both agreed to hold the information as highly confidential and will not share it with anyone else. We have also provided them with the Protective Order for their review. Given the limited scope and nature of the inadvertently-disclosed information at issue, we believe that Mr. Sinha and Mr. Chawla can each sign an Acknowledgment and Agreement to be Bound by the Protective Order under the following terms: (1) their Acknowledgment and Agreement to be Bound is limited to the inadvertently-disclosed license information; and (2) section 7.2 of the Protective Order will not apply to them.

Please confirm that Mr. Sinha and Mr. Chawla may sign the Acknowledgment and Agreement to be Bound by the Protective Order under these terms, and we will provide you with copies of their signed documents as soon as possible.

Best regards,
Jennifer

**Jennifer J. Rho**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7103 • Fax +1 213.229.6103
JRho@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

# Exhibit C

## Race-Moore, Kara

| | |
|---|---|
| **From:** | Rho, Jennifer <JRho@gibsondunn.com> |
| **Sent:** | Friday, August 24, 2018 2:18 PM |
| **To:** | Biggs, Brian; Kraft, Denise; Strapp, Michael G.; Ghassab, Yasmin; Lange, Kris; Bifano, Larissa |
| **Cc:** | POTTERANDERSON:Dave Moore; Palapura, Bindu; Lyon, H. Mark; Hsin, Y. Ernest; Andrea, Brian |
| **Subject:** | RE: Citrix Systems, Inc. v. Workspot, Inc. (C.A. No. 18-588-LPS) |

[EXTERNAL MESSAGE]

Brian,

I write in response to your emails of August 22 and August 23.  We are unavailable at the specified time on Monday, but are available for a meet and confer anytime after 9am PT on Wednesday to discuss Citrix's response to Interrogatory No. 6, Workspot's document production, and Workspot's inadvertent disclosure of information to Mr. Sinha and Mr. Chawla – and the motion for modification of the Protective Order that Workspot intends to make in light of your response.

With respect to the last issue, as I explained in my email, Mr. Sinha and Mr. Chawla are willing to sign the Acknowledgement of the Protective Order with the conditions set forth in my email.  However, we disagree with your contention that Mr. Sinha and Mr. Chawla should be subjected to the prosecution bar in light of the nature of the information at issue, which addresses subject matter that is covered by a third party license and would not be patentable by Workspot – and therefore would not affect the nature of what Workspot can patent.  This was not technical information – about either Citrix or Workspot's products – that could be used by Workspot to draft patent applications that target Citrix's products as infringing Workspot's patents.  And it is such technical information that is the subject of a patent prosecution bar, to avoid a scenario of increasing the likelihood of a patent reading on a product – not licensing information.

Furthermore, as  you are well aware, Workspot is a small company with few employees, and we disagree that others at Workspot could handle patent prosecution for the length of the litigation - or discussions between Microsoft and Workspot "in any capacity".  We disagree that it is appropriate for Citrix to seek to leverage this inadvertent disclosure in this manner, or that the terms of a license signed over 20 years ago would provide an unfair competitive advantage that would justify the demand that Citrix is making.  Indeed, much of the information at issue is essentially public already; Microsoft, for example, published a press release that disclosed, among other information:



Accordingly, and in light of your position, as noted above, Workspot intends to move the Court for a modification of the Protective Order with respect to Mr. Sinha and Mr. Chawla, to permit them to sign the Protective Order Acknowledgment under the conditions set forth below.

Best regards,

Jennifer

**Jennifer J. Rho**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7103 • Fax +1 213.229.6103
JRho@gibsondunn.com • www.gibsondunn.com

---

**From:** Biggs, Brian <Brian.Biggs@dlapiper.com>
**Sent:** Wednesday, August 22, 2018 6:55 PM
**To:** Rho, Jennifer <JRho@gibsondunn.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Strapp, Michael G. <Michael.Strapp@dlapiper.com>; Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com>; Lange, Kris <Kris.Lange@dlapiper.com>; Bifano, Larissa <Larissa.Bifano@dlapiper.com>
**Cc:** POTTERANDERSON:Dave Moore <dmoore@potteranderson.com>; Palapura, Bindu <bpalapura@potteranderson.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Hsin, Y. Ernest <EHsin@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. (C.A. No. 18-588-LPS)

[External Email]
Jennifer,

Thank you for bringing this to our attention, and we appreciate your compliance with the Protective Order.  Please do have Messrs. Sinha and Chawla sign the Acknowledgement and Agreement to Be Bound as required by Paragraph 11.

But both Messrs. Sinha and Chawla are bound by the parties' agreed-to protective order, including the prosecution bar in paragraph 7.2.  The language is unequivocal:  "Absent written consent from the Producing Party, any individual who receives information designated "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" . . .  shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the patents-in-suit."  Messrs. Sinha and Chawla received information designated Highly-Confidential-AEO, so they are bound.  Citrix does not consent to their being involved in patent prosecution, particularly given the highly sensitive nature of the information shared and their executive-level positions at Workspot.  There are surely others at Workspot who can handle patent prosecution, as defined in the protective order, for the limited period of time.

Moreover, since Messrs. Sinha and Chawla received highly sensitive competitive information regarding the relationship between Citrix and Microsoft, Workspot, Mr. Sinha, and Mr. Chawla must stipulate to protect against the misuse of this information.  Messrs. Sinha and Chawla are competitive decision-makers, and by receiving the terms of Citrix's agreement with Microsoft, they now have an unfair competitive advantage in discussions with a key partner of both Workspot and Citrix: Microsoft.  And, as we have discussed in the context of the discovery dispute briefing, where Workspot seeks to gain irrelevant, highly sensitive competitive information, "[i]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so." *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010).  Now that Messrs. Sinha and Chawla have this highly-sensitive, competitive information about the relationship with Microsoft and Citrix, they should not be permitted to engage with Microsoft on behalf of Workspot in any capacity for the pendency of this litigation.  The scope of the disclosure is irrelevant; they received highly sensitive, competitive information that Messrs. Sinha and Chawla can use to Workspot's benefit and Citrix's detriment, despite any assurance they can make to the contrary.  Please confirm that Workspot, Mr. Sinha, and Mr. Chawla will agree, and we will prepare a draft stipulation.

Best regards,

Brian

---

**From:** Rho, Jennifer <JRho@gibsondunn.com>
**Sent:** Monday, August 20, 2018 4:45 PM
**To:** Biggs, Brian <Brian.Biggs@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Strapp, Michael G. <Michael.Strapp@dlapiper.com>; Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com>; Lange, Kris <Kris.Lange@dlapiper.com>; Bifano, Larissa <Larissa.Bifano@dlapiper.com>
**Cc:** POTTERANDERSON:Dave Moore <dmoore@potteranderson.com>; Palapura, Bindu <bpalapura@potteranderson.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Hsin, Y. Ernest <EHsin@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>
**Subject:** Citrix Systems, Inc. v. Workspot, Inc. (C.A. No. 18-588-LPS)

**[EXTERNAL MESSAGE]**

Counsel,

Pursuant to section 11 of the Protective Order, we notify you that we have learned that certain Citrix information produced as Highly Confidential under the Protective Order was inadvertently not redacted in a draft of the Preliminary Injunction Opposition Brief provided to our client, and that we have used our best efforts to retrieve all copies of such draft and/or ensure their destruction. Specifically, the following excerpts of a few provisions of the Microsoft-Citrix license – and not a copy of the license itself – were inadvertently not redacted:



The draft was provided only to Amitabh Sinha and Puneet Chawla, both of whom, upon notice from counsel, have destroyed the copy provided to them and confirmed that they did not provide the draft to anyone else. Mr. Sinha and Mr. Chawla have both agreed to hold the information as highly confidential and will not share it with anyone else. We have also provided them with the Protective Order for their review. Given the limited scope and nature of the inadvertently-disclosed information at issue, we believe that Mr. Sinha and Mr. Chawla can each sign an Acknowledgment and Agreement to be Bound by the Protective Order under the following terms: (1) their Acknowledgment and Agreement to be Bound is limited to the inadvertently-disclosed license information; and (2) section 7.2 of the Protective Order will not apply to them.

Please confirm that Mr. Sinha and Mr. Chawla may sign the Acknowledgment and Agreement to be Bound by the Protective Order under these terms, and we will provide you with copies of their signed documents as soon as possible.

Best regards,
Jennifer

**Jennifer J. Rho**

<span style="color:#5b8ed6">GIBSON DUNN</span>

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7103 • Fax +1 213.229.6103
JRho@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

# EXHIBIT D

# REDACTED IN ITS ENTIRETY

# EXHIBIT E

# REDACTED IN ITS ENTIRETY

# Exhibit F

**Race-Moore, Kara**

---

| | |
|---|---|
| **From:** | fab9c0+2cmtfrp8rsv4@guerrillamail.com |
| **Sent:** | Tuesday, October 09, 2018 11:07 PM |
| **To:** | ███████████████ |
| **Subject:** | Emails leaked to take revenge |

What will happen to your career if your emails are leaked?

Emails to dheeraj at nutanix?
Emails to brad at Microsoft?
Emails to templeton to discuss internal issues?

You will get a thanksgiving present this year!

----
Sent using Guerrillamail.com
Block or report abuse: https://secure-web.cisco.com/1pdbx1HBZCZVEYqqVchXc652IjOfk3NgmcSmBbC9gLkTJe2CyEmRrsZibuV9kbrPcAnjnZkdXOwgl75d_xZFr2YGENs1lTCVNTxp-HMqBSS5o4DiWkOajxFfIYfxNmIsgUUzVT6rUWNswQjzwVMGyqbsN3Wc7Ryoa6irTaea4cSNmF9F957jz_FB4Tl4-0TCYNApkpFxcNAr1a8WCFOrvTLhJctJLJM193CEYEt1Uwm3WSAC6c5red6Q80x5LWXrUa5vqMqoAChzIyV2GLFUChQ/https%3A%2F%2Fwww.guerrillamail.com%2F%2Fabuse%2F%3Fa%3DZUBiDAlOS7Ebmwa1%252FHI%252FcR3TX8OInNRfyg%253D%253D

# Exhibit G

| | |
|---|---|
| **From:** | famtkf+5g76ils4mzc0mqeswqhvqk@guerrillamail.com |
| **Sent:** | Wednesday, October 10, 2018 11:00 AM |
| **To:** | ███████████████ |
| **Subject:** | Patent trolls |

https://www.zdnet.com/google-amp/article/microsoft-open-sources-its-entire-patent-portfolio

DH: your career will end in 2 months! Your emails are out in the dark web.

It's coming out as a thanksgiving gift!

----
Sent using Guerrillamail.com
Block or report abuse: https://secure-web.cisco.com/1bWQh7vSxFfATLFvKfruFCGiyE-T4Cus-
ZpPZEHp3Cv8h1xYk2uOSLEZBEqsGy2sC1tsVOt8iTAZyLRro7GXvYXkX30uFm5uQB1vTPmb_ZqpTyf3Xh96rXkMKtZcJhCJkat1
LQl1ysVvScKqhsHB6Tk9nN_Ziy-7bB9TIsqgqznL_avjtwlFLeqBNboy2shVN-C4yWyKWOLSr9hNmeDKVgSO2x7X1-
vmO4CiCrx7jzytl7PoPSJtvDcBscDdjiC3x9NJtV1tWLsh9hbRIub5ydQ/https%3A%2F%2Fwww.guerrillamail.com%2F%2Fabu
se%2F%3Fa%3DZUBiDAlOS7Ebmwa1%252FHI%252FcR3TX8OInNRfyg%253D%253D

# Exhibit H

## Race-Moore, Kara

**From:** famtkf+5g76ils4mzc0mqeswqhvqk@guerrillamail.com
**Sent:** Wednesday, October 10, 2018 11:05 AM
**To:**
**Subject:** Emails leaked

Citrix email thread discussing legal patent cases have been leaked

----
Sent using Guerrillamail.com
Block or report abuse: https://secure-web.cisco.com/1Z2b6DIWg29H59Z3GDarw96fZUxNw2CpSsQMjVuez3YnHiLUFvNoR_FYoPqnhgCCEqjqbE_xHKdBxeNUt3li
pYQN_XNEpf-
r8OaSnXZAE0pCzHXoBNzjBfVMVce5aZQznfR5XLai4NL5gSysweYCnNuZIRslS31vEyFtMQu1rkuCWyUsl2pSC7iCCnm59jvak-
0pHL8-
vnG8q6jKtYmUTIWYF1Jg5HasMKGpXF4xmAJHI0dQ4Pj3wVSCsa3ZYzptM/https%3A%2F%2Fwww.guerrillamail.com%2F%
2Fabuse%2F%3Fa%3Da1R1C0MSSqIQmg%252BU83cLYB3fA8mf3w%253D%253D

# Exhibit I

**Race-Moore, Kara**

**From:**          fann98+3gku7y2c5g23507f8w@guerrillamail.com
**Sent:**          Wednesday, October 10, 2018 1:56 PM
**To:**            ███████████████████
**Subject:**       email leaks

Looks like some email conversations discussing Frame and Workspot got leaked. We are hearing rumors that brianmadden.com is planning to publish those in the next month. VMware is helping push it.

----
Sent using Guerrillamail.com
Block or report abuse:
https://www.guerrillamail.com//abuse/?a=RUBiDAlOS7Ebmwa1%2FHI%2FcR3TX8OInNRfyg%3D%3D

# Exhibit J

**Race-Moore, Kara**

| | |
|---|---|
| **From:** | fatl1m+3doeneefgoww@guerrillamail.com |
| **Sent:** | Wednesday, October 10, 2018 8:23 PM |
| **To:** | ██████████████████████ |
| **Subject:** | Sorry |

Our emails have leaked.

----
Sent using Guerrillamail.com
Block or report abuse:
https://www.guerrillamail.com//abuse/?a=ZUBiDAlOS7Ebmwa1%2FHI%2FcR3TX8OInNRfyg%3D%3D

# Exhibit K

**Race-Moore, Kara**

**From:**          fb02ji+2py3gfitiw@guerrillamail.com
**Sent:**          Thursday, October 11, 2018 3:04 AM
**To:**            ██████████████
**Subject:**       Cloud innovation

Do you track where you are getting new ideas from? Looks like you are copying everything these days. DaaS is also an original idea?

You can work with legal but at the end you will have your face burried in shyt!


----
Sent using Guerrillamail.com
Block or report abuse: https://www.guerrillamail.com//abuse/?a=a1R1C0MSSqIQmg%2BU83cLYB3fA8mf3w%3D%3D

# Exhibit L





# Exhibit M



# Exhibit N

**Race-Moore, Kara**

| | |
|---|---|
| **From:** | fbc7af+rb2f4d097u7vxv@guerrillamail.com |
| **Sent:** | Thursday, October 11, 2018 3:37 PM |
| **To:** | ███████████████ |
| **Subject:** | Emails leaked |

You are done as the CEO. Look at this sample email!

https://pastebin.com/embed_js/TjvvNcZ8

----
Sent using Guerrillamail.com
Block or report abuse:
https://www.guerrillamail.com//abuse/?a=RUBiDAlOS7Ebmwa1%2FHI%2FcR3TX8OInNRfyg%3D%3D

# Exhibit O

**Race-Moore, Kara**

| | |
|---|---|
| **From:** | fbc7af+rb2f4d097u7vxv@guerrillamail.com |
| **Sent:** | Thursday, October 11, 2018 3:39 PM |
| **To:** | █████████████ |
| **Subject:** | Check this email |

Ethical?
https://pastebin.com/embed_js/TjvvNcZ8

----
Sent using Guerrillamail.com
Block or report abuse: https://www.guerrillamail.com//abuse/?a=S1R1C0MSSqIQmg%2BU83cLYB3fA8mf3w%3D%3D

# EXHIBIT P



Sponsored
▷ AdChoices

Print

# Puneet S Chawla

Sponsored Ads

Puneet S Chawla

» Get A Background Check
» Get Email and Social Info
» Check Criminal Records

» Get Addresses History for Puneet S Chawla     » Find More Information for Puneet S Chawla

Get a Detailed Property Report

Sponsored Ads

Puneet S Chawla

» Find More on Puneet S Chawla
» Get a Detailed Background Report

**Not who you're looking for?**

» P S Chawla

» Try Intelius for more results

© 2015 Microsoft Corporation © 2015 HERE

Addresses.com is a leading provider of public data about people and their connections to others. Addresses.com
does not provide consumer reports and is not a consumer reporting agency as defined by the Fair Credit
Reporting Act (FCRA). This site should not be used to determine an individual's eligibility for credit, insurance,
employment, housing or any other purpose covered by the FCRA. Please visit GoodH ▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮.

White Pages  |  Yellow Pages  |  Reverse Phone  |  Zip Code  |  Reverse Address  |  Help  |  Site Map

Privacy Policy  |  Terms of Service

© 2001 - 2018 PeopleConnect, Inc. d/b/a  Addresses.com . All Rights Reserved.

# EXHIBIT Q



(/)

**NAME**    **PHONE**    **BACKGROUND CHECK**    **MORE** ▾

| Puneet | *M.I.* | Chawla | Fremont, CA |



# Search results for Puneet Chawla in Fremont, CA

## We found **Puneet S. Chawla** ()!



**Address History**
Fremont, CA
Sunnyvale, CA
Redwood City, CA
Cupertino, CA
Palo Alto, CA
Gainesville, FL

**Worked At**
Workspot Inc
Aricent Inc
Vmware, Inc.
Helpshift Inc
Stealth Mode Star

View all

**Get the Information You Need on Puneet S. Chawla**

**Intelius reports include some or all of the following**

- Full Name
- Age & Date of Birth
- Address
- Address History
- Phone Numbers
- Aliases

- Relatives
- Neighbors
- Email Address(es)
- Social Networks
- Property Records
- Marriage & Divorce

- Crim
- Banl
- Lien:
- Judg
- Laws

## Not the right person? Search again:

First Name

Puneet

M.I.

Last Name required

Chawla

City and/or State

Fremont, CA

## Receive special offers:

Sign up for special offers
and more:

Your email address

Intelius is a leading provider of public data about people and their connections to others. Intelius does not provide consumer reports and is not a consumer reporting agency as defined by the Fair Credit Reporting Act (FCRA). This site should not be used to determine an individual's eligibility for credit, insurance, employment, housing or any other purpose covered by the FCRA. Please visit GoodHire (https://www.goodhire.com/) for all your employment screening needs.



Intelius helps you live in the know
with instant people search,

About Us
(http://www.peopleconnect.us/about)

People Directory
(http://www.peopleconnect.us/sitemap/index.html)

**Stay Connected With Us**

background check, and reverse phone lookup results. Find people or do a reverse lookup the fast, easy way!

Careers (http://www.peopleconnect.us/careers)

Contact Us (/emailcontact)

Site Map (/site-map)

Phone Directory (/phone/)

Help (//intelius.zendesk.com/hc/en-us)

Blog (/blog)

About Our Reports

(http://www.facebook.com/intelius)

 (http://twitter.com/intelius)

# Exhibit R



# Exhibit S

| From: | Strapp, Michael G. |
|---|---|
| Sent: | Tuesday, July 03, 2018 5:42 PM |
| To: | Hsin, Y. Ernest; POTTERANDERSON:Dave Moore |
| Cc: | Palapura, Bindu; OByrne, Stephanie E; Lyon, H. Mark; Buroker, Brian M.; Andrea, Brian; Biggs, Brian; Kraft, Denise; Park, Larissa; Lange, Kris; Ghassab, Yasmin; Kresh, Joshua; Michaels, Megan; Souza, Mary Ann |
| Subject: | RE: Citrix v. Workspot -- Initial Disclosure of Custodians and Search Terms for Email Production |

Ernie,

Set out below is Citrix's initial disclosure of 3 Citrix custodians and 5 search terms in connection with the parties' email collection and production.

Custodians
1. Christopher Fleck
2. Calvin Hsu
3. Nabeel Youakim

Search Terms
1. Workspot
2. "Amitabh Sinha" OR "Brad Peterson" OR "Jimmy Chang" OR "Prasad Krothapalli" OR "Harry Labana"
3. "Cloud Apps" OR "Cloud Desktops" OR "Cloud Workstations"
4. "VDI 1.0" OR "VDI 2.0" OR "DaaS 1.0" OR "DaaS 2.0"
5. (("roll-out" OR install OR upgrade OR setup) within/3 time) within/25 Xen*)

We do not intend for these search terms to be case-sensitive.

Regards,

Michael

**Michael Strapp**
Partner

T +1 617.406.6031
F +1 617.406.6100
M +1 917.518.3828
E michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

From: Hsin, Y. Ernest <EHsin@gibsondunn.com>
Sent: Tuesday, July 3, 2018 1:42 PM
To: Strapp, Michael G. <Michael.Strapp@dlapiper.com>; POTTERANDERSON:Dave Moore

&lt;dmoore@potteranderson.com&gt;
Cc: Palapura, Bindu &lt;bpalapura@potteranderson.com&gt;; OByrne, Stephanie E. &lt;sobyrne@potteranderson.com&gt;; Lyon, H. Mark &lt;MLyon@gibsondunn.com&gt;; Buroker, Brian M. &lt;BBuroker@gibsondunn.com&gt;; Andrea, Brian &lt;BAndrea@gibsondunn.com&gt;; Biggs, Brian &lt;Brian.Biggs@dlapiper.com&gt;; Kraft, Denise &lt;denise.kraft@dlapiper.com&gt;; Park, Larissa &lt;Larissa.Park@dlapiper.com&gt;; Lange, Kris &lt;Kris.Lange@dlapiper.com&gt;; Ghassab, Yasmin &lt;Yasmin.Ghassab@dlapiper.com&gt;; Kresh, Joshua &lt;Joshua.Kresh@dlapiper.com&gt;; Michaels, Megan &lt;Megan.Michaels@dlapiper.com&gt;; Souza, Mary Ann &lt;MaryAnn.Souza@dlapiper.com&gt;
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

[EXTERNAL MESSAGE]

Michael,

We will plan to proceed with the schedule set forth in your email this morning.

Regards,

Ernie

---

From: Strapp, Michael G. &lt;Michael.Strapp@dlapiper.com&gt;
Sent: Tuesday, July 3, 2018 4:39 AM
To: Hsin, Y. Ernest &lt;EHsin@gibsondunn.com&gt;; POTTERANDERSON:Dave Moore &lt;dmoore@potteranderson.com&gt;
Cc: Palapura, Bindu &lt;bpalapura@potteranderson.com&gt;; OByrne, Stephanie E. &lt;sobyrne@potteranderson.com&gt;; Lyon, H. Mark &lt;MLyon@gibsondunn.com&gt;; Buroker, Brian M. &lt;BBuroker@gibsondunn.com&gt;; Andrea, Brian &lt;BAndrea@gibsondunn.com&gt;; Biggs, Brian &lt;Brian.Biggs@dlapiper.com&gt;; Kraft, Denise &lt;denise.kraft@dlapiper.com&gt;; Park, Larissa &lt;Larissa.Park@dlapiper.com&gt;; Lange, Kris &lt;Kris.Lange@dlapiper.com&gt;; Ghassab, Yasmin &lt;Yasmin.Ghassab@dlapiper.com&gt;; Kresh, Joshua &lt;Joshua.Kresh@dlapiper.com&gt;; Michaels, Megan &lt;Megan.Michaels@dlapiper.com&gt;; Souza, Mary Ann &lt;MaryAnn.Souza@dlapiper.com&gt;
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

Ernie,

We will plan to proceed with the following schedule regarding email production pending confirmation from Workspot:

> Today by 7 pm Eastern - Parties exchange 3 custodians and 5 search terms designed to capture emails responsive to other side's discovery requests.
> Thursday, July 5 by 7 pm Eastern - Parties exchange 2 additional custodians and 2 additional search terms that the other side will also need to use when searching emails.
> Monday, July 9 by 7 pm Eastern – Parties to report back to each other if volume of emails responsive to search terms is unreasonably large, in which case parties will meet and confer as soon as possible to discuss potential modification to search terms.
> Friday, July 13 by 7 pm Eastern – Parties complete email production.

Please confirm as soon as you can today that Workspot will proceed as set out above.

Regards,

Michael

From: Hsin, Y. Ernest <EHsin@gibsondunn.com>
Sent: Monday, July 2, 2018 6:31 PM
To: Strapp, Michael G. <Michael.Strapp@dlapiper.com>; POTTERANDERSON:Dave Moore
<dmoore@potteranderson.com>
Cc: Palapura, Bindu <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>; Lyon, H.
Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Andrea, Brian
<BAndrea@gibsondunn.com>; Biggs, Brian <Brian.Biggs@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>;
Park, Larissa <Larissa.Park@dlapiper.com>; Lange, Kris <Kris.Lange@dlapiper.com>; Ghassab, Yasmin
<Yasmin.Ghassab@dlapiper.com>; Kresh, Joshua <Joshua.Kresh@dlapiper.com>; Michaels, Megan
<Megan.Michaels@dlapiper.com>; Souza, Mary Ann <MaryAnn.Souza@dlapiper.com>
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

[EXTERNAL MESSAGE]

Michael,

As I mentioned on our meet and confer call earlier today, we are checking with our client re: Citrix's proposal (though I
can confirm at a minimum our agreement with your first "clarification" point below).  Also, for the timing of the
exchanges (again, pending confirmation from our client on the proposed dates), we would propose having all times be
no later than 4 pm Pacific / 7 pm Eastern.

We will get back to you on the other items as soon as possible.

Regards,

Ernie


From: Strapp, Michael G. <Michael.Strapp@dlapiper.com>
Sent: Monday, July 2, 2018 8:21 AM
To: Hsin, Y. Ernest <EHsin@gibsondunn.com>; POTTERANDERSON:Dave Moore <dmoore@potteranderson.com>
Cc: Palapura, Bindu <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>; Lyon, H.
Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Andrea, Brian
<BAndrea@gibsondunn.com>; Biggs, Brian <Brian.Biggs@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>;
Park, Larissa <Larissa.Park@dlapiper.com>; Lange, Kris <Kris.Lange@dlapiper.com>; Ghassab, Yasmin
<Yasmin.Ghassab@dlapiper.com>; Kresh, Joshua <Joshua.Kresh@dlapiper.com>; Michaels, Megan
<Megan.Michaels@dlapiper.com>; Souza, Mary Ann <MaryAnn.Souza@dlapiper.com>
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

Ernie,

We accept Workspot's counter-proposal regarding email production, but want to clarify two points.

First, we assume that the parties' initial exchange of 3 custodians and 5 search terms will represent a good faith attempt
by both sides to target information responsive to the other party's discovery requests.  Accordingly, we suggest that
both parties reserve the right to object to the extent that the other party's selection of initial custodians and search
terms does not appear designed to target responsive information.

Second, with respect to the time scope for the email search, we are planning to search for, collect, and produce emails dating back 6 years before the complaint was filed through the date of the complaint (i.e. from April 19, 2012 – April 19, 2018).

We suggest that the parties proceed according to the following schedule:

> Tuesday, July 3 by 5 pm Eastern - Parties exchange 3 custodians and 5 search terms designed to capture emails responsive to other side's discovery requests.
> Thursday, July 5 by noon Eastern - Parties exchange 2 additional custodians and 2 additional search terms that the other side will also need to use when searching emails.
> Monday, July 9 by 5 pm Eastern – Parties to report back to each other if volume of emails responsive to search terms is unreasonably large, in which case parties will meet and confer as soon as possible to discuss potential modification to search terms.
> Friday, July 13 by 5 pm Eastern – Parties complete email production.

Please let us know if these points of clarification and the proposed schedule are acceptable to Workspot.

On a separate point, Citrix agrees to Workspot's compromise proposal regarding its response to Citrix RFP 5 for purposes of Workspot's response to discovery during the PI Proceedings.

Regards,

Michael

---

From: Hsin, Y. Ernest <EHsin@gibsondunn.com>
Sent: Friday, June 29, 2018 5:33 PM
To: Strapp, Michael G. <Michael.Strapp@dlapiper.com>; POTTERANDERSON:Dave Moore <dmoore@potteranderson.com>
Cc: Palapura, Bindu <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; Biggs, Brian <Brian.Biggs@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Park, Larissa <Larissa.Park@dlapiper.com>; Lange, Kris <Kris.Lange@dlapiper.com>; Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com>; Kresh, Joshua <Joshua.Kresh@dlapiper.com>; Michaels, Megan <Megan.Michaels@dlapiper.com>; Souza, Mary Ann <MaryAnn.Souza@dlapiper.com>
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

[EXTERNAL MESSAGE]

Michael,

With respect to the items for which we owed you a response:

> Procedure for email production:  We are getting final client confirmation, but our counter-proposal is that the parties initially exchange 3 custodians and 5 search terms, and then the other side would get to add the 2 additional custodians and 2 search terms, as you suggested.  So the total would be 5 custodians and 7 search terms (instead of 7 and 7).  We would follow the rest of your proposed procedure.

> Citrix's RFP No. 5:  Workspot still does not see the relevance of Workspot's costs and profits to this PI proceeding, so intends to stand on its objections.  As a compromise, however, Workspot is willing to produce

non-privileged documents concerning its offers for sale and solicitations of customers, to the extent they exist and can be located after a reasonable search. Please let us know if this resolves things for RFP No. 5.

We are available on Monday at 1:00 pm Pacific to discuss logistics and tools for source code inspection.

Regards,

Ernie

---

From: Strapp, Michael G. <Michael.Strapp@dlapiper.com>
Sent: Friday, June 29, 2018 2:30 PM
To: Hsin, Y. Ernest <EHsin@gibsondunn.com>; POTTERANDERSON:Dave Moore <dmoore@potteranderson.com>
Cc: Palapura, Bindu <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; Biggs, Brian <Brian.Biggs@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Park, Larissa <Larissa.Park@dlapiper.com>; Lange, Kris <Kris.Lange@dlapiper.com>; Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com>; Kresh, Joshua <Joshua.Kresh@dlapiper.com>; Michaels, Megan <Megan.Michaels@dlapiper.com>; Souza, Mary Ann <MaryAnn.Souza@dlapiper.com>
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

Counsel,

As a follow-up to certain issues below:

> As Joshua Kresh noted in an email earlier today, we'd like to schedule a meet-and-confer for Monday regarding logistics and software tools for review of Workspot source code. Please let us know your availability.
> Please let us know as soon as possible if the protocol we've proposed for email custodians and search terms is acceptable to Workspot.
> Please provide us with Workspot's position regarding its objections to Citrix RFP 5.
> Citrix is willing to expand the scope of information it will search for and provide responsive to Interrogatories Nos. 1-3 to December 2013, the first month during which Workspot recorded any revenue.

Regards,

Michael

Michael Strapp
Partner

T +1 617.406.6031
F +1 617.406.6100
M +1 917.518.3828
E michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

From: Strapp, Michael G.
Sent: Thursday, June 28, 2018 9:04 AM
To: 'Hsin, Y. Ernest'; POTTERANDERSON:Dave Moore
Cc: Palapura, Bindu; OByrne, Stephanie E.; Lyon, H. Mark; Buroker, Brian M.; Andrea, Brian; Biggs, Brian; Kraft, Denise; Park, Larissa; Lange, Kris; Ghassab, Yasmin; Kresh, Joshua; Michaels, Megan; Souza, Mary Ann
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

Workspot Counsel:

Set out below is a summary of the meet-and-confer we had yesterday.  As we discussed at the end of our call yesterday, let's plan to be in touch before the end of the day tomorrow regarding the several open items below.

<u>Citrix Issues</u>

Location and logistics for the review of Workspot's source code;
Workspot confirmed that its source code will be made available at Gibson Dunn's Palo Alto office for review.  The parties will coordinate regarding logistics for the review.

Exchanging custodians and search terms for the collection and production of emails;
Citrix proposed that the parties exchange 5 proposed custodians and 5 search terms for searching through their own emails.  After that initial exchange, each party would then propose to the other side 2 additional custodians and 2 additional search terms to add for the other party's email search.  The parties would then each run searches through emails for 7 custodians per side using 7 search terms and would report back to the other side regarding the volume of the search results.  If the volume was of a manageable size, the parties would then review their own sets of emails and produce the non-privileged emails responsive to the other party's discovery requests.  If the volume of hits responsive to the search terms was unreasonably large, the parties would meet and confer to agree upon more targeted search terms.
We did not discuss the time scope for this search, but since Workspot has proposed that six years is an appropriate scope with respect to several other discovery requests, Citrix suggests that that same 6 year time scope apply to the collection of emails.

Workspot's over-designation of all of its interrogatory responses as "Confidential";
In its supplemental interrogatory responses, Workspot agreed to de-designate its responses to Citrix Interrogatories 3-5 as non-confidential.

Workspot's refusal to produce cost and profit information and information concerning its offers for sale and solicitations of customers for its Accused Products in response to Citrix RFP 5;
Citrix explained the relevance of the information that Workspot has thus far refused to produce.  Workspot agreed to re-consider its objections and responses to Citrix RFP 5 and to inform Citrix whether it will produce cost and profit information and information concerning its offers for sale and solicitations of customers for its Accused Products.

Workspot's refusal to produce emails responsive to Citrix RFPs 11 and 14-16.
Workspot confirmed that once the parties have agreed on a protocol for the collection and production of emails, it will produce emails responsive to Citrix RFPs 11 and 14-16.

<u>Workspot Issues</u>

Citrix's objection to email production
See above regarding Citrix's proposal for the collection and production of emails.

Citrix's failure to identify documents in response to Interrogatory Nos. 1-3 pursuant to Rule 33(d)

> Citrix confirmed that it will supplement its responses to Interrogatory Nos. 1-3 pursuant to Rule 33(d) and that it will endeavor to provide supplemental responses by this Friday.

Citrix's limitations of its responses to Interrogatory Nos. 1-3 to information from the past 3 years

> Workspot explained why its position is that Citrix should provide information responsive to Interrogatory Nos. 1-3 from the past 6 years. Citrix agreed to re-consider whether it would provide information from the past 6 years instead of just the past 3 years.

Citrix's objection to the term "market" as vague and ambiguous (Rog 1; RFPs 15 and 17)

> Workspot insisted that it is Citrix's obligation as an initial matter to define the "market" within which the parties compete. While Citrix did not agree with Workspot's contention, it did confirm that it is not withholding discovery based on its objection to the term "market" as vague and ambiguous.

Citrix's objection to the term "roll-out time" as vague (Rog 3 and RFP 18)

> Workspot explained that the term "roll-out time" should not be vague as it is a term that was used in Citrix's PI brief. Citrix confirmed it is not withholding discovery based on its objection to the term "roll-out time" as vague.

Citrix's limitation of its response to Interrogatory No. 2 to documents sufficient to show which small or medium sized businesses were current or former customers of Citrix's Virtualization Solutions

> Citrix explained that it is collecting, and either has produced or will produce, the documents it has in its possession that reflect its customers for Virtualization Solutions, along with information regarding roll-out times for those customers, and complaints about roll-out times. Citrix also explained that it does not categorize its customers as small or medium sized businesses, nor does it necessarily have roll-out time information regarding each of its customers. Nonetheless, Citrix agreed to collect and produce the information it does have and to supplement this interrogatory response pursuant to Rule 33(d).

Citrix's limitation of its response to Interrogatory No. 3 to complaints made during the past three years that the roll out time was too long

> See above regarding Citrix's limitations of its responses to Interrogatory Nos. 1-3 to information from the past 3 years.

Citrix's request for a meet and confer on RFP 1 to discuss "a more narrowly tailored request"

> Workspot explained that it is seeking information regarding both Citrix's research and development efforts for any of the subject matter described in the Asserted Patents as well as documents concerning the conception and reduction to practice of the inventions claimed in the Asserted Patents. Workspot also insisted that it should not need to first identify prior art that it contends anticipates and/or renders obvious the Asserted Patents before Citrix produces information responsive to RFP 1. Citrix agreed to re-consider its objections and response to RFP 1.

Citrix's objection that RFP 13 is outside the scope of the claims at issue in the case

> Citrix confirmed that it is not withholding documents on the basis of its objection that RFP 13 is outside the scope of the claims at issue in the case.

Citrix's limitation of its responses to RFPs 13, 15, and 17 to documents that are not subject to third-party confidentiality restrictions

> Citrix explained that it is in the process of attempting to obtain the necessary permissions from third-parties to produce patent license agreements and market analyst reports.

Citrix's refusal to produce documents in response to RFP 16

> Citrix confirmed that it will not produce documents responsive to Workspot RFP 16.

## Depositions

The parties had a preliminary discussion regarding logistics for depositions. The depositions of Citrix witnesses will likely be held in DLA Piper's Miami office during the weeks of July 16 and July 23. Depositions of Workspot witnesses will likely be held in California, presumably in Gibson Dunn's Palo Alto office.

## Document Production

Workspot stated that its production responsive to Citrix's initial set of discovery requests is not yet complete. Workspot intends to produce files in Apple's proprietary file format that it has not yet been able to review and files that contain snippets of Workspot's source code. Workspot stated that it will produce these additional documents within the next few days.

Citrix stated that its production responsive to Workspot's initial set of discovery requests is not yet complete. As noted above, Citrix intends to produce documents that contain third-party confidentiality restrictions, but it first needs to address these restrictions with the relevant third-parties. Citrix will update Workspot to let it know whether there are any additional documents it has not yet produced but plans to produce.

Regards,

Michael

Michael Strapp
Partner

T +1 617.406.6031
F +1 617.406.6100
M +1 917.518.3828
E michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

From: Hsin, Y. Ernest [mailto:EHsin@gibsondunn.com]
Sent: Tuesday, June 26, 2018 12:18 PM
To: Strapp, Michael G.; POTTERANDERSON:Dave Moore; Kraft, Denise; Biggs, Brian
Cc: Palapura, Bindu; OByrne, Stephanie E.; Lyon, H. Mark; Buroker, Brian M.; Ghassab, Yasmin; Souza, Mary Ann; Andrea, Brian
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

[EXTERNAL MESSAGE]

---

Counsel for Citrix:

During tomorrow's meet and confer, we would like to discuss the following:

Citrix's objection to email production;
Citrix's failure to identify documents in response to Interrogatory Nos. 1-3 pursuant to Rule 33(d);
Citrix's limitations of its responses to Interrogatory Nos. 1-3 to information from the past 3 years;
Citrix's objection to the term "market" as vague and ambiguous (Rog 1; RFPs 15 and 17).
Citrix's objection to the term "roll-out time" as vague (Rog 3 and RFP 18);

Citrix's limitation of its response to Interrogatory No. 2 to documents sufficient to show which small or medium sized businesses were current or former customers of Citrix's Virtualization Solutions;

Citrix's limitation of its response to Interrogatory No. 3 to complaints made during the past three years that the roll out time was too long;

Citrix's request for a meet and confer on RFP 1 to discuss "a more narrowly tailored request";

Citrix's objection that RFP 13 is outside the scope of the claims at issue in the case;

Citrix's limitation of its responses to RFPs 13, 15, and 17 to documents that are not subject to third-party confidentiality restrictions

Citrix's refusal to produce documents in response to RFP 16

We look forward to speaking with you tomorrow.

Regards,

Y. Ernest Hsin

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8224 • Fax +1 415.374.8436
EHsin@gibsondunn.com • www.gibsondunn.com

From: Strapp, Michael G. <Michael.Strapp@dlapiper.com>
Sent: Friday, June 22, 2018 7:25 AM
To: POTTERANDERSON:Dave Moore <dmoore@potteranderson.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Biggs, Brian <Brian.Biggs@dlapiper.com>
Cc: Palapura, Bindu <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Hsin, Y. Ernest <EHsin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com>; Souza, Mary Ann <MaryAnn.Souza@dlapiper.com>
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

Thanks Dave – let's plan on a call on Wednesday at 12:30 pm Eastern.  I'll circulate a dial-in and invite.

Regards,

Michael

Michael Strapp
Partner

T +1 617.406.6031
F +1 617.406.6100
M +1 917.518.3828
E michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

From: Moore, David E. [mailto:dmoore@potteranderson.com]
Sent: Friday, June 22, 2018 10:13 AM
To: Strapp, Michael G.; Kraft, Denise; Biggs, Brian
Cc: Palapura, Bindu A.; OByrne, Stephanie E.; mlyon@gibsondunn.com; Y. Ernest Hsin (ehsin@gibsondunn.com);
Buroker, Brian M.; Ghassab, Yasmin; Souza, Mary Ann
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

[EXTERNAL MESSAGE]

Do you have time after 9:30 a.m. (Pacific) on Tuesday or Wednesday of next week?

Regards,
Dave

From: Strapp, Michael G. [mailto:Michael.Strapp@dlapiper.com]
Sent: Thursday, June 21, 2018 3:49 PM
To: Moore, David E. <dmoore@potteranderson.com>; denise.kraft <denise.kraft@dlapiper.com>;
Brian.Biggs@dlapiper.com
Cc: Palapura, Bindu A. <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>;
mlyon@gibsondunn.com; Y. Ernest Hsin (ehsin@gibsondunn.com) <ehsin@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>; Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com>; Souza, Mary Ann
<MaryAnn.Souza@dlapiper.com>
Subject: [EXT] RE: Citrix v. Workspot -- Request for Meet and Confer

David,

We'd like to set up a call early next week to discuss the following items:

> Location and logistics for the review of Workspot's source code;
> Exchanging custodians and search terms for the collection and production of emails;
> Workspot's over-designation of all of its interrogatory responses as "Confidential";
> Workspot's refusal to produce cost and profit information and information concerning its offers for sale and
> solicitations of customers for its Accused Products in response to Citrix RFP 5; and
> Workspot's refusal to produce emails responsive to Citrix RFPs 11 and 14-16.

Please let us know your availability for a call.

Regards,

Michael


Michael Strapp
Partner

T +1 617.406.6031
F +1 617.406.6100
M +1 917.518.3828
E michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

From: Moore, David E. [mailto:dmoore@potteranderson.com]
Sent: Friday, June 15, 2018 3:38 PM
To: Strapp, Michael G.; Kraft, Denise; Biggs, Brian
Cc: Palapura, Bindu A.; OByrne, Stephanie E.; mlyon@gibsondunn.com; Y. Ernest Hsin (ehsin@gibsondunn.com); Buroker, Brian M.
Subject: RE: Citrix v. Workspot -- protective order

[EXTERNAL MESSAGE]

---

Good to go.

Dave

---

From: Strapp, Michael G. [mailto:Michael.Strapp@dlapiper.com]
Sent: Friday, June 15, 2018 3:01 PM
To: Moore, David E. <dmoore@potteranderson.com>; denise.kraft <denise.kraft@dlapiper.com>; Brian.Biggs@dlapiper.com
Cc: Palapura, Bindu A. <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>; mlyon@gibsondunn.com; Y. Ernest Hsin (ehsin@gibsondunn.com) <ehsin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
Subject: [EXT] RE: Citrix v. Workspot -- protective order

David,

We've agreed to all of your additional substantive edits, but made a few additional minor formatting edits and edits to correct paragraph references.  Attached for your final review is a redlined and clean version of the PO.  Please confirm that we have your permission to add your electronic signature and to file with the Court.

Thanks,

Michael

Michael Strapp
Partner

T +1 617.406.6031
F +1 617.406.6100
M +1 917.518.3828
E michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

From: Moore, David E. [mailto:dmoore@potteranderson.com]
Sent: Friday, June 15, 2018 12:46 PM
To: Strapp, Michael G.; Kraft, Denise; Biggs, Brian
Cc: Palapura, Bindu A.; OByrne, Stephanie E.; mlyon@gibsondunn.com; Y. Ernest Hsin (ehsin@gibsondunn.com); Buroker, Brian M.
Subject: RE: Citrix v. Workspot -- protective order

[EXTERNAL MESSAGE]

Please see the attached, which adds a few additional edits/nits (after accepting Citrix's edits). I am not sure we will need a further meet and confer, but if you feel otherwise, please reply to all on this email chain. Thanks.

Dave

From: Strapp, Michael G. [mailto:Michael.Strapp@dlapiper.com]
Sent: Thursday, June 14, 2018 9:58 PM
To: Moore, David E. <dmoore@potteranderson.com>; denise.kraft <denise.kraft@dlapiper.com>; Brian.Biggs@dlapiper.com
Cc: Palapura, Bindu A. <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>; mlyon@gibsondunn.com; Y. Ernest Hsin (ehsin@gibsondunn.com) <ehsin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
Subject: [EXT] RE: Citrix v. Workspot -- protective order

Dave,

Attached please find Citrix's revisions to the version of the PO you sent earlier today. We are available for a call tomorrow if you'd like to discuss.

Regards,

Michael

Michael Strapp
Partner

T +1 617.406.6031
F +1 617.406.6100
M +1 917.518.3828
E michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

From: Moore, David E. [mailto:dmoore@potteranderson.com]
Sent: Thursday, June 14, 2018 10:59 AM
To: Kraft, Denise; Biggs, Brian; Strapp, Michael G.

Cc: Palapura, Bindu A.; OByrne, Stephanie E.; mlyon@gibsondunn.com; Y. Ernest Hsin (ehsin@gibsondunn.com);
Buroker, Brian M.
Subject: Citrix v. Workspot -- protective order

[EXTERNAL MESSAGE]

Attached are our proposed changes to the PO. Please let us know if you would like to discuss.

Regards,
Dave

David E. Moore
Partner
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6147 Direct Dial
302 658 1192 Fax
dmoore@potteranderson.com
www.potteranderson.com

Potter Anderson & Corroon LLP is not providing any advice in this communication with respect to any federal tax matters.

THIS ELECTRONIC MAIL TRANSMISSION AND ANY ATTACHMENTS MAY CONTAIN PRIVILEGED, CONFIDENTIAL, OR PROPRIETARY INFORMATION INTENDED ONLY FOR THE PERSON(S) NAMED. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE AUTHORIZED REPRESENTATIVE OF THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISTRIBUTION, COPYING, OR DISCLOSURE OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this

communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

# Exhibit T

| | |
|---|---|
| From: | Hsin, Y. Ernest <EHsin@gibsondunn.com> |
| Sent: | Thursday, July 05, 2018 6:48 PM |
| To: | Strapp, Michael G.; Ziv, Maya |
| Cc: | POTTERANDERSON:Dave Moore; Palapura, Bindu; OByrne, Stephanie E; Lyon, H. Mark; Buroker, Brian M.; Andrea, Brian; Biggs, Brian; Kraft, Denise; Park, Larissa; Lange, Kris; Ghassab, Yasmin; Kresh, Joshua; Michaels, Megan; Souza, Mary Ann |
| Subject: | RE: Citrix v. Workspot -- Additional Disclosure of Custodians and Search Terms for Email Production |

[EXTERNAL MESSAGE]

Michael,

Workspot proposes the following additional custodians and search terms for Citrix to use in collecting Citrix emails:

Custodians:
      David Henshall
      PJ Hough

Terms:
      (cloud OR essential*) within/25 (complex* OR bug* OR problem*)
      (xen* within/25 complex*) OR (expens* within/25 implement*) OR (long within/25 deploy* within/25 cycle*)

With respect to the custodians and terms that Citrix previously proposed for Citrix emails, Workspot has concerns that they are not targeted to result in hits consistent with Workspot's discovery requests and the issues in the PI proceeding. Workspot therefore proposes the following changes:

Custodians
1. ~~Christopher Fleck~~ Juan Rivera
2. Calvin Hsu
3. ~~Nabeel Youakim~~ Jeroen van Rotterdam

Search Terms
1. Workspot
2. "Amitabh Sinha" OR "Brad Peterson" OR "Jimmy Chang" OR "Prasad Krothapalli" OR "Harry Labana"
3. ~~"Cloud Apps" OR "Cloud Desktops" OR "Cloud Workstations"~~ (vmware OR amazon) within/25 lost
4. "VDI 1.0" OR "VDI 2.0" OR "DaaS 1.0" OR "DaaS 2.0"
5. ((~~"roll out"~~ roll* OR install OR upgrade OR setup) within/~~3~~ 25 (time OR long)) within/25 Xen*)

Please let us know if Citrix agrees to the proposed changes.

Regards,

Ernie

From: Strapp, Michael G. <Michael.Strapp@dlapiper.com>
Sent: Thursday, July 5, 2018 3:03 PM
To: Ziv, Maya <MZiv@gibsondunn.com>
Cc: Hsin, Y. Ernest <EHsin@gibsondunn.com>; POTTERANDERSON:Dave Moore <dmoore@potteranderson.com>;
Palapura, Bindu <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>; Lyon, H.
Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Andrea, Brian
<BAndrea@gibsondunn.com>; Biggs, Brian <Brian.Biggs@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>;
Park, Larissa <Larissa.Park@dlapiper.com>; Lange, Kris <Kris.Lange@dlapiper.com>; Ghassab, Yasmin
<Yasmin.Ghassab@dlapiper.com>; Kresh, Joshua <Joshua.Kresh@dlapiper.com>; Michaels, Megan
<Megan.Michaels@dlapiper.com>; Souza, Mary Ann <MaryAnn.Souza@dlapiper.com>
Subject: RE: Citrix v. Workspot -- Additional Disclosure of Custodians and Search Terms for Email Production

Maya,

Please see below for additional custodians and search terms for Workspot's email collection and production.

Custodians
    1.   Prasad Krothapalli
    2.   Jimmy Chang

Terms
    1.   (Citrix OR "@citrix.com") AND (Customer OR Azure OR Microsoft OR Xen*)
    2.   "VDI 1.0" OR "legacy VDI" OR "legacy solution" OR "legacy system" OR "Virtualization 1.0" OR "App
Delivery 1.0" OR "DaaS 1.0"

Regards,

Michael

Michael Strapp
Partner

T +1 617.406.6031
F +1 617.406.6100
M +1 917.518.3828
E michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

From: Ziv, Maya <MZiv@gibsondunn.com>
Sent: Tuesday, July 3, 2018 7:00 PM
To: Strapp, Michael G. <Michael.Strapp@dlapiper.com>
Cc: Hsin, Y. Ernest <EHsin@gibsondunn.com>; POTTERANDERSON:Dave Moore <dmoore@potteranderson.com>;
Palapura, Bindu <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>; Lyon, H.
Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Andrea, Brian
<BAndrea@gibsondunn.com>; Biggs, Brian <Brian.Biggs@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>;
Park, Larissa <Larissa.Park@dlapiper.com>; Lange, Kris <Kris.Lange@dlapiper.com>; Ghassab, Yasmin
<Yasmin.Ghassab@dlapiper.com>; Kresh, Joshua <Joshua.Kresh@dlapiper.com>; Michaels, Megan

<[Megan.Michaels@dlapiper.com](mailto:Megan.Michaels@dlapiper.com)>; Souza, Mary Ann <[MaryAnn.Souza@dlapiper.com](mailto:MaryAnn.Souza@dlapiper.com)>
Subject: RE: Citrix v. Workspace -- Initial Disclosure of Custodians and Search Terms for Email Production

[EXTERNAL MESSAGE]

Counsel,

Please see below for Workspot's proposed custodians and search terms in connection with the parties' email collection and production.

Custodians
1. Amitabh Sinha
2. Puneet Chawla
3. Brad Peterson

Terms
1. Citrix AND patent
2. XenApp OR XenDesktop
3. Citrix AND Synergy
4. Nutanix
5. roll-out OR rollout

We also do not intend for these terms to be case-sensitive.

Thank you!

Best,
Maya

---

From: Strapp, Michael G. <[Michael.Strapp@dlapiper.com](mailto:Michael.Strapp@dlapiper.com)>
Sent: Tuesday, July 3, 2018 2:42 PM
To: Hsin, Y. Ernest <[EHsin@gibsondunn.com](mailto:EHsin@gibsondunn.com)>; POTTERANDERSON:Dave Moore <[dmoore@potteranderson.com](mailto:dmoore@potteranderson.com)>
Cc: Palapura, Bindu <[bpalapura@potteranderson.com](mailto:bpalapura@potteranderson.com)>; OByrne, Stephanie E. <[sobyrne@potteranderson.com](mailto:sobyrne@potteranderson.com)>; Lyon, H. Mark <[MLyon@gibsondunn.com](mailto:MLyon@gibsondunn.com)>; Buroker, Brian M. <[BBuroker@gibsondunn.com](mailto:BBuroker@gibsondunn.com)>; Andrea, Brian <[BAndrea@gibsondunn.com](mailto:BAndrea@gibsondunn.com)>; Biggs, Brian <[Brian.Biggs@dlapiper.com](mailto:Brian.Biggs@dlapiper.com)>; Kraft, Denise <[denise.kraft@dlapiper.com](mailto:denise.kraft@dlapiper.com)>; Park, Larissa <[Larissa.Park@dlapiper.com](mailto:Larissa.Park@dlapiper.com)>; Lange, Kris <[Kris.Lange@dlapiper.com](mailto:Kris.Lange@dlapiper.com)>; Ghassab, Yasmin <[Yasmin.Ghassab@dlapiper.com](mailto:Yasmin.Ghassab@dlapiper.com)>; Kresh, Joshua <[Joshua.Kresh@dlapiper.com](mailto:Joshua.Kresh@dlapiper.com)>; Michaels, Megan <[Megan.Michaels@dlapiper.com](mailto:Megan.Michaels@dlapiper.com)>; Souza, Mary Ann <[MaryAnn.Souza@dlapiper.com](mailto:MaryAnn.Souza@dlapiper.com)>
Subject: RE: Citrix v. Workspace -- Initial Disclosure of Custodians and Search Terms for Email Production

Ernie,

Set out below is Citrix's initial disclosure of 3 Citrix custodians and 5 search terms in connection with the parties' email collection and production.

Custodians
1. Christopher Fleck
2. Calvin Hsu
3. Nabeel Youakim

Search Terms

1. Workspot
2. "Amitabh Sinha" OR "Brad Peterson" OR "Jimmy Chang" OR "Prasad Krothapalli" OR "Harry Labana"
3. "Cloud Apps" OR "Cloud Desktops" OR "Cloud Workstations"
4. "VDI 1.0" OR "VDI 2.0" OR "DaaS 1.0" OR "DaaS 2.0"
5. (("roll-out" OR install OR upgrade OR setup) within/3 time) within/25 Xen*)

We do not intend for these search terms to be case-sensitive.

Regards,

Michael

Michael Strapp
Partner

T +1 617.406.6031
F +1 617.406.6100
M +1 917.518.3828
E michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

From: Hsin, Y. Ernest <EHsin@gibsondunn.com>
Sent: Tuesday, July 3, 2018 1:42 PM
To: Strapp, Michael G. <Michael.Strapp@dlapiper.com>; POTTERANDERSON:Dave Moore <dmoore@potteranderson.com>
Cc: Palapura, Bindu <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; Biggs, Brian <Brian.Biggs@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Park, Larissa <Larissa.Park@dlapiper.com>; Lange, Kris <Kris.Lange@dlapiper.com>; Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com>; Kresh, Joshua <Joshua.Kresh@dlapiper.com>; Michaels, Megan <Megan.Michaels@dlapiper.com>; Souza, Mary Ann <MaryAnn.Souza@dlapiper.com>
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

[EXTERNAL MESSAGE]

Michael,

We will plan to proceed with the schedule set forth in your email this morning.

Regards,

Ernie

From: Strapp, Michael G. <Michael.Strapp@dlapiper.com>
Sent: Tuesday, July 3, 2018 4:39 AM
To: Hsin, Y. Ernest <EHsin@gibsondunn.com>; POTTERANDERSON:Dave Moore <dmoore@potteranderson.com>

Cc: Palapura, Bindu <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; Biggs, Brian <Brian.Biggs@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Park, Larissa <Larissa.Park@dlapiper.com>; Lange, Kris <Kris.Lange@dlapiper.com>; Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com>; Kresh, Joshua <Joshua.Kresh@dlapiper.com>; Michaels, Megan <Megan.Michaels@dlapiper.com>; Souza, Mary Ann <MaryAnn.Souza@dlapiper.com>
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

Ernie,

We will plan to proceed with the following schedule regarding email production pending confirmation from Workspot:

> Today by 7 pm Eastern - Parties exchange 3 custodians and 5 search terms designed to capture emails responsive to other side's discovery requests.
> Thursday, July 5 by 7 pm Eastern - Parties exchange 2 additional custodians and 2 additional search terms that the other side will also need to use when searching emails.
> Monday, July 9 by 7 pm Eastern – Parties to report back to each other if volume of emails responsive to search terms is unreasonably large, in which case parties will meet and confer as soon as possible to discuss potential modification to search terms.
> Friday, July 13 by 7 pm Eastern – Parties complete email production.

Please confirm as soon as you can today that Workspot will proceed as set out above.

Regards,

Michael

---

From: Hsin, Y. Ernest <EHsin@gibsondunn.com>
Sent: Monday, July 2, 2018 6:31 PM
To: Strapp, Michael G. <Michael.Strapp@dlapiper.com>; POTTERANDERSON:Dave Moore <dmoore@potteranderson.com>
Cc: Palapura, Bindu <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; Biggs, Brian <Brian.Biggs@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Park, Larissa <Larissa.Park@dlapiper.com>; Lange, Kris <Kris.Lange@dlapiper.com>; Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com>; Kresh, Joshua <Joshua.Kresh@dlapiper.com>; Michaels, Megan <Megan.Michaels@dlapiper.com>; Souza, Mary Ann <MaryAnn.Souza@dlapiper.com>
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

[EXTERNAL MESSAGE]

---

Michael,

As I mentioned on our meet and confer call earlier today, we are checking with our client re: Citrix's proposal (though I can confirm at a minimum our agreement with your first "clarification" point below). Also, for the timing of the exchanges (again, pending confirmation from our client on the proposed dates), we would propose having all times be no later than 4 pm Pacific / 7 pm Eastern.

We will get back to you on the other items as soon as possible.

Regards,

Ernie

---

From: Strapp, Michael G. <Michael.Strapp@dlapiper.com>
Sent: Monday, July 2, 2018 8:21 AM
To: Hsin, Y. Ernest <EHsin@gibsondunn.com>; POTTERANDERSON:Dave Moore <dmoore@potteranderson.com>
Cc: Palapura, Bindu <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>; Lyon, H. Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Andrea, Brian <BAndrea@gibsondunn.com>; Biggs, Brian <Brian.Biggs@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Park, Larissa <Larissa.Park@dlapiper.com>; Lange, Kris <Kris.Lange@dlapiper.com>; Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com>; Kresh, Joshua <Joshua.Kresh@dlapiper.com>; Michaels, Megan <Megan.Michaels@dlapiper.com>; Souza, Mary Ann <MaryAnn.Souza@dlapiper.com>
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

Ernie,

We accept Workspot's counter-proposal regarding email production, but want to clarify two points.

First, we assume that the parties' initial exchange of 3 custodians and 5 search terms will represent a good faith attempt by both sides to target information responsive to the other party's discovery requests. Accordingly, we suggest that both parties reserve the right to object to the extent that the other party's selection of initial custodians and search terms does not appear designed to target responsive information.

Second, with respect to the time scope for the email search, we are planning to search for, collect, and produce emails dating back 6 years before the complaint was filed through the date of the complaint (i.e. from April 19, 2012 – April 19, 2018).

We suggest that the parties proceed according to the following schedule:

> Tuesday, July 3 by 5 pm Eastern - Parties exchange 3 custodians and 5 search terms designed to capture emails responsive to other side's discovery requests.
> Thursday, July 5 by noon Eastern - Parties exchange 2 additional custodians and 2 additional search terms that the other side will also need to use when searching emails.
> Monday, July 9 by 5 pm Eastern – Parties to report back to each other if volume of emails responsive to search terms is unreasonably large, in which case parties will meet and confer as soon as possible to discuss potential modification to search terms.
> Friday, July 13 by 5 pm Eastern – Parties complete email production.

Please let us know if these points of clarification and the proposed schedule are acceptable to Workspot.

On a separate point, Citrix agrees to Workspot's compromise proposal regarding its response to Citrix RFP 5 for purposes of Workspot's response to discovery during the PI Proceedings.

Regards,

Michael

From: Hsin, Y. Ernest <EHsin@gibsondunn.com>
Sent: Friday, June 29, 2018 5:33 PM
To: Strapp, Michael G. <Michael.Strapp@dlapiper.com>; POTTERANDERSON:Dave Moore
<dmoore@potteranderson.com>
Cc: Palapura, Bindu <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>; Lyon, H.
Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Andrea, Brian
<BAndrea@gibsondunn.com>; Biggs, Brian <Brian.Biggs@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>;
Park, Larissa <Larissa.Park@dlapiper.com>; Lange, Kris <Kris.Lange@dlapiper.com>; Ghassab, Yasmin
<Yasmin.Ghassab@dlapiper.com>; Kresh, Joshua <Joshua.Kresh@dlapiper.com>; Michaels, Megan
<Megan.Michaels@dlapiper.com>; Souza, Mary Ann <MaryAnn.Souza@dlapiper.com>
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

[EXTERNAL MESSAGE]

Michael,

With respect to the items for which we owed you a response:

> Procedure for email production:  We are getting final client confirmation, but our counter-proposal is that the
> parties initially exchange 3 custodians and 5 search terms, and then the other side would get to add the 2
> additional custodians and 2 search terms, as you suggested.  So the total would be 5 custodians and 7 search
> terms (instead of 7 and 7).  We would follow the rest of your proposed procedure.

> Citrix's RFP No. 5:  Workspot still does not see the relevance of Workspot's costs and profits to this PI
> proceeding, so intends to stand on its objections.  As a compromise, however, Workspot is willing to produce
> non-privileged documents concerning its offers for sale and solicitations of customers, to the extent they exist
> and can be located after a reasonable search.  Please let us know if this resolves things for RFP No. 5.

> We are available on Monday at 1:00 pm Pacific to discuss logistics and tools for source code inspection.

Regards,

Ernie

From: Strapp, Michael G. <Michael.Strapp@dlapiper.com>
Sent: Friday, June 29, 2018 2:30 PM
To: Hsin, Y. Ernest <EHsin@gibsondunn.com>; POTTERANDERSON:Dave Moore <dmoore@potteranderson.com>
Cc: Palapura, Bindu <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>; Lyon, H.
Mark <MLyon@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>; Andrea, Brian
<BAndrea@gibsondunn.com>; Biggs, Brian <Brian.Biggs@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>;
Park, Larissa <Larissa.Park@dlapiper.com>; Lange, Kris <Kris.Lange@dlapiper.com>; Ghassab, Yasmin
<Yasmin.Ghassab@dlapiper.com>; Kresh, Joshua <Joshua.Kresh@dlapiper.com>; Michaels, Megan
<Megan.Michaels@dlapiper.com>; Souza, Mary Ann <MaryAnn.Souza@dlapiper.com>
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

Counsel,

As a follow-up to certain issues below:

As Joshua Kresh noted in an email earlier today, we'd like to schedule a meet-and-confer for Monday regarding logistics and software tools for review of Workspot source code. Please let us know your availability.

Please let us know as soon as possible if the protocol we've proposed for email custodians and search terms is acceptable to Workspot.

Please provide us with Workspot's position regarding its objections to Citrix RFP 5.

Citrix is willing to expand the scope of information it will search for and provide responsive to Interrogatories Nos. 1-3 to December 2013, the first month during which Workspot recorded any revenue.

Regards,

Michael

Michael Strapp
Partner

T +1 617.406.6031
F +1 617.406.6100
M +1 917.518.3828
E michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

From: Strapp, Michael G.
Sent: Thursday, June 28, 2018 9:04 AM
To: 'Hsin, Y. Ernest'; POTTERANDERSON:Dave Moore
Cc: Palapura, Bindu; OByrne, Stephanie E.; Lyon, H. Mark; Buroker, Brian M.; Andrea, Brian; Biggs, Brian; Kraft, Denise; Park, Larissa; Lange, Kris; Ghassab, Yasmin; Kresh, Joshua; Michaels, Megan; Souza, Mary Ann
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

Workspot Counsel:

Set out below is a summary of the meet-and-confer we had yesterday. As we discussed at the end of our call yesterday, let's plan to be in touch before the end of the day tomorrow regarding the several open items below.

Citrix Issues

---

Location and logistics for the review of Workspot's source code;

Workspot confirmed that its source code will be made available at Gibson Dunn's Palo Alto office for review. The parties will coordinate regarding logistics for the review.

Exchanging custodians and search terms for the collection and production of emails;

Citrix proposed that the parties exchange 5 proposed custodians and 5 search terms for searching through their own emails. After that initial exchange, each party would then propose to the other side 2 additional custodians and 2 additional search terms to add for the other party's email search. The parties would then each run searches through emails for 7 custodians per side using 7 search terms and would report back to the other side regarding the volume of the search results. If the volume was of a manageable size, the parties would then review their own sets of emails and produce the non-privileged emails responsive to the other party's discovery requests. If the volume of hits responsive to the search terms was unreasonably large, the parties would meet and confer to agree upon more targeted search terms.

8

We did not discuss the time scope for this search, but since Workspot has proposed that six years is an appropriate scope with respect to several other discovery requests, Citrix suggests that that same 6 year time scope apply to the collection of emails.

Workspot's over-designation of all of its interrogatory responses as "Confidential";
In its supplemental interrogatory responses, Workspot agreed to de-designate its responses to Citrix Interrogatories 3-5 as non-confidential.

Workspot's refusal to produce cost and profit information and information concerning its offers for sale and solicitations of customers for its Accused Products in response to Citrix RFP 5;
Citrix explained the relevance of the information that Workspot has thus far refused to produce. Workspot agreed to re-consider its objections and responses to Citrix RFP 5 and to inform Citrix whether it will produce cost and profit information and information concerning its offers for sale and solicitations of customers for its Accused Products.

Workspot's refusal to produce emails responsive to Citrix RFPs 11 and 14-16.
Workspot confirmed that once the parties have agreed on a protocol for the collection and production of emails, it will produce emails responsive to Citrix RFPs 11 and 14-16.

## Workspot Issues

Citrix's objection to email production
See above regarding Citrix's proposal for the collection and production of emails.

Citrix's failure to identify documents in response to Interrogatory Nos. 1-3 pursuant to Rule 33(d)
Citrix confirmed that it will supplement its responses to Interrogatory Nos. 1-3 pursuant to Rule 33(d) and that it will endeavor to provide supplemental responses by this Friday.

Citrix's limitations of its responses to Interrogatory Nos. 1-3 to information from the past 3 years
Workspot explained why its position is that Citrix should provide information responsive to Interrogatory Nos. 1-3 from the past 6 years. Citrix agreed to re-consider whether it would provide information from the past 6 years instead of just the past 3 years.

Citrix's objection to the term "market" as vague and ambiguous (Rog 1; RFPs 15 and 17)
Workspot insisted that it is Citrix's obligation as an initial matter to define the "market" within which the parties compete. While Citrix did not agree with Workspot's contention, it did confirm that it is not withholding discovery based on its objection to the term "market" as vague and ambiguous.

Citrix's objection to the term "roll-out time" as vague (Rog 3 and RFP 18)
Workspot explained that the term "roll-out time" should not be vague as it is a term that was used in Citrix's PI brief. Citrix confirmed it is not withholding discovery based on its objection to the term "roll-out time" as vague.

Citrix's limitation of its response to Interrogatory No. 2 to documents sufficient to show which small or medium sized businesses were current or former customers of Citrix's Virtualization Solutions
Citrix explained that it is collecting, and either has produced or will produce, the documents it has in its possession that reflect its customers for Virtualization Solutions, along with information regarding roll-out times for those customers, and complaints about roll-out times. Citrix also explained that it does not categorize its customers as small or medium sized businesses, nor does it necessarily have roll-out time information regarding each of its customers. Nonetheless, Citrix agreed to collect and produce the information it does have and to supplement this interrogatory response pursuant to Rule 33(d).

Citrix's limitation of its response to Interrogatory No. 3 to complaints made during the past three years that the roll out time was too long

    See above regarding Citrix's limitations of its responses to Interrogatory Nos. 1-3 to information from the past 3 years.

Citrix's request for a meet and confer on RFP 1 to discuss "a more narrowly tailored request"

    Workspot explained that it is seeking information regarding both Citrix's research and development efforts for any of the subject matter described in the Asserted Patents as well as documents concerning the conception and reduction to practice of the inventions claimed in the Asserted Patents. Workspot also insisted that it should not need to first identify prior art that it contends anticipates and/or renders obvious the Asserted Patents before Citrix produces information responsive to RFP 1. Citrix agreed to re-consider its objections and response to RFP 1.

Citrix's objection that RFP 13 is outside the scope of the claims at issue in the case

    Citrix confirmed that it is not withholding documents on the basis of its objection that RFP 13 is outside the scope of the claims at issue in the case.

Citrix's limitation of its responses to RFPs 13, 15, and 17 to documents that are not subject to third-party confidentiality restrictions

    Citrix explained that it is in the process of attempting to obtain the necessary permissions from third-parties to produce patent license agreements and market analyst reports.

Citrix's refusal to produce documents in response to RFP 16

    Citrix confirmed that it will not produce documents responsive to Workspot RFP 16.

### Depositions

The parties had a preliminary discussion regarding logistics for depositions. The depositions of Citrix witnesses will likely be held in DLA Piper's Miami office during the weeks of July 16 and July 23. Depositions of Workspot witnesses will likely be held in California, presumably in Gibson Dunn's Palo Alto office.

### Document Production

Workspot stated that its production responsive to Citrix's initial set of discovery requests is not yet complete. Workspot intends to produce files in Apple's proprietary file format that it has not yet been able to review and files that contain snippets of Workspot's source code. Workspot stated that it will produce these additional documents within the next few days.

Citrix stated that its production responsive to Workspot's initial set of discovery requests is not yet complete. As noted above, Citrix intends to produce documents that contain third-party confidentiality restrictions, but it first needs to address these restrictions with the relevant third-parties. Citrix will update Workspot to let it know whether there are any additional documents it has not yet produced but plans to produce.

Regards,

Michael

**Michael Strapp**
Partner

T +1 617.406.6031
F +1 617.406.6100
M +1 917.518.3828
E michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

From: Hsin, Y. Ernest [mailto:EHsin@gibsondunn.com]
Sent: Tuesday, June 26, 2018 12:18 PM
To: Strapp, Michael G.; POTTERANDERSON:Dave Moore; Kraft, Denise; Biggs, Brian
Cc: Palapura, Bindu; OByrne, Stephanie E.; Lyon, H. Mark; Buroker, Brian M.; Ghassab, Yasmin; Souza, Mary Ann; Andrea, Brian
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

[EXTERNAL MESSAGE]

---

Counsel for Citrix:

During tomorrow's meet and confer, we would like to discuss the following:

> Citrix's objection to email production;
> Citrix's failure to identify documents in response to Interrogatory Nos. 1-3 pursuant to Rule 33(d);
> Citrix's limitations of its responses to Interrogatory Nos. 1-3 to information from the past 3 years;
> Citrix's objection to the term "market" as vague and ambiguous (Rog 1; RFPs 15 and 17).
> Citrix's objection to the term "roll-out time" as vague (Rog 3 and RFP 18);
> Citrix's limitation of its response to Interrogatory No. 2 to documents sufficient to show which small or medium sized businesses were current or former customers of Citrix's Virtualization Solutions;
> Citrix's limitation of its response to Interrogatory No. 3 to complaints made during the past three years that the roll out time was too long;
> Citrix's request for a meet and confer on RFP 1 to discuss "a more narrowly tailored request";
> Citrix's objection that RFP 13 is outside the scope of the claims at issue in the case;
> Citrix's limitation of its responses to RFPs 13, 15, and 17 to documents that are not subject to third-party confidentiality restrictions
> Citrix's refusal to produce documents in response to RFP 16

We look forward to speaking with you tomorrow.

Regards,



Y. Ernest Hsin

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8224 • Fax +1 415.374.8436
EHsin@gibsondunn.com • www.gibsondunn.com

From: Strapp, Michael G. <Michael.Strapp@dlapiper.com>
Sent: Friday, June 22, 2018 7:25 AM
To: POTTERANDERSON:Dave Moore <dmoore@potteranderson.com>; Kraft, Denise <denise.kraft@dlapiper.com>;
Biggs, Brian <Brian.Biggs@dlapiper.com>
Cc: Palapura, Bindu <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>; Lyon, H.
Mark <MLyon@gibsondunn.com>; Hsin, Y. Ernest <EHsin@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>; Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com>; Souza, Mary Ann
<MaryAnn.Souza@dlapiper.com>
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

Thanks Dave – let's plan on a call on Wednesday at 12:30 pm Eastern.  I'll circulate a dial-in and invite.


Regards,

Michael

Michael Strapp
Partner

T +1 617.406.6031
F +1 617.406.6100
M +1 917.518.3828
E michael.strapp@dlapiper.com




DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

From: Moore, David E. [mailto:dmoore@potteranderson.com]
Sent: Friday, June 22, 2018 10:13 AM
To: Strapp, Michael G.; Kraft, Denise; Biggs, Brian
Cc: Palapura, Bindu A.; OByrne, Stephanie E.; mlyon@gibsondunn.com; Y. Ernest Hsin (ehsin@gibsondunn.com);
Buroker, Brian M.; Ghassab, Yasmin; Souza, Mary Ann
Subject: RE: Citrix v. Workspot -- Request for Meet and Confer

[EXTERNAL MESSAGE]

Do you have time after 9:30 a.m. (Pacific) on Tuesday or Wednesday of next week?


Regards,
Dave

From: Strapp, Michael G. [mailto:Michael.Strapp@dlapiper.com]
Sent: Thursday, June 21, 2018 3:49 PM
To: Moore, David E. <dmoore@potteranderson.com>; denise.kraft <denise.kraft@dlapiper.com>;
Brian.Biggs@dlapiper.com
Cc: Palapura, Bindu A. <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>;
mlyon@gibsondunn.com; Y. Ernest Hsin (ehsin@gibsondunn.com) <ehsin@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>; Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com>; Souza, Mary Ann

<MaryAnn.Souza@dlapiper.com>
Subject: [EXT] RE: Citrix v. Workspot -- Request for Meet and Confer

David,

We'd like to set up a call early next week to discuss the following items:

> Location and logistics for the review of Workspot's source code;
> Exchanging custodians and search terms for the collection and production of emails;
> Workspot's over-designation of all of its interrogatory responses as "Confidential";
> Workspot's refusal to produce cost and profit information and information concerning its offers for sale and solicitations of customers for its Accused Products in response to Citrix RFP 5; and
> Workspot's refusal to produce emails responsive to Citrix RFPs 11 and 14-16.

Please let us know your availability for a call.

Regards,

Michael


Michael Strapp
Partner

T +1 617.406.6031
F +1 617.406.6100
M +1 917.518.3828
E michael.strapp@dlapiper.com




DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

From: Moore, David E. [mailto:dmoore@potteranderson.com]
Sent: Friday, June 15, 2018 3:38 PM
To: Strapp, Michael G.; Kraft, Denise; Biggs, Brian
Cc: Palapura, Bindu A.; OByrne, Stephanie E.; mlyon@gibsondunn.com; Y. Ernest Hsin (ehsin@gibsondunn.com); Buroker, Brian M.
Subject: RE: Citrix v. Workspot -- protective order

[EXTERNAL MESSAGE]

Good to go.

Dave

From: Strapp, Michael G. [mailto:Michael.Strapp@dlapiper.com]
Sent: Friday, June 15, 2018 3:01 PM
To: Moore, David E. <dmoore@potteranderson.com>; denise.kraft <denise.kraft@dlapiper.com>; Brian.Biggs@dlapiper.com

Cc: Palapura, Bindu A. <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>; mlyon@gibsondunn.com; Y. Ernest Hsin (ehsin@gibsondunn.com) <ehsin@gibsondunn.com>; Buroker, Brian M. <BBuroker@gibsondunn.com>
Subject: [EXT] RE: Citrix v. Workspot -- protective order

David,

We've agreed to all of your additional substantive edits, but made a few additional minor formatting edits and edits to correct paragraph references.  Attached for your final review is a redlined and clean version of the PO.  Please confirm that we have your permission to add your electronic signature and to file with the Court.

Thanks,

Michael

Michael Strapp
Partner

T +1 617.406.6031
F +1 617.406.6100
M +1 917.518.3828
E michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

From: Moore, David E. [mailto:dmoore@potteranderson.com]
Sent: Friday, June 15, 2018 12:46 PM
To: Strapp, Michael G.; Kraft, Denise; Biggs, Brian
Cc: Palapura, Bindu A.; OByrne, Stephanie E.; mlyon@gibsondunn.com; Y. Ernest Hsin (ehsin@gibsondunn.com);
Buroker, Brian M.
Subject: RE: Citrix v. Workspot -- protective order

[EXTERNAL MESSAGE]

Please see the attached, which adds a few additional edits/nits  (after accepting Citrix's edits).  I am not sure we will need a further meet and confer, but if you feel otherwise, please reply to all on this email chain.  Thanks.

Dave

From: Strapp, Michael G. [mailto:Michael.Strapp@dlapiper.com]
Sent: Thursday, June 14, 2018 9:58 PM
To: Moore, David E. <dmoore@potteranderson.com>; denise.kraft <denise.kraft@dlapiper.com>;
Brian.Biggs@dlapiper.com
Cc: Palapura, Bindu A. <bpalapura@potteranderson.com>; OByrne, Stephanie E. <sobyrne@potteranderson.com>;
mlyon@gibsondunn.com; Y. Ernest Hsin (ehsin@gibsondunn.com) <ehsin@gibsondunn.com>; Buroker, Brian M.
<BBuroker@gibsondunn.com>
Subject: [EXT] RE: Citrix v. Workspot -- protective order

Dave,

Attached please find Citrix's revisions to the version of the PO you sent earlier today. We are available for a call tomorrow if you'd like to discuss.

Regards,

Michael

Michael Strapp
Partner

T +1 617.406.6031
F +1 617.406.6100
M +1 917.518.3828
E michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

From: Moore, David E. [mailto:dmoore@potteranderson.com]
Sent: Thursday, June 14, 2018 10:59 AM
To: Kraft, Denise; Biggs, Brian; Strapp, Michael G.
Cc: Palapura, Bindu A.; OByrne, Stephanie E.; mlyon@gibsondunn.com; Y. Ernest Hsin (ehsin@gibsondunn.com); Buroker, Brian M.
Subject: Citrix v. Workspot -- protective order

[EXTERNAL MESSAGE]

Attached are our proposed changes to the PO. Please let us know if you would like to discuss.

Regards,
Dave

David E. Moore
Partner
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984 6147 Direct Dial
302 658 1192 Fax
dmoore@potteranderson.com
www.potteranderson.com

Potter Anderson & Corroon LLP is not providing any advice in this communication with respect to any federal tax matters.

THIS ELECTRONIC MAIL TRANSMISSION AND ANY ATTACHMENTS MAY CONTAIN PRIVILEGED, CONFIDENTIAL, OR PROPRIETARY INFORMATION INTENDED ONLY FOR THE PERSON(S) NAMED. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE AUTHORIZED REPRESENTATIVE OF THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISTRIBUTION, COPYING, OR DISCLOSURE OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this

communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

# EXHIBIT U





Don't worry about our growth and marketing spend! Worry about this:

**Why Architecture Really Matters**

g "Architecture
s series, visit
ngs I have

**Puneet Chawla**
@puneetchawla

Follow

Replying to @mayunkj

I wonder if you guys read your old blogs and
see the irony! Competition anyone?
citrix.com/blogs/2009/11/ ... cc @juancitrix
@gunnarwb

ashing doesn't

ing material?

11:27 AM - 13 Mar 2017

separate stack

Tweet your reply

rks can be seen
in the #VDI space. @AmitabhSinha explains:
hubs.ly/H06q4-G0

1          1

**Puneet Chawla** @puneetchawla · 13 Mar 2017
Replying to @mayunkj
I wonder if you guys read your old blogs and see the irony! Competition anyone?
citrix.com/blogs/2009/11/... cc @juancitrix @gunnarwb

**How many protocols does it take to deliver a great ...**
PCoIP is VMware's latest attempt at delivering a decent
user experience for a virtual desktop. After failed
attempts with RDP, Sun Ray, RGS and TCX, VMware
citrix.com

Back to top ↑

# Exhibit V





**Christian Reilly** @reillyusa · 13 Mar 2017
Replying to @puneetchawla @juancitrix and 2 others

**Puneet Chawla** @puneetchawla · 13 Mar 2017
Citrix XA/XD is a canonical example of cloud-washing! Hosting a separate stack for each customer and hiding it! cc @juancitrix @reillyusa

> s of cloud-washe
>
> A great example of how #cloudwashing works can be seen in the #VDI space. @AmitabhSinha explains: hubs.ly/H06q4-G0

♡ 1    ⟲    ♡ 1    ✉

**Christian Reilly** @reillyusa · 13 Mar 2017
@workspot @AmitabhSinha Haven't you got any proper marketing material? Can't you spend some VC money on it?

♡ 1    ⟲    ♡ 1    ✉

**Puneet Chawla** @puneetchawla · 13 Mar 2017
running away from question, amigo. That's always easy. Cloud-washing doesn't scale!

♡ 2    ⟲    ♡    ✉

**Christian Reilly** @reillyusa · 13 Mar 2017
Mate, you've got 500 followers...don't bring a knife to a gun fight... :) #LOL

♡ 1    ⟲ 1    ♡ 2    ✉

**Puneet Chawla** @puneetchawla · 13 Mar 2017
chief "twitter" officer! "Building" cloud is not same as "talking" about it!

♡ 2    ⟲    ♡    ✉

**Christian Reilly**          [ Follow ]
@reillyusa

Replying to @puneetchawla @juancitrix and 2 others

# Unless I missed something, you're the one trolling me, my friend. Have a nice day.

12:47 PM - 13 Mar 2017

♡    ⟲    ♡    ✉

[ Tweet your reply ]

Unless I missed something, you're the one trolling me, my friend. Have a nice day.

♡    ⟲    ♡    ✉

🐦

Back to top ↑

# Exhibit W





# EXHIBIT X

# REDACTED IN ITS ENTIRETY

# EXHIBIT Y

# REDACTED IN ITS ENTIRETY

# EXHIBIT Z

# REDACTED IN ITS ENTIRETY

# EXHIBIT AA

# REDACTED IN ITS ENTIRETY

EXHIBIT BB

REDACTED IN ITS
ENTIRETY