## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CITRIX SYSTEMS, INC., | ) | |
| | ) | C.A. No. 18-588-LPS |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| WORKSPOT, INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RULE 72 OBJECTIONS TO MEMORANDUM ORDER [D.I. 197]

OF COUNSEL:

Ronald F. Lopez
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600
Tel: (415) 984-8200

Jennifer Hayes
NIXON PEABODY LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151
Tel: (213) 629-6179

Matthew A. Werber
Angelo J. Christopher
NIXON PEABODY LLP
70 West Madison, Suite 3500
Chicago, IL 60602-4224
Tel: (312) 977-4400

Karen A. Gibbs
1901 S. Bascom Avenue, Suite 900
Campbell, CA 95008

Dated: April 4, 2019
6143537 / 45039

Public Version Dated: April 15, 2019

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant Workspot, Inc.*

Pursuant to Fed. R. Civ. P. 72(a), Defendant Workspot, Inc. raises the following objections to Magistrate Judge Sherry R. Fallon's Memorandum Order dated March 28, 2019 [D.I. 197], (hereinafter, the "Order").

## I.      The Order's Application of the Crime Fraud Exception is Contrary to Law

The Order's determination that the crime-fraud exception ("CFE") applies to Priv. Log. Doc. Nos. 15, 62, 104, 120, 125, 232, 255, 256, 260, 263, 269, and 312 (hereinafter the "CFE Emails") should be reversed as "contrary to law" under Rule 72. D.I. 197, ¶¶ 30, 35. The Order correctly notes the alleged crime or fraud in this case is the alleged false statements Mr. Chawla made in his October 30, 2018 declaration. D.I. 197, ¶ 31.[1] However, (i) eight of the 12 CFE emails do not discuss or even contemplate a declaration; and (ii) the four remaining CFE emails, while discussing the declaration, are not communications "in furtherance" of the alleged crime or fraud, as required for the CFE to apply.

The narrow crime-fraud exception applies only where there is "[1] a reasonable basis to suspect that the privilege holder was committing or intending to commit a crime or fraud and that [2] the attorney-client communications or attorney work product were used in furtherance of the alleged crime or fraud." *In re Grand Jury*, 705 F.3d 133, 153 (3d Cir. 2012); Order, ¶ 34. In applying the "in furtherance" prong, the Third Circuit (in a case relied on by Citrix) expressly "reject[s] **a more relaxed 'related to'** standard." D.I. 188, p. 2; *In re Grand Jury Subpoena*, 745 F.3d 681, 692-693 (3d Cir. 2014) (emphasis added). Instead, the Third Circuit requires that:

> **the advice must advance**, or the client must intend the advice to advance, the client's criminal or fraudulent purpose. The advice **cannot merely relate to the crime or fraud**.

---

[1] Workspot's Board terminated Mr. Chawla on December 26, 2018, shortly after Citrix permitted the Board to review Citrix's sealed filings concerning the email incident. D.I. 143.

*Id*. In other words, "the legal advice must give direction for the commission of future fraud or crime." *Id*. at 692 (citations omitted).

In view of the Third Circuit precedent discussed above, the Order should have applied the "in furtherance" standard for the second CFE prong, but it did not. Instead, the Order expressly applies the "relate[s] to" standard the Third Circuit rejects. D.I. 197, ¶ 35. ("these communications **relate to** the subsequent filing of the allegedly false Chawla declaration") (emphasis added); *In re Grand Jury Subpoena*, 745 F.3d at 692-693 ("The advice cannot merely relate to the crime or fraud").

### A.    Eight of the CFE Emails Do Not Contemplate a Declaration

An *in-camera* review of eight of the 12 CFE emails – namely Doc. Nos. 62, 120, 125, 232, 260, 263, 269, 312[2] – will confirm that the Order's election to use the rejected "relates to" standard was material to the ultimate findings. These eight CFE emails do not even mention or contemplate a declaration, let alone "advance" or "further[]" the declaration's alleged crime or fraud of perjury. *Id*. at 692-693. For example, and without waiver, Doc. No. 62 concerns Workspot and counsel discussing third party subpoenas. Doc. Nos. 125 and 260 concern investigating allegations and scheduling a conference call. Doc. No. 232 concerns responding to Citrix's TRO, unrelated to the declaration. Doc. No. 269 includes an October 16 email exchange on investigating allegations with an additional communication sent three days after the October 30, 2018 declaration. Doc. Nos. 263, 312, and 120 (forwarding an October 16 email) reflect communications exchanged within a day of Workspot first learning of the email incident on October 15 – well before discussions of a declaration began. All told, none of these emails can

---

[2] As it did for the Magistrate, Workspot will deliver to the Court copies of each of the 25 privilege log entries Citrix identified for *in camera* review.

be found to "advance" the alleged crime or fraud -- as required for the "in furtherance" standard -- because they address subjects separate and apart from the declaration. *In re Grand Jury Subpoena*, 745 F.3d at 692-693; *In re Grand Jury Matter*, 847 F.3d 157, 165 (3d Cir. 2017).

Further, there is no indication Mr. Chawla was "committing or intending to commit" the alleged crime or fraud "at the time" of these communication, many of which were exchanged 14 days before the declaration was filed. *In re Grand Jury Subpoena*, 745 F.3d at 691-692 (the exception "does not apply where the client forms the intent to engage in criminal or fraudulent activity **after** the consultation") (emphasis added). Further, the November 2 communication of Doc. No. 269, authored <u>after</u> October 30, could not possibly further the alleged crime or fraud committed previously because the "crime fraud exception only applies to communications which occur **before or during** the crime." *Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*, 886 F. Supp. 2d 466, 488 (D. Del. 2012) (emphasis added).

**B.     The Remaining Four CFE Emails Were Not in Furtherance" of the Alleged Crime or Fraud**

Next, while the four remaining CFE emails – Doc. Nos. 15, 104, 255 and 256 – address the Chawla declaration, they were not "in furtherance" of the alleged crime or fraud, i.e. perjury, under Third Circuit precedent. The difference in facts between the Third Circuit's *In re Grand Jury* decision 745 F.3d at 692-693 (relied on by Citrix) and the present case is instructive. D.I. 188, p. 2. *In re Grand Jury* concerned a client improperly using legal advice to avoid detection of a violation of the Foreign Corrupt Practices Act ("FCPA") in making allegedly corrupt payments to an official of a foreign government-owned bank. *Id.* at 693. In deciding how to proceed, the client consulted an attorney who asked about the bank and bank official's connection to a foreign government, thereby facilitating the client's decision to "rout[e] the payment through Banker's

sister, who was not connected to the Bank, in order to avoid the reaches of the FCPA or detection of the violation." *Id*.

The Fifth Circuit's decision *In re Grand Jury Subpoena*, 419 F.3d 329 (5th Cir. 2005) – also relied on by Citrix (D.I. 194, p. 1) – concerned a false affidavit a witness submitted to protect her boyfriend, the client, from a firearms charge. The communications "in furtherance" of the alleged crime or fraud (perjury) were attorney consultations "about the penalty for committing perjury and of the potential sentence [the client] could receive if he were convicted of the firearm charge." *Id*. at 333. In other words, the client and witness misused the legal advice concerning perjury penalties in deciding to have his girlfriend proceed with a false affidavit. *Id*. at 337 ("Appellant and Witness used Former Counsel to obtain legal advice which would assist them in obstructing the criminal proceedings and perpetuating a fraud").

In contrast, in this case, while Doc. Nos. 15, 104, 255 and 256 relate to the alleged crime or fraud (i.e. alleged perjury), there is no indication Mr. Chawla sought or received legal advice to advance his decision to proceed with alleged perjury, or that any legal advice received "g[ave] direction for the commission" of perjury. *In re Grand Jury Subpoena*, 745 F.3d at 692. Instead, the communications reflect, for example, Mr. Chawla receiving a draft declaration and returning it in the revised, executed form filed October 30, 2018. See e.g. Doc. Nos. 104, 256.

## II.    The Order's Fee Award Was Clearly Erroneous

The fee award of $271,963 USD (representing 50% of a $543,927 USD total) is clearly erroneous under Rule 72 and unreasonable. Workspot raises two objections regarding the fee award in particular.

**600 Hours**: The Order found it reasonable for the DLA attorneys to spend 600 hours under *Seagate Technology (US) Holdings, Inc. v. Syntellect, Inc.* C.A. No. 12-1686-RGA, 2016 WL 5724774, at *5 (D. Del. Sept. 30, 2016) in large part because the 600 hours extended to

multiple tasks including "not only preparing the TRO briefing, but also pursuing discovery and investigating the source of the harassing emails and posts." D.I. 197, ¶ 54. However, this determination overlooks that the 600 hours corresponds to DLA time only. D.I. 187, Ex. A, p. 1. Time incurred on the investigation at Skadden Arps (18.4), Stroz (77.75) and Wilks Lukoff (15.1) totaled 110.75 additional hours. *Id.* Further, in *Seagate*, the Court found 600 hours excessive and reduced the hours by 10% in the lodestar calculation. *Id.* at *5. Therefore, the fee award should be reduced because the number of hours spent on the briefing, discovery, and investigation was excessive.

**Hourly Rate**: While the Order reduced the Skadden firm's rates by 10% from $1,140.00 to $940.00 "in line with other New York counsel of record," circumstances and case law dictate that the Magistrate should have done the same for the DLA attorneys as well. D.I. 197, ¶ 57. For example, the associate rates were $735/hr, $650/hr and $620/hr, significantly higher than the $500/hr and lower based on level of skill used as the associate lodestar rate in *Princeton Digital Image Corporation v. Nordstrom.com LLC, et al.* (C.A. No. 13-408-LPS, D.I. 189, Ex. A). Similarly, the partner rates of $950/hr - $760/hr rates are significantly higher than the $595/hr and lower rates used as the partner lodestar rate in *Princeton. Id.*

## III.    References to 

The Order states ███████████████████████████████████████████ ████████████████████████ and includes two additional references to a ███████████ ███████████ D.I. 197, ¶¶ 21, 23, 24. These statements are clearly erroneous. First, the N.D. Cal. case is a miscellaneous *civil* proceeding to compel a civil subpoena to Mr. Chawla ███████ ███████████████████ D.I. 191, Ex. A. Second, Citrix initiated this civil proceeding against Mr. Chawla as an individual. *Id.* Except for appearing in the caption (relating to this underlying D. Del. case), Workspot is not a party to this N.D. Cal. case seeking to compel the subpoena. *Id.*

OF COUNSEL:

Ronald F. Lopez
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600
Tel: (415) 984-8200

Jennifer Hayes
NIXON PEABODY LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151
Tel: (213) 629-6179

Matthew A. Werber
Angelo J. Christopher
NIXON PEABODY LLP
70 West Madison, Suite 3500
Chicago, IL 60602-4224
Tel: (312) 977-4400

Karen A. Gibbs
1901 S. Bascom Avenue, Suite 900
Campbell, CA 95008

Dated: April 4, 2019
6143537 / 45039

Public Version Dated: April 15, 2019

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By:  _/s/ David E. Moore_
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Stephanie E. O'Byrne (#4446)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    sobyrne@potteranderson.com

*Attorneys for Defendant Workspot, Inc.*