# EXHIBIT 5

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Delaware

| | |
|---|---|
| Citrix Systems, Inc. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   1:18-cv-00588-LPS |
| Workspot, Inc. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Microsoft Corporation, c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

_____
*(Name of person to whom this subpoena is directed)*

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

          See Attachment A

| Place: Wilks, Lukoff & Bracegirdle, LLC<br>4250 Lancaster Pike, Suite 200<br>Wilmington, DE 19805 | Date and Time:<br><br>06/28/2019 9:00 am |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/11/2019
_____

                    _CLERK OF COURT_
                                                          OR
_____        /s/ Scott B. Czerwonka (DE Bar No. 4844)
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Citrix Systems, Inc.                                                , who issues or requests this subpoena, are:
Scott B. Czerwonka, Wilks, Lukoff & Bracegirdle, LLC, 4250 Lancaster Pike, Suite 200, Wilmington, DE 19805;
sczerwonka@wlblaw.com; (302) 230-5154

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:18-cv-00588-LPS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                        *Server's signature*

                                                                 _____
                                                                        *Printed name and title*

                                                                 _____
                                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, and in accordance with the instructions and definitions listed below, Plaintiff Citrix Systems, Inc. requests Microsoft Corp. produce the following documents and things for inspection and copying.

## DEFINITIONS

1.      The Local Rules for the U.S. District Court for the District of Delaware are hereby incorporated by reference.

2.      "Microsoft," "You," or "Your" means Microsoft Corp., its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and Microsoft's affiliates, parents, subsidiaries, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned by or controlled by or under common control with Microsoft and all predecessors and successors in interest to such entities.

3.      "Accused Products" means any virtualization product for sale by Workspot, including but not limited to Workspot Control, Workspot Client, Workspot Agent, Workspot Enterprise Connector, Workspot App Cloud, Workspot Desktop Cloud, Workspot Workstation Cloud, and any Workspot Hybrid Deployments.

4.      "Citrix's Virtualization Products" means Citrix's on-premises and cloud-based solutions including but not limited to Citrix Virtual Apps and Desktops (formerly XenApp and XenDesktop and XenApp and XenDesktop Service), Citrix Endpoint Management (formerly XenMobile and XenMobile Service), Citrix ADC (formerly NetScaler ADC), Citrix Gateway (formerly NetScaler, NetScaler Unified Gateway, and NetScaler Gateway Service), Citrix

1

Receiver, ShareFile, and Citrix Cloud and its attendant services (including but not limited to ShareFile service).

5.      "Citrix" or "Plaintiff" refers collectively to Citrix Systems, Inc. and each of their officers, directors, agents, representatives, employees, attorneys, and investigators, and any other person acting on behalf of such entities.

6.      "Workspot" or "Defendant" refers to Workspot, Inc., its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and Workspot's affiliates, parents, subsidiaries, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned by or controlled by or under common control with Workspot, and all predecessors and successors in interest to such entities.

7.      "This action" or "case" or "litigation" means *Citrix Systems, Inc. v. Workspot, Inc.,* Case No. 18-00588-LPS-CJB, United States District Court, District of Delaware.

8.      "Product" means any machine, manufacture, apparatus, device, system, process, or method which is designed to function together electrically, mechanically, chemically, or otherwise, to achieve a particular function or purpose, including those offered for sale, sold, imported, or under development.

9.      "Communication" means the exchange of information by any means of transmission, including, without limitation, face-to-face conversation, mail, overnight delivery, hand delivery, internet, telephone, electronic mail, or facsimile.

10.     "Concerning," "referring to," "that refer(s) to," "relating to," "that relate(s) to," and other variations thereof, as used herein shall be construed in their broadest possible sense,

and shall mean without limitation and whether in whole or in part: referring to, constituting, bearing upon, commenting upon, reflecting, evidencing, pertaining to, describing, depicting, consisting of, containing, comprising, embodying, identifying, stating, discussing, analyzing, studying, summarizing, dealing with, relating to, or having any logical or factual connection whatsoever with the subject addressed, regardless of whether the factual connection is favorable to or adverse to You.

11.   "Document" is used in its customary broad sense, and includes, but is not limited to, any written, printed, typed, recorded, videotaped, filmed, transcribed, taped, electronically created or other matter of any kind or nature held or produced or reproduced, whether sent or received, including the original, and includes, but is not limited to, all correspondence, emails, records, drawings, calculations, memoranda, reports, financial statements, contracts, tabulations, studies, analyses, evaluations, work appointment books, lab notebooks, diaries, comparisons, questionnaires, surveys, charts, graphs, books, pamphlets, booklets, articles, magazines, newspapers, microfilm, microfiche, photographs, tapes or other recordings, magnetic tapes, discs, flash media, other computer-readable media, printouts, computer generated reports and printouts, other data compilations from which information can be obtained, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original, and includes all such documents that are in Your possession, custody or control, or to which You otherwise have access. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

12.   The term "Thing" and its plural are used in the broadest permissible sense consistent with the Federal Rules of Civil Procedure and refers to all tangible objects and items

3

other than Documents and includes every such object and item regardless of nature or kind such as, by way of example but without limitation, machines, devices, components, parts, assemblies, models, samples, prototypes, and commercial and production items, whether or not complete and whether or not functional.

13.    "And" and "or" shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information which might be deemed outside their scope by any other construction.

14.    "Any" and "all" shall be construed in their broadest form, and words imparting the singular shall include the plural and vice versa, so as to bring within the scope of these requests all the information that might otherwise be construed to be outside their scope.

15.    "Date" as used herein shall mean the exact day, month and year if so ascertainable or, if not, the best approximation (including relationship to seasons and other events).

16.    "Including" shall not be used to limit any general category or description that precedes it and shall mean "including without limitation" so as to be inclusive.

17.    "Person" as used herein includes any natural person, firm, partnership, association, corporation, trust, and any other business, governmental or legal entity.

18.    "Third party" or "third parties" refer to any person(s) that are not party to this action.

19.    The singular shall include the plural and vice versa, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside its scope.

4

## **INSTRUCTIONS**

A.      These requests are continuing in nature so that with respect to any request as to which You, after responding, discover additional responsive documents, You shall provide such documents immediately after acquiring knowledge of their existence or advise in writing as to why such additional documents cannot be provided immediately.

B.      Each responsive document or portion thereof that You claim to be privileged against discovery on any ground must be identified by providing:

1.      a description of the general type of document, i.e., letter, memorandum, report, miscellaneous note, etc.;

2.      the date;

3.      the author;

4.      all addresses, recipients, copyholders and other distributees;

5.      the organization, if any, with which each author, addressee, recipient, or distributee was then connected and his job title or description;

6.      the number of pages;

7.      a general summary of the subject matter; and

8.      the grounds for refusing to produce the document or portion thereof.

C.      If a refusal to provide documents responsive to any Request is asserted on the grounds of burden, You should state in detail the reason(s) for Your objection(s), including the number and nature of documents or records needed to be searched or produced, the location of the documents, the custodian of the documents, and the number of person hours and costs required to conduct the search.

D.      Any document requested of which You have knowledge or information but that is not in Your possession, custody or control must be identified in the manner set forth in paragraph B hereof.

5

E.      All documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in these requests. File folder tabs, file labels, binder labels, binder tabs or other organizational marks or labels that identify documents or the location of documents responsive to these requests shall be produced so as to identify the documents contained within the file or binder.

F.      Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

G.      Selection and numbering of responsive documents shall be performed in such a manner as to enable the source of each document to be determined.

H.      If any request is ambiguous or unclear to You, You are requested to contact undersigned counsel as soon as possible so that the request can be clarified to avoid unnecessary delays in discovery.

I.      You may designate as confidential (pursuant to the Protective Order, attached as Attachment B) any Document you produce.

EAST\166917454.1

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents and things relating to any testing, implementation, integration or configuration of the Accused Products with any of Your products or services.

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to any training or instruction involving the implementation, functionality, configuration, or use of the Accused Products with any of Your products or services.

**REQUEST FOR PRODUCTION NO. 3:**

All versions of any marketing, promotional, advertising, and informational Documents relating to any of the Accused Products and Your products or services.

**REQUEST FOR PRODUCTION NO. 4:**

All contracts, agreements and licenses between You and Workspot.

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning any comparison or testing of any of the Accused Products to/against any of Citrix's Virtualization Products.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications related to Workspot's or Your efforts to advertise, market, promote, offer to sell, and/or sell the Accused Products.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications related to any joint efforts by Workspot and You to advertise, market, promote, offer to sell, and/or sell the Accused Products, including but not limited to all materials provided by Workspot to You related to any joint efforts.

7

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications relating to any reactions, responses, or feedback regarding statements made by Workspot or You, or representatives of Workspot or You, that mention Citrix, Citrix's Virtualization Products, or "VDI 1.0 Solutions."

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications between Workspot and You related to Citrix's Virtualization Products.

**REQUEST FOR PRODUCTION NO. 10:**

All advertisements, marketing or promotional items, brochures, videos, social media, website, and/or blog posts, commercials or pamphlets published or created by You, or provided by You to anyone else, concerning the Accused Products.

**REQUEST FOR PRODUCTION NO. 11:**

All documents or communications that record, report, reflect, state, tabulate, summarize, chart, or otherwise concern the dollar amount you have paid to or received from Workspot for the Accused Products.

**REQUEST FOR PRODUCTION NO. 12:**

Any agreements related to the Accused Products, including license agreements and agreements related to the installation, maintenance or use of the Accused Products.

**REQUEST FOR PRODUCTION NO. 13:**

All documents that include or relate to technical and design information pertaining to the Accused Products.

EAST\166917454.1

**REQUEST FOR PRODUCTION NO. 14:**

All documents concerning the interoperability and integration of any of the Accused Products with Microsoft Azure.

9