

**DLA Piper LLP (US)**
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

Denise Seastone Kraft
denise.kraft@dlapiper.com
T  302.468.5645
F  302.778.7917

July 30, 2019

The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26
Room 6124
Wilmington, DE 19801-3555

Re:   Citrix Systems, Inc. v. Workspot, Inc. - C.A. No. 18-588-LPS

Dear Chief Judge Stark:

We write on behalf of our client Citrix Systems, Inc. ("Citrix") to provide an update in light of information recently learned regarding Citrix's Motion for Temporary Restraining Order, D.I. 101 (the "Motion"), which the Court decided at the December 12, 2018 hearing. Tr. at 108:6-109:22.

While Citrix's Motion was primarily concerned with threatening and harassing emails sent to Citrix executives, the Motion also addressed a Patent License Agreement (the "Patent Agreement") between Citrix and Microsoft Corporation ("Microsoft"). Although Citrix designated the Patent Agreement as "Highly Confidential – Attorney's Eyes Only" when it produced the Patent Agreement to Defendant Workspot, Inc. ("Workspot"), Workspot inadvertently disclosed certain material provisions of the Agreement to its employees in violation of the Protective Order. D.I. 102 at 2-4, 10-12; D.I. 112 at 11-14.

Citrix recently learned, through counsel for Workspot, that the Patent Agreement was filed by Citrix on June 20, 1997 with the Securities and Exchange Commission ("SEC"). The Patent Agreement was filed as an exhibit to a comprehensive License, Development and Marketing Agreement ("Development Agreement") between Citrix and Microsoft. The publicly-filed version of the Development Agreement include certain redactions. A .txt file of the SEC filing can be found in the SEC archives, accessible at the following URL:
https://www.sec.gov/Archives/edgar/data/877890/0000927016-97-001752.txt.

Because Citrix now knows portions of the Patent Agreement were made publicly available in the 1997 SEC filing, Citrix has agreed to de-designate those portions of the Patent Agreement, while retaining its prior confidentiality designation over the redacted portions of the Patent Agreement.



The Honorable Leonard P. Stark
July 30, 2019
Page Two

Citrix initially designated the Patent Agreement in its entirety as Highly Confidential – Attorneys' Eyes Only in good faith. The Patent Agreement has a robust confidentiality provision (as does the Development Agreement), and despite its reasonable investigation, Citrix did not learn of the 1997 SEC filing of the Patent Agreement.

Importantly, this new information has no effect on the Court's December 12, 2018 Order concerning the Motion because (1) it is still undisputed that Workspot provided information designated Attorneys' Eyes Only to individuals not authorized to review such information; and, in any event, (2) the Court denied Citrix's Motion insofar as it concerned Workspot's disclosure of provisions of the Patent Agreement to its employees. Nonetheless, in the interest of candor, Citrix expeditiously brings this matter to the Court's attention to inform the Court regarding its de-designation of portions of the Patent Agreement.

Counsel is available at the Court's convenience should Your Honor have any questions.

Respectfully submitted,

*/s/ Denise S. Kraft*
Denise S. Kraft (DE Bar No. 2778)

cc:   The Honorable Sherry R. Fallon (via hand delivery)
      Counsel of Record (via email)