# EXHIBIT 1

| | |
|---|---|
| **From:** | fab9c0+2cmtfrp8rsv4@guerrillamail.com |
| **Sent:** | 10/10/2018 3:13:17 AM +0000 |
| **To:** | Puneet Chawla <puneet@workspot.com> |
| **Subject:** | Test |

Fuck you!

----
Sent using Guerrillamail.com
Block or report abuse: https://www.guerrillamail.com//abuse/?a=cVR6AAgUY6MamgWn4HELPBfIQA%3D%3D

| | |
|---|---|
| **Message Headers:** | Received: from BYAPR17MB2199.namprd17.prod.outlook.com (2603:10b6:a03:94::39) by BYAPR17MB2198.namprd17.prod.outlook.com with HTTPS via BYAPR01CA0062.PROD.EXCHANGELABS.COM; Wed, 10 Oct 2018 03:13:20 +0000 |
| | Received: from MWHPR17CA0091.namprd17.prod.outlook.com (2603:10b6:300:c2::29) by BYAPR17MB2199.namprd17.prod.outlook.com (2603:10b6:a02:b8::32) with Microsoft SMTP Server (version=TLS1_2, cipher=TLS_ECDHE_RSA_WITH_AES_256_GCM_SHA384) id 15.20.1207.27; Wed, 10 Oct 2018 03:13:19 +0000 |
| | Received: from SN1NAM01FT011.eop-nam01.prod.protection.outlook.com (2a01:111:f400:7e40::203) by MWHPR17CA0091.outlook.office365.com (2603:10b6:300:c2::29) with Microsoft SMTP Server (version=TLS1_2, cipher=TLS_ECDHE_RSA_WITH_AES_256_CBC_SHA384) id 15.20.1228.21 via Frontend Transport; Wed, 10 Oct 2018 03:13:18 +0000 |
| | Authentication-Results: spf=pass (sender IP is 167.114.101.158) smtp.mailfrom=guerrillamail.com; workspot.com; dkim=pass (signature was verified) header.d=guerrillamail.com;workspot.com; dmarc=pass action=none header.from=guerrillamail.com; |
| | Received-SPF: Pass (protection.outlook.com: domain of guerrillamail.com designates 167.114.101.158 as permitted sender) receiver=protection.outlook.com; client-ip=167.114.101.158; helo=mail.guerrillamail.com; |
| | Received: from mail.guerrillamail.com (167.114.101.158) by SN1NAM01FT011.mail.protection.outlook.com (10.152.65.163) with Microsoft SMTP Server (version=TLS1_2, cipher=TLS_ECDHE_RSA_WITH_AES_256_CBC_SHA384) id 15.20.1228.17 via Frontend Transport; Wed, 10 Oct 2018 03:13:18 +0000 |
| | Received: by 167.114.101.158 with HTTP; Wed, 10 Oct 2018 03:13:17 +0000 |
| | MIME-Version: 1.0 |
| | Message-ID: <915b2c8954cbe36991d8338744b2b82fa826@guerrillamail.com> |
| | Date: Wed, 10 Oct 2018 03:13:17 +0000 |
| | To: "Puneet@workspot.com" <Puneet@workspot.com> |
| | From: <fab9c0+2cmtfrp8rsv4@guerrillamail.com> |
| | Subject: Test |
| | X-Originating-IP: [98.207.108.220] |
| | Content-Type: text/plain; charset="utf-8" |
| | Content-Transfer-Encoding: quoted-printable |
| | X-Domain-Signer: PHP mailDomainSigner 0.2-20110415 <http://code.google.com/p/php-mail-domain-signer/> |
| | DKIM-Signature: v=1; a=rsa-sha256; s=highgrade; d=guerrillamail.com; l=173; |
| | t=1539141197; c=relaxed/relaxed; h=to:from:subject; |
| | bh=vA5Bm0pMTqcIq9ahNWtP7Fek3YndFyki3aArWgP54U0=; |
| | b=HcN+6qcxLSDLelXEvUcbfQJ6pMYUxhK4I9GCk5VkyGGPVAQ0cYX3WMvM30vzHtPwJOWjtj962UpG |
| | CaJ+kgc1vZdNbOnCVoZLD3Su73JJpLZK9hfmpneEZWg47DFryrGQYAdr3RnuK9ngJmd9wntuT3ei |
| | 3zwxyW4/M2kwPusZK3TVCpGqN6IZiQGlmKg3ZpEsdsMxYiI50r5si3Zx5i8FkaeESJmk4EjqLVXD |
| | o7yTBatn5TTrk7VN4yA6EjDbnyZBcf26Hl5STtRqdzBEVLN8DzCTY6UtkJcfsAmRXtY+uZ5ENNUM |
| | EfcZ8rnIs0Z4TcD34OiNh5gIUbYF/XnRDHnj0w== |
| | Return-Path: fab9c0+2cmtfrp8rsv4@guerrillamail.com |
| | X-MS-Exchange-Organization-ExpirationStartTime: 10 Oct 2018 03:13:18.4707 (UTC) |
| | X-MS-Exchange-Organization-ExpirationStartTimeReason: Original Submit |
| | X-MS-Exchange-Organization-ExpirationInterval: 2:00:00:00.0000000 |
| | X-MS-Exchange-Organization-ExpirationIntervalReason: Original Submit |
| | X-MS-Exchange-Organization-Network-Message-Id: e7dcc72b-4b0a-4ade-2ff7-08d62e5e53a6 |
| | X-EOPAttributedMessage: 0 |
| | X-EOPTenantAttributedMessage: 163804d0-c866-46d5-9e47-0d00cae5dfe5:0 |
| | X-MS-Exchange-Organization-MessageDirectionality: Incoming |
| | X-Forefront-Antispam-Report: CIP:167.114.101.158;IPV:NLI;CTRY:US;EFV:NLI;SFV:NSPM;SFS:(10001)(8156002)(2990300002)(438002)(189003)(5660330001)(2351001)(5640700003)(106466001)(86152003)(126002)(6306002)(221733001)(2876002)(79686004)(22756006)(867602)(4860006)(305945005)(10401600A)(9801000020)(2501003)(118296001)(26005)(558084003)(97336004)(23676004)(30276004)(8746002)(47603)(119626001)(36756003)(106002)(47776003)(3846002)(2616005)(2486003)(66066001)(50466002)(16003)(246002)(7736002)(356003)(1096003)(3480700004)(336012)(42186006)(100306002)(7636002)(6916009)(966005)(86362001)(6116002)(7116003)(44200200005)(556444002);DIR:INB;SFP:;SCL:1;SRVR:BYAPR17MB2199;H:mail.guerrillamail.com;FPR:;SPF:Pass;LANG:en; |

WKSPT_0113022

PTR:server9.guerrillamail.com;MX:1;A:1;
X-Microsoft-Exchange-Diagnostics:
 1;SN1NAM01FT011;1:XwWzIBNSDFD7l3cx4Oz0PKQ35K+ixr9tF8gUwDhQIC+8TQhSdCOPmt0hyi6r4WPWrXmhNH0V8uEw
 nxhFSFunpWFZFpd2Am26X1mUryFNaX3JaIHgP/QfbUmDHo7A
X-MS-Exchange-Organization-AuthSource:
 SN1NAM01FT011.eop-nam01.prod.protection.outlook.com
X-MS-Exchange-Organization-AuthAs: Anonymous
X-MS-PublicTrafficType: Email
X-MS-Office365-Filtering-Correlation-Id: e7dcc72b-4b0a-4ade-2ff7-08d62e5e53a6
X-Microsoft-Antispam:
 BCL:0;PCL:0;RULEID:(7020095)(4652040)(5600074)(711020)(4605076)(4608076)(4614076)(1401234)(8001031)(140
 (71702078)(7193020);SRVR:BYAPR17MB2199;
X-Microsoft-Exchange-Diagnostics:
 1;BYAPR17MB2199;3:LPil8RbYIdIVCAZ6vBabhDLkyXwHCOm90T8TIQWsAagvK08Qkj/jgd5sV8MqVUb0SIX3ehYaOYSByn
 d2lGQnf464t01cb3BxVW6JSu3pPgWf//MGzCzYT651JiybLvTVFlhfwS7B7oQEhIegpvKqPS9DC1b/8Wxs+DOQvzzDeqPT4T
 1B/oxaea0DjxDB2U6HqWpjzaFU/YemIcchauE6tM7B5acqcIA2MYhZ2BBmI0e/zrsUOwvMPW0jsuNc/pBVYsNEJdO12TGfm+
 icTpouMofxxX

HIGHLY CONFIDENTIAL

# EXHIBIT 2
## REDACTED IN ITS ENTIRETY

# EXHIBIT 3

| | |
|---|---|
| **From:** | fab9c0+2cmtfrp8rsv4@guerrillamail.com |
| **Sent:** | Tuesday, October 09, 2018 11:07 PM |
| **To:** | ████████████████████ |
| **Subject:** | Emails leaked to take revenge |

What will happen to your career if your emails are leaked?

Emails to dheeraj at nutanix?
Emails to brad at Microsoft?
Emails to templeton to discuss internal issues?

You will get a thanksgiving present this year!

----
Sent using Guerrillamail.com
Block or report abuse: https://secure-
web.cisco.com/1pdbx1HBZCZVEYqqVchXc652IjOfk3NgmcSmBbC9gLkTJe2CyEmRrsZibuV9kbrPcAnjnZkdXOwgl75d_xZFr2
YGENs1lTCVNTxp-
HMqBSS5o4DiWkOajxFfIYfxNmIsgUUzVT6rUWNswQjzwVMGyqbsN3Wc7Ryoa6irTaea4cSNmF9F957jz_FB4Tl4-
0TCYNApkpFxcNAr1a8WCFOrvTLhJctJLJM193CEYEt1Uwm3WSAC6c5red6Q80x5LWXrUa5vqMqoAChzIyV2GLFUChQ/http
s%3A%2F%2Fwww.guerrillamail.com%2F%2Fabuse%2F%3Fa%3DZUBiDAlOS7Ebmwa1%252FHI%252FcR3TX8OInNRfyg%
253D%253D

# EXHIBIT 4

**From:** famtkf+5g76ils4mzc0mqeswqhvqk@guerrillamail.com
**Sent:** Wednesday, October 10, 2018 11:00 AM
**To:** ████████████
**Subject:** Patent trolls

https://www.zdnet.com/google-amp/article/microsoft-open-sources-its-entire-patent-portfolio

DH: your career will end in 2 months! Your emails are out in the dark web.

It's coming out as a thanksgiving gift!

----
Sent using Guerrillamail.com
Block or report abuse: https://secure-web.cisco.com/1bWQh7vSxFfATLFvKfruFCGiyE-T4Cus-ZpPZEHp3Cv8h1xYk2uOSLEZBEqsGy2sC1tsVOt8iTAZyLRro7GXvYXkX30uFm5uQB1vTPmb_ZqpTyf3Xh96rXkMKtZcJhCJkat1LQl1ysVvScKqhsHB6Tk9nN_Ziy-7bB9TIsqgqznL_avjtwlFLeqBNboy2shVN-C4yWyKWOLSr9hNmeDKVgSO2x7X1-vmO4CiCrx7jzytl7PoPSJtvDcBscDdjiC3x9NJtV1tWLsh9hbRIub5ydQ/https%3A%2F%2Fwww.guerrillamail.com%2F%2Fabuse%2F%3Fa%3DZUBiDAlOS7Ebmwa1%252FHI%252FcR3TX8OInNRfyg%253D%253D

1

# EXHIBIT 5

**From:**            famtkf+5g76ils4mzc0mqeswqhvqk@guerrillamail.com
**Sent:**            Wednesday, October 10, 2018 11:05 AM
**To:**              ███████████
**Subject:**         Emails leaked

Citrix email thread discussing legal patent cases have been leaked



----
Sent using Guerrillamail.com
Block or report abuse: https://secure-
web.cisco.com/1Z2b6DIWg29H59Z3GDarw96fZUxNw2CpSsQMjVuez3YnHiLUFvNoR_FYoPqnhgCCEqjqbE_xHKdBxeNUt3li
pYQN_XNEpf-
r8OaSnXZAE0pCzHXoBNzjBfVMVce5aZQznfR5XLai4NL5gSysweYCnNuZIRslS31vEyFtMQu1rkuCWyUsl2pSC7iCCnm59jvak-
0pHL8-
vnG8q6jKtYmUTIWYF1Jg5HasMKGpXF4xmAJHI0dQ4Pj3wVSCsa3ZYzptM/https%3A%2F%2Fwww.guerrillamail.com%2F%
2Fabuse%2F%3Fa%3Da1R1C0MSSqIQmg%252BU83cLYB3fA8mf3w%253D%253D

1

# EXHIBIT 6

**From:**          fann98+3gku7y2c5g23507f8w@guerrillamail.com
**Sent:**          Wednesday, October 10, 2018 1:56 PM
**To:**            ████████████████████
**Subject:**       email leaks

Looks like some email conversations discussing Frame and Workspot got leaked. We are hearing rumors that brianmadden.com is planning to publish those in the next month. VMware is helping push it.

----
Sent using Guerrillamail.com
Block or report abuse:
https://www.guerrillamail.com//abuse/?a=RUBiDAlOS7Ebmwa1%2FHI%2FcR3TX8OInNRfyg%3D%3D

1

# EXHIBIT 7

**From:**         fatl1m+3doeneefgoww@guerrillamail.com
**Sent:**         Wednesday, October 10, 2018 8:23 PM
**To:**           ███████████████
**Subject:**      Sorry

Our emails have leaked.



----
Sent using Guerrillamail.com
Block or report abuse:
https://www.guerrillamail.com//abuse/?a=ZUBiDAlOS7Ebmwa1%2FHI%2FcR3TX8OInNRfyg%3D%3D

# EXHIBIT 8

**From:**         fb02ji+2py3gfitiw@guerrillamail.com
**Sent:**         Thursday, October 11, 2018 3:04 AM
**To:**           ████████████████
**Subject:**      Cloud innovation

Do you track where you are getting new ideas from? Looks like you are copying everything these days. DaaS is also an original idea?

You can work with legal but at the end you will have your face burried in shyt!

----
Sent using Guerrillamail.com
Block or report abuse: https://www.guerrillamail.com//abuse/?a=a1R1C0MSSqIQmg%2BU83cLYB3fA8mf3w%3D%3D

# EXHIBIT 9





# EXHIBIT 10
## REDACTED IN ITS ENTIRETY

# EXHIBIT 11

**From:**            fbc7af+rb2f4d097u7vxv@guerrillamail.com
**Sent:**            Thursday, October 11, 2018 3:37 PM
**To:**              ███████████████
**Subject:**         Emails leaked

You are done as the CEO. Look at this sample email!

https://pastebin.com/embed_js/TjvvNcZ8


----
Sent using Guerrillamail.com
Block or report abuse:
https://www.guerrillamail.com//abuse/?a=RUBiDAlOS7Ebmwa1%2FHI%2FcR3TX8OInNRfyg%3D%3D

EXHIBIT 12

**From:**                  fbc7af+rb2f4d097u7vxv@guerrillamail.com
**Sent:**                   Thursday, October 11, 2018 3:39 PM
**To:**                      ▄▄▄▄▄▄▄▄▄▄▄
**Subject:**              Check this email

Ethical?
https://pastebin.com/embed_js/TjvvNcZ8

----
Sent using Guerrillamail.com
Block or report abuse: https://www.guerrillamail.com//abuse/?a=S1R1C0MSSqIQmg%2BU83cLYB3fA8mf3w%3D%3D

1

# EXHIBIT 13
## REDACTED IN ITS ENTIRETY

# EXHIBIT 14
## REDACTED IN ITS ENTIRETY

EXHIBIT 15



555 Capitol Mall, Suite 235 ▪ Sacramento, CA 95814
Tel 916.449.2820 ▪ Fax 916.449.2821

## COMPUTER FORENSICS SUMMARY

Date:         May 6th, 2019

Subject:      MacBook Pro – A1502 C2QPQ038G971
              Computer Forensics Report

Forensic Imaging and Processing

On 4/22/2019, we collected a package sent to Mr. Eugene Illovsky from Ronald F. Lopez. An enclosed letter indicated that it is the personal laptop of Puneet Chawla and was sent to Workspot "on or about January 4, 2019". We created a physical forensic image of the device and processed it using industry-standard forensic software. A summary of system information is included below:

| Make | Apple |
|------|-------|
| Model | MacBook Pro A1502 |
| Serial Number | C2QPQ038G971 |
| Evidence Number | 137-01-01 |
| Tool Used | Macquisition |
| Real Time Recorded | 4/22/2019  18:40:00 PST |
| BIOS/System Time Recorded | 01/01/2018 00:10:18 UTC |

User Accounts

No user accounts were identified on this device. The MacBook Pro does not contain artifacts from use.

Locally Configured Email Accounts

No locally configured email accounts were identified on this device. The MacBook Pro does not contain artifacts from use.

Use Between October 9-16,2018

The volume "Mac HD" on the MacBook Pro device contains a file "InstallInfo.plist" at the root of the folder "macOS Install Data". This file has the timestamps shown below:
- Date Created: 2018-10-01 21:55:13 (UTC)

**Privileged and Confidential Attorney Work Product**

- Date Changed: 2018-10-16 23:44:51 (UTC)
- Date Modified: 2018-07-04 20:37:31 (UTC)
- Date Accessed: 2018-10-16 23:44:51 (UTC)

File Listings Generated

We did not find responsive files on the device. We did not generate file listings for responsive items.

Communications

No communications, deleted or allocated, were identified on this device. The MacBook Pro does not contain artifacts from use. We did not find artifacts consistent with communications provided in Exhibit A of the Forensic Review Protocol for Chawla Personal Devices.

Keyword Search Results

We did not find items on the device responsive to keywords.

Internet Browsing History

No internet browsing history or browser applications were identified on this device. The MacBook Pro does not contain artifacts from use.

Anti-Forensics Artifacts

The MacBook Pro does not contain artifacts from use. The hard drive contains installation files consistent with a new installation of MacOS 10.13.6. One notable feature of the volume on the hard drive containing installation files is that it is named "Mac HD". When receiving a new iMac or MacBook device from Apple, this volume is named "Macintosh HD". An instance where a volume might be named differently from "Macintosh HD" would be if a user or reseller erased the hard drive by booting to Recovery mode, erasing the drive with Disk Utility, and installing a clean version of the operating system from external storage (such as a USB thumb drive).

The timestamps included in the previous section may be consistent with the above scenario, in which a clean version of MacOS was installed on a USB thumb drive on 2018-10-01 21:55:13 (UTC) and then installed to the MacBook Pro hard drive on 2018-10-16 23:44:51 (UTC).

Network Connections

The MacBook Pro does not contain artifacts from use. We did not find artifacts indicating connection or use associated with IP addresses 98.207.108.220, 71.202.96.100, or 104.46.110.21.

**Privileged and Confidential Attorney Work Product**

# EXHIBIT 16



# EXHIBIT 17
## REDACTED IN ITS ENTIRETY

# EXHIBIT 18
## REDACTED IN ITS ENTIRETY

# EXHIBIT 19
## REDACTED IN ITS ENTIRETY

# EXHIBIT 20
## REDACTED IN ITS ENTIRETY

# EXHIBIT 21
## REDACTED IN ITS ENTIRETY

# EXHIBIT 22
## REDACTED IN ITS ENTIRETY

# EXHIBIT 23
## REDACTED IN ITS ENTIRETY

# EXHIBIT 24

| | |
|---|---|
| **From:** | citrixbitcoin <citrixbitcoin@protonmail.com> |
| **Sent:** | Tuesday, October 16, 2018 11:40 PM |
| **To:** | ███████████████████ |
| **Subject:** | Emails leaked - you need to transfer bitcoin |

Transfer needs to happen before Oct30. Wallet address next week.

Keywords:
layoffs
patent litigation
elliott
cloud
Google
AWS
Cisco
Microsoft

EXHIBIT 25

**From:**      roger4988 <roger4988@protonmail.com>
**Sent:**      Saturday, October 20, 2018 1:59 PM
**To:**        ███████████████████
**Subject:**   Why did you fire employees?

Did you get sleepless nights

Now you know what it feels like when you fire people

I have no emails. No leaks. The email I sent is not real. I made it up to mess with you.

Just want the execs at Citrix responsible for firing my friends understand the pain.

EXHIBIT 26

| | |
|---|---|
| **From:** | fhkthe+2f43c4v7sez4@guerrillamail.com |
| **Sent:** | Tuesday, October 23, 2018 2:31 PM |
| **To:** | support@citrix.com |
| **Subject:** | Why did you fire so many people? |

to move your stock


----
Sent using Guerrillamail.com
Block or report abuse: https://www.guerrillamail.com//abuse/?a=UlRkFQISV5QWgRqm%2BWZRcRvK

# EXHIBIT 27
## REDACTED IN ITS ENTIRETY

# EXHIBIT 28
## REDACTED IN ITS ENTIRETY

# EXHIBIT 29
## REDACTED IN ITS ENTIRETY

# EXHIBIT 30
## REDACTED IN ITS ENTIRETY

# EXHIBIT 31
## REDACTED IN ITS ENTIRETY

# EXHIBIT 32
## REDACTED IN ITS ENTIRETY

# EXHIBIT 33
## REDACTED IN ITS ENTIRETY

# EXHIBIT 34
## REDACTED IN ITS ENTIRETY

# EXHIBIT 35
## REDACTED IN ITS ENTIRETY

EXHIBIT 36

**From:** TheLayoff.com Team <contact@thelayoff.com>
**Sent:** Monday, October 29, 2018 4:37 PM
**To:** Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com>
**Subject:** Re: Request for Information

[EXTERNAL]

Hello Yasmin,

1

Please see the table below - it contains the requested information. The table covers the three entries you refer to in the subpoena, we do not have any other posts from 104.46.110.21.

Please let us know if you have any questions.

Cheers,

TheLayoff.com Team

| Date | Time | Entry Type | Reply To | Post Title | Body Text | Poster Name | Post ID | Poster's IP Address |
|------|------|-----------|----------|-----------|-----------|------------|---------|---------------------|
| Thu 10/11/18 | 06:26:57 UTC | Post | N/A | Emails leaked | Rumor is that David Henshall's emails have been leaked. They are going to cause serious stock issues in the next 4 weeks. | Field Left Blank | @VA6WHlb | 104.46.110.21 |
| Thu 10/11/18 | 19:31:56 UTC | Reply | Post @VA6WHlb | N/A | replace with paste dot bin | Field Left Blank | @VA6WHlb-mgw | 104.46.110.21 |
| Thu 10/11/18 | 19:30:56 UTC | Reply | Post @VA6WHlb | N/A | https://example.com/embed_is/TjvvNcZ8 | Field Left Blank | @VA6WHlb-cnk | 104.46.110.21 |

On Mon, Oct 29, 2018 at 6:46 AM Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com> wrote:

Hello,

Is there any update? When should we expect to hear back from TheLayoff.com?

Thank you,

Yasmin

**Yasmin Ghassab**
Associate

T +1 617.406.6052

2

EXHIBIT 37

Microsoft Corporation    Tel 425 882-8080
One Microsoft Way        Fax 425 706 7329
Redmond, WA 98052-6399   www.microsoft.com

 Microsoft

**VIA FedEx**

November 8, 2018

Scott B. Czerwonka
Wilks Lukoff & Bracegirdle, LLC
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
(302) 230-5154
sczerwonka@wlblaw.com

> RE:  *Production of Internet Protocol (IP) identifying information*

Dear Mr. Czerwonka,

In response to the Subpoena in this matter, Microsoft has authorized the release of the enclosed pages, MS-SUB 0001 containing the associated data sought by your Subpoena and identified by our internal search procedures, with regard to the account(s): 104.46.110.21 between 3:37pm EDT and 3:39pm EDT on October 11, 2018.

The accompanying material contains information that may be confidential and valuable to Microsoft.  We request that you accord the information the highest level of confidentiality protection available under the compulsory process.

We believe that this completes our obligation under the Subpoena. If you have any further questions or concerns, please feel free to contact me at 425-703-9892.

Sincerely,

MICROSOFT CORPORATION

Drew Wilkinson
Microsoft Corporation

## CERTIFICATION OF AUTHENTICITY

I, Drew Wilkinson, state as follows:

1.      I am over the age of 18, I am competent to testify regarding the matters set forth below and I make this declaration based upon personal knowledge.

2.      I am one of the records custodians for Microsoft Corporation, including its Azure service(s) (the "Service"). I am familiar with the electronic filing system for maintaining subscriber information for the Service.

3.      When a new subscriber registers for the Service, the subscriber is required to enter certain information, including the name and address of the subscriber ("Subscriber Information").

4.      In the ordinary course of the Service's business, the Service maintains an electronic record of the Subscriber Information ("Subscriber Information Record"). Subscriber Information Records are made at the time that a new subscriber registers for the Service.

5.      In the ordinary course of the Service's business, the Service maintains an electronic record of certain data with respect to subscriber accounts, including: registration information provided by the user and Internet Protocol Logs which list the date, time and Internet Protocol address for each account session log-in (collectively, "Subscriber Logs"). Subscriber Logs are made contemporaneously with the events that they document. Subscriber Logs are kept for a limited time and may not be available as they are deleted in the course of routine document storage maintenance.

6.      In the regular course of my duties as custodian of records, I obtained a copy of the Subscriber Information Record and email headers for the Service account(s): Internet Protocol (IP) Address 104.46.110.21 between 3:37pm EDT and 3:39pm EDT on October 11, 2018. These records are included as electronic attachments which have been requested by subpoena in: *Citrix Systems, Inc. v. Workspot, Inc.*

I declare, under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge and belief.

DATED November 8, 2018 in Redmond, Washington.

Drew Wilkinson
Custodian of Records, Microsoft Corporation

CERTIFICATION OF AUTHENTICITY
Page 1 of 1

Subscription ID: ██████████████

Display Name: Pay-As-You-Go

State: Enabled

Offer Category:
Azure_Platform_All;Azure_Direct;Azure_Paid;Azure_Consumption;Azure_MS-AZR-0003P;Individual

TenantID: fb38dde4-20f5-40f2-9351-90fdcf7f1b0e

Creation Time: 2015-01-21T22:30:02.4908785Z

Change Time: 2018-10-10T04:19:39.3412498Z

Primary Admin: msdn@workspot.com

All Admins: msdn@workspot.com; ████████████████

Notable Properties: Third Party;

# EXHIBIT 38
## REDACTED IN ITS ENTIRETY

# EXHIBIT 39
## REDACTED IN ITS ENTIRETY

# EXHIBIT 40
## REDACTED IN ITS ENTIRETY

EXHIBIT 41

## Lisko, Stephanie

| | |
|---|---|
| **From:** | Strapp, Michael G. |
| **Sent:** | Monday, November 19, 2018 3:11 PM |
| **To:** | 'Moore, David E.'; 'Palapura, Bindu A.'; 'Karen Gibbs'; 'Lyon, H. Mark'; 'Hsin, Y. Ernest' |
| **Cc:** | Christofferson, Eric; Kraft, Denise; Biggs, Brian; Ghassab, Yasmin |
| **Subject:** | RE: Citrix v. Workspot, C.A. No. 1:18-cv-00588-LPS -- ESI Demand |

Counsel,

As a follow-up to the email below, Citrix requests that, to the extent it has not already done so, Workspot make forensic images of any computers (including mobile phones) that may have used the 98.207.108.220 or 104.46.110.21 IP Addresses and/or accessed Guerrilla Mail, Proton Mail, TheLayoff.com, or Pastebin.com, including any computers (including mobile phones) used by residents of 34937 Silverlock Ct., Fremont, CA 94555-3100.  Citrix also requests that Workspot make available for inspection by Stroz Friedberg, the forensic expert firm Citrix has retained, these forensic images.

We would like to schedule a call tomorrow to discuss these issues as well as the issues that were raised on your call with Denise on Friday.  Please let us know if you have availability for a call tomorrow from 9-11 am or 3-4 pm Eastern.

Regards,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

**From:** Strapp, Michael G.
**Sent:** Friday, November 16, 2018 9:34 AM
**To:** 'Moore, David E.' <dmoore@potteranderson.com>; 'Palapura, Bindu A.' <bpalapura@potteranderson.com>; 'Karen Gibbs' <karengibbslaw@gmail.com>; 'Lyon, H. Mark' <MLyon@gibsondunn.com>; 'Hsin, Y. Ernest' <EHsin@gibsondunn.com>
**Cc:** Christofferson, Eric <Eric.Christofferson@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Biggs, Brian <Brian.Biggs@dlapiper.com>; Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com>
**Subject:** Citrix v. Workspot, C.A. No. 1:18-cv-00588-LPS -- ESI Demand

Workspot Counsel:

This email is sent in connection with Citrix's Motion for a Temporary Restraining Order and a Motion to Show Cause (the "Motion").

In light of the ongoing litigation between Citrix and Workspot, we trust that Workspot and all of its officers, employees and agents, have preserved all electronically stored information ("ESI"), documents and evidence relevant to the litigation, including all ESI, documents and evidence relevant to the Motion.

Nonetheless, in an abundance of caution, we write to specifically demand that Workspot and all of its officers, employees and agents preserve all documents, tangible things and ESI that are potentially relevant to the Motion (the "ESI Demand"). This will include, but is not limited to: the identity of, or any evidence of the identity of, any individual who has sent any unsolicited emails to any Citrix employee; the identity of, or any evidence of the identify of, any individual who has posted any information regarding allegedly leaked Citrix emails on any website; all ESI recording or reflecting the activity of any such individual; all ESI reflecting the date, content, and circumstances of any such communications or website postings; and all ESI, documents and evidence regarding the use of Guerrilla Mail, Proton Mail, or any such similar email service, by any such individual. As you know, any failure to comply with this notice can result in serious sanctions being imposed by the Court and liability in tort for spoliation of evidence or potential evidence.

This ESI Demand extends to ESI contained on any computing device, storage device, media, network, or cloud repository of any kind, or in any online accounts, including but limited to personal computers, mobile phones, and email, social media, cloud storage, and virtual private network accounts utilized by Workspot and its officers, shareholders, directors and employees. This ESI Demand also extends, in particular, to any residents of 34937 Silverlock Ct., Fremont, CA 94555-3100, the "Service Address" of the Comcast subscriber who has been assigned the IP address 98.207.108.220.

If you have not already done so, Citrix demands that Workspot prevent anyone (including any residents of 34937 Silverlock Ct., Fremont, CA 94555-3100) from modifying, destroying, or hiding electronic evidence on any network, hard drive, computing device, storage device, media, network, or cloud repository of any kind, (such as by deleting or overwriting files, using data shredding and overwriting applications, defragmentation, reimaging or replacing drives, encryption, compression, stenography or the like).

Citrix also demands that Workspot preserve, and not destroy, any online or browser-based email and social media accounts (such as Gmail, Guerrilla Mail, Proton Mail, Twitter, etc.) of Workspot and all of its officers, employees and agents, as well as any residents of 34937 Silverlock Ct., Fremont, CA 94555-3100.

Sincerely,

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

# EXHIBIT 42
## REDACTED IN ITS ENTIRETY

# EXHIBIT 43
## REDACTED IN ITS ENTIRETY

EXHIBIT 44

1

```
 1              IN THE UNITED STATES DISTRICT COURT

 2              IN AND FOR THE DISTRICT OF DELAWARE

 3                         - - -
      CITRIX SYSTEMS, INC.,
 4                                  :    CIVIL ACTION
              Plaintiff,            :
 5                                  :
              v.                    :
 6                                  :
      WORKSPOT, INC.,               :
 7                                  :    NO. 18-588-LPS
              Defendant.            :
 8                         - - -

 9                    Wilmington, Delaware
                  Wednesday, December 12, 2018
10              Preliminary Injunction Hearing
                            and
11         Temporary Restraining Order Hearing

12                         - - -

13    BEFORE:        HONORABLE LEONARD P. STARK, Chief Judge

14                         - - -
      APPEARANCES:
15

16             DLA PIPER LLP (US)
               BY:  DENISE S. KRAFT, ESQ., and
17                  BRIAN A. BIGGS, ESQ.

18                  and

19             DLA PIPER LLP (US)
               BY:  MICHAEL STRAPP, ESQ., and
20                  LARISSA BIFANO, ESQ.
                    (Boston, Massachusetts)
21
                       Counsel for Plaintiff
22

23

24
                            Brian P. Gaffigan
25                          Registered Merit Reporter
```

2

APPEARANCES: (Continued)

POTTER ANDERSON & CORROON, LLP
BY: DAVID E. MOORE, ESQ., and
BINDU A. PALAPURA, ESQ.

and

GIBSON DUNN & CRUTCHER, LLP
BY: H. MARK LYON, ESQ.
(Palo Alto, California)

and

GIBSON DUNN & CRUTCHER, LLP
BY: Y. ERNEST HSIN, ESQ.
(San Francisco, California)

Counsel for Defendant

- oOo -
P R O C E E D I N G S
(REPORTER'S NOTE: The following hearing was held in open court, beginning at 11:20 a.m.)
THE COURT: Good morning.
(The attorneys "respond, good morning, Your Honor.")

3

THE COURT: I'll have you put your appearances on the record, please.

MS. WELSH: Good morning, Your Honor. Denise Kraft, DLA Piper representing Citrix Systems Inc. With me today is Michael Strapp from our Boston office. He will be presenting on both the PI and the TRO. Also with me is Larissa Bifano of our Boston office, Brian Biggs who you know of our Wilmington office back here, and also representing Citrix is Leslie Hamlin, VP Legal.

THE COURT: Okay.

MS. KRAFT: Thank you, Your Honor.

THE COURT: Welcome to all of you. Good morning.

Good morning.

MS. PALAPURA: Good morning, Your Honor. Bindu Palapura from Potter Anderson on behalf of Workspot. With me today is Mark Lyon.

MR. LYON: Good morning, Your Honor.

MS. PALAPURA: And Ernie Hsin from Gibson Dunn & Crutcher.

MR. HSIN: Good morning, Your Honor.

MS. PALAPURA: David Moore from Potter Anderson.

MR. MOORE: Good morning, Your Honor.

MS. PALAPURA: Maryann Alexandrian-Adams, COO at Workspot; and Karen Gibbs, outside counsel for Workspot.

4

THE COURT: Okay. Good morning. Welcome to all of you.

So we are here for a presentation on the plaintiff's motion for PI and a TRO.

First off, apologies. I think we let you know I have had some things come up today so I'm going to take a break in this hearing. I'm available now until 12:00. I may be available as early as 2:00 so I'm going to have you all be back here at 2:00. I'm not sure I will be back at 2:00 but as soon as I'm back, you are my No. 1 priority.

Given that there is going to be a split in how we manage my time, and I have carefully reviewed everything, I wanted to start off by telling you sort of my initial impressions and then why we're going to start where I want to start rather than me ask you where you want to start.

A PI motion is always a request for extraordinary relief. It is a heavy burden. Here, I go into the hearing thinking the plaintiffs are not really very close to meeting their burden. I'd be very surprised if they're able to persuade me that I have so misunderstood the record that they are actually able to prevail in meeting all of their requirements, so I'm expecting to deny the preliminary injunction motion.

On the TRO motion, it's hard to exaggerate how

5

troubled I am by these allegations as to what allegedly Mr. Chawla did. Most particularly, it seems to me that he filed a false and arguably perjurious declaration with the Court that, among other things, not only wasted the parties' time and resources but wasted my time and resources as I evaluated what to do with this TRO.

At one point, that declaration seems to be and the defendant argued it was the most important evidence. And when someone signs a declaration under oath, I tend to believe it and treat it as very important evidence.

In the most recent brief, the defendant now says please don't even put any weight on it. We no longer stand behind it.

I'm not in any way faulting counsel, but our system will completely collapse if people are regularly submitting false or perjurious declarations.

So I want to start there because that is what I'm most troubled by. And as a matter of the TRO, I don't quite know that it means I should grant the TRO. I don't know what it means I should do, but I am not ready, at least at the start of the hearing, to simply look the other way and move on. So to the extent the defendant is asking us just to sort of move beyond this, I'm not ready to do that yet.

So all that said, I'm ready to hear from the

6

1  plaintiff first on the TRO.  I don't know how much time you
2  will plan to put into the TRO, but I'm going to cut you off
3  15 to 20 minutes so I will hear from the defendant before I
4  have to leave.  And if we're not done with the TRO
5  discussion at 12:00, we'll just pick it up when I come back.
6           Mr. Strapp.
7           MR. STRAPP:  Thank you, Your Honor.
8           Citrix filed its motion for a TRO not lightly or
9  casually, not in an attempt to jump the gun but after very
10  careful and deliberate discussion.
11           Now, that motion was filed only a few days
12  after it received the emails, but those emails and the first
13  evidence that came in after the investigation began
14  suggested that there possibly was involvement of Workspot.
15           As recited in the papers, Citrix's COE and
16  Citrix's Senior Vice President had received a series of
17  purportedly anonymous emails that threatened their
18  reputations and threatened their careers.
19           I put up a sample set of some of the emails that
20  were received by the CEO and the Senior Vice President, and
21  although these emails were transmitted anonymously through
22  an email service called Guerrilla Mail, Citrix was able to
23  ascertain Internet protocol, embedded IP address information
24  in some of the messages that suggested that these messages
25  were sent from a subscriber of Comcast Cable who resided in

8

1           So up until just very recently where the
2  Workspot CEO was allowed to have access by coming to Gibson
3  Dunn office and physically reading a copy, that was the
4  first we have been able to have a good dialog with Workspot
5  on this.
6           It would be important for us for
7  Ms. Alexandrian-Adams to stay.  She is the one that will be
8  probably tasked to monitor these issues going forward, so
9  it would be helpful for her to be able to understand what is
10  going on, the severity of the issues and what we're doing.
11           THE COURT:  Okay.  Mr. Strapp.
12           MR. STRAPP:  Your Honor, we permitted Workspot
13  to share all this information with its CEO and co-founder
14  as of a few weeks ago.  We think at least for now that is
15  sufficient.  We are happy to discuss what can be part of the
16  public record, and we had agreed to exchange with Workspot
17  last night's proposed redactions.
18           THE COURT:  All right.  I'm going to deny your
19  request right now.  I'm not seeing the point of asking the
20  COO to leave.  I'm not sure how much of any of this stuff
21  is not going to be public eventually, including for reasons
22  I already put on the record about the serious threat I think
23  that it may be posing to how our system works.
24           So for now, I will, if you see someone else
25  walk in and you want me to reevaluate, I will, but I'm not

7

1  Freemont, California, which happened to be the particular
2  address or particular resident city of the CTO, Mr. Chawla,
3  who also happens to be a co-founder of Workspot, who also
4  happens to be, and still is today, a member of the Board of
5  Directors of Workspot.
6           Your Honor, before I go on, I would just ask, at
7  this point, the parties haven't yet resolved what information
8  here will be public and what will not be public.  And as far
9  as the record stands right now, everything is sealed.  We
10  were in the process of meeting and conferring even up to last
11  night on this.
12           There is only one person in the courtroom right
13  now who is not permitted to be here.  That is the COO of
14  Workspot.  We would request, at least for purposes of the TRO,
15  that the COO leave the courtroom.  Obviously, she can return
16  for the PI proceedings.
17           THE COURT:  What is the defendant's position?
18           MR. LYONS:  Your Honor, this is Mark Lyons for
19  Workspot.
20           We would prefer, if the Court would allow, for
21  Ms. Alexandrian-Adams to stay because it is important for
22  Workspot to understand.  We have been unable to really
23  communicate very effectively with Workspot through this
24  process because of the fact all these pleadings have been
25  held outside counsel.

9

1  closing the courtroom to those who are in the courtroom
2  right now.
3           MR. STRAPP:  So, Your Honor, turning back to
4  the slide in front of you.  This is a sample of a few of the
5  emails that were sent on October 10th and 11th to Citrix's
6  CEO, David Henshall, and Citrix's Senior Vice President,
7  Juan Rivera.
8           Juan Rivera in particular is an important
9  individual in this case.  Juan Rivera has been deposed, has
10  offered a declaration in connection with the preliminary
11  injunction proceedings, has some important knowledge about
12  some of the core technology at issue here.
13           These emails, the content of the emails is
14  particularly important.  You will see here that there are
15  threats here to leak emails.  For example, the email on the
16  left said:  What will happen to your career if your emails
17  are leaked?
18           And there is a series of three different
19  categories of emails where the threat is to leak emails
20  concerning:
21           Dheeraj, who is an executive at a company called
22  Nutanix, which is a partner of Citrix and a partner of
23  Workspot.
24           Brad, who is an executive at Microsoft.
25  Microsoft is a partner of Workspot and also a partner of

22

24

1 to be almost more the purpose of some kind of a disgruntled
2 employee. It seemed to us just as plausible and very likely
3 that this was a disgruntled Citrix employee, particularly
4 if there was access to this email that they said was a
5 confidential attorney email from Mr. Henshall.
6        We knew that that wasn't produced; and we told
7 them that because we couldn't find it. They should have been
8 able to do a quick search of their production to identify it,
9 but that they have never produced that email. So how could
10 that be the basis for any protective order violation in this
11 case?
12        Our point to that was rushing out to file
13 this TRO where they're seeking contempt sanctions and all
14 of these other sanctions against us for protective order
15 violations where there have been none is not the right thing
16 to do. We should have done what we agreed to do with them
17 which is to stipulate to having subpoenas served on Comcast,
18 subpoenas serve on Microsoft, to identify who these IP
19 addresses were.
20        In fact, when that happened, we were able to
21 identify the particular accounts in Azure that tied to the
22 Workspot system. And we provided information to them as far
23 as our investigation into that, and we were able to conduct
24 an investigation, but until that happened, we had no idea
25 what those IP addresses actually were related to, because I

1 them at their leisure.
2        We used shared files in this case, as did Potter
3 Anderson. They went through logs that Citrix apparently
4 maintains of people who accessed those and identified these
5 same IP addresses as being something that accessed Potter
6 Anderson and Gibson Dunn ShareFiles that we have created.
7        Now, putting that aside, we had some concerns
8 about that because this is opposing counsel and they're
9 looking at our interactions.
10        Putting that aside, we didn't know that when we
11 filed our opposition brief. They knew that a week before we
12 filed our opposition brief and didn't tell us until three
13 days after our opposition brief was filed because they
14 wanted to put it in their reply.
15        So we have been having this kind of situation
16 where we're trying to work with them and we're trying to
17 see if we can work with them to get to the bottom of
18 this, but what they have been doing is trying to exploit
19 the situation to try to say that this is protective order
20 violations, that we're being really bad people here, and
21 that we should somehow be punished with contempt sanctions
22 and put us in a light that is very difficult for us.
23        The other thing they have, as I mentioned
24 <mark>earlier, is we have been very limited in our ability to</mark>
25 <mark>share this with the people that are involved. Up until just</mark>

23

25

1 I don't know how familiar you are with the Internet, Your
2 Honor, but there is a dynamic address and a static IP
3 address. Static means that you have the same IP address all
4 time for the same machine. Dynamic addresses means they
5 change from time to time at the whim of the ISP that is
6 providing that address.
7        In both of these situations, we're talking about
8 dynamic addresses that Workspot does not have control over,
9 nor does Mr. Chawla. He wouldn't have any control over what
10 the IP addresses are. That is in the hands of Comcast and
11 Microsoft. So we needed to have that information before we
12 could really fully investigate.
13        And the one thing that we're seeing with Citrix,
14 while they did give us some information upfront, they have
15 been withholding information.
16        For example, this slide here, this lays a little
17 bit of a timeline out. And what happened was they hired
18 Stroz Friedberg on October 21st to start doing forensics on
19 this case. At the end of October 23rd, Stroz had worked
20 with the Citrix people to go through all of the shared file
21 logs; presumably, all of Citrix's customers shared file
22 logs. And what those are is a shared file is kind of like
23 a Dropbox or some kind of a situation where law firms like
24 Gibson Dunn and Potter Anderson use those to load up
25 documents so their clients and other people can download

1 <mark>a couple of weeks ago, Mr. Sinha, the CEO of Workspot, was</mark>
2 <mark>not able to see these allegations and understand what was at</mark>
3 <mark>issue. We have never been able to share them directly with</mark>
4 <mark>Mr. Chawla. So this is a problem for us, and we're trying</mark>
5 <mark>to get to the bottom of this, but we have been very limited</mark>
6 <mark>in what we can say and not say.</mark>
7        THE COURT: All right. I really want to come to
8 Mr. Chawla.
9        MR. LYON: Yes.
10        THE COURT: We'll get that there in just one
11 second. This shared file thing, that is another issue that
12 concerns me, but talk about it for a minute. This is a
13 product that Citrix offers; is that correct?
14        MR. LYON: Correct.
15        THE COURT: So Citrix, as a commercial entity,
16 has, in this litigation, looked into what several law firms
17 representing the defendant have been doing in the course of
18 this litigation. Is that your contention?
19        MR. LYON: Correct. That is what they did.
20        THE COURT: That does seem, if that is true,
21 an area for concern as well. So let's not lose sight of
22 that. But let's talk about Mr. Chawla.
23        MR. LYON: Yes.
24        THE COURT: I'm not faulting at this point what
25 the litigators did based on what you knew at the time, but

26

1    are you here today to tell me that he didn't file the false
2    statement?
3           MR. LYON:  So I'm here today to tell you we
4    don't know for certain, one way or the other.  Certainly
5    the evidence is starting to pile and point towards Mr.
6    Chawla, and not really any other direction at this point.
7           But Mr. Chawla was very -- gave us this
8    information and has been very adamant about it.  So we take
9    that seriously.  We think that he should be taken seriously
10   given the history we have with him.
11         There are some explanations that could come up.
12  We understand.  But I do recognize that they're getting
13  harder to be able to carry out.  That the evidence is lining
14  up.
15         So what we have done is take steps to try to
16  ensure that Mr. Chawla has been reprimanded.  That he is
17  being monitored.  His communications with Citrix are cut off
18  unless he goes through Ms. Alexandria-Adams or Mr. Sinha or
19  the Board.  And we're taking steps to see, to the extent he
20  did do it, which we all recognize the evidence is starting
21  to point towards that conclusion, that if he did do it, that
22  he won't do anything in the future.
23         The one thing I can say, though, Your Honor,
24  is when you look at what was threatened, none of that has
25  really transpired.

27

1         THE COURT:  All right.  I understand that.  I
2  think it just seems likely you and your clients are trying
3  to ask me to ignore the facts that that false evidence was
4  submitted to the Court.  I was reviewing a motion that was
5  being briefed on a fairly expedited basis and told this
6  is the best evidence.  That is what you all told me in
7  your answering brief, and I'm sure you believe that he is
8  not guilty.  He signed under penalty of perjury.  He signed
9  and said it wasn't me.  And now the evidence is definitely
10  mounting that that was a lie.
11         What is it that I, on behalf of the Court, what
12  should I do about that?  Is the answer don't do anything?
13         MR. LYON:  That's an excellent question, Your
14  Honor.  I think the answer is, as far as relying on the
15  declaration, we ask you not to because we do recognize that
16  there are a lot of indications that we don't have any faith
17  in that we did when we filed it.
18         As far as repercussions, Workspot was not
19  aware that this was an issue at all at the time.  Workspot
20  has taken steps since then to try to make sure that this
21  is not going to be an issue going forward.  And we're asking
22  you, we're saying to you that we do not rely on that
23  declaration going forward for the purposes of this motion.
24         We're not challenging, for purposes of this
25  motion, that Mr. Chawla is involved.  We do think punishing

28

1    Workspot is inappropriate because it was not ever our
2    intention to file anything deliberately false with this
3    court, and we never would want to do that, to the extent it
4    is false.
5         THE COURT:  It doesn't appear, from what you're
6    telling me, that Workspot has really punished Mr. Chawla.
7    So if that is the case, it is hard to accept the argument
8    this was not what part of what Workspot wants to happen.
9         ==MR. LYON:  No, I would disagree, Your Honor.  We==
10  ==believe between the reprimands and the restrictions placed==
11  ==upon him, including not using anything other than particular==
12  ==equipment that we are then going to monitor, having less==
13  ==interactions with folks so that he cannot interact; he==
14  ==cannot interact, for example, with anyone at Citrix without==
15  ==permission; we think that we are placing appropriate controls==
16  ==on him.==
17         To say he is not still important to the company
18  as far as his technical knowledge would be obviously greatly
19  exaggerated.  He is a very skilled technical person, so he
20  is obviously an important person to the company, but we are
21  trying to take steps to make sure that he understands to the
22  extent that he did do that, that what he did was wrong, and
23  that we considered it to be wrong, and we don't want to ever
24  see it again.  If something like this happens again, we are
25  reserving the right to take even more aggressive steps.

29

1         THE COURT:  Why shouldn't I want to get to
2    the bottom of this?  Perhaps I need to have an evidentiary
3    hearing.  Perhaps I need to see Mr. Chawla and understand
4    either maybe he is being falsely accused now, that is a
5    possibility, or maybe he needs to come here and explain
6    under oath why it is that he lied to the Court.
7         MR. LYON:  I understand why the Court might
8    want to do that.  Our concern with this is Workspot is a
9    very small company, and it is very difficult for us on
10  this litigation obviously to have these fees.  And so to
11  the extent this becomes the driving issue in the case, which
12  the underlying case really has nothing to do with this,
13  obviously, that the extent this continues on and on, it's
14  putting even more of a drain and burden on Workspot than
15  this case already has.
16         So we recognize the Court, you are obviously
17  within your power here as the court to issue whatever orders
18  you think are appropriate for rectifying anything that you
19  believe has happened here that needs to be rectified, but
20  we would ask that whatever you do, you balance with the
21  fairness to Workspot because to the extent Mr. Chawla has
22  done it, this isn't something where Workspot is really
23  involved.
24         THE COURT:  With respect to fees and costs,
25  are you at this point, based on everything you know, are you

110

1  attention is focused on the issues, and we're going to put
2  some more attention on the issues.  So in denying the
3  motion, I'm not saying that we're done with in particular
4  the Mr. Chawla issue, and let's talk about that.
5          The Court does remain highly troubled by what
6  appears to have been the filing of a false declaration by
7  Workspot but a false declaration signed by Mr. Chawla under
8  penalty of perjury.
9          The reasons for all of that in the record
10 supporting the Court's concern I think is well set out in
11 writing and in our discussion particularly of this morning.
12         I do think it's appropriate, indeed required,
13 that we put some more attention on that issue through
14 some limited expedited discovery.  Once the discovery is
15 completed, the plaintiffs are permitted, should they think
16 they have a basis at that point to do so, to file a motion
17 for additional sanctions.
18         I'm also going to require that the parties, and
19 I'll give you a date for all this in just a moment, but
20 that the parties work together and propose an order to
21 impose additional sanctions on Workspot now to the extent
22 that they can agree on some sanctions that can be put in
23 place even before the discovery.  Some things have been
24 talked about that sound like they may be agreeable already
25 to Workspot.

111

1          And I also am going to require the parties to
2  submit a proposal about what information, if any, should be
3  redacted and not provided to both companies internally about
4  what has occurred.
5          I do have a concern about costs.  I do have a
6  concern about the limited discovery turning into unlimited
7  discovery.  I do have a concern about time.  And I think
8  that these things are more likely to be efficiently handled
9  on both sides if you can come to some ground rules about
10 what can be shared, for instance, with the Workspot board
11 so that you all can hopefully get to the bottom of what
12 happened as quickly and inexpensively as possible.
13         So I'm going to give you it a chance to work on
14 exactly what do we mean by limited expedited discovery,
15 what do we mean by what needs to be redacted, and what can
16 be shared internally.  But ultimately, the plaintiffs will
17 have a chance to ask me to impose further sanctions.
18         One sanction I am imposing now is I am going
19 to make the defendants pay 50 percent of the costs that the
20 plaintiffs have incurred to date in connection with the
21 filing of the TRO motion.  And that is reasonable attorney
22 fees as well as the costs including their retention of the
23 forensic expert to do the investigation.
24         You all have to work out a process in timing to
25 hopefully figure out what that dollar amount is.  If you

112

1  have disputes, then you will have to bring them to me.  But
2  it was fair for the plaintiff to bring the TRO motion.  It
3  was fair for them to be highly concerned about what they saw
4  happening seemingly in a targeted way to their executives in
5  October, and the suspicions that they have about Mr. Chawla
6  from the beginning of that process appear to have been
7  proven through the further investigation and briefing.
8          Some part of the sanction for the false filings
9  that were submitted to the Court has to be a financial cost,
10 and I'm beginning that by the 50 percent of the cost and
11 fees associated with the TRO motion.
12         This is without prejudice to asking for further
13 financial sanctions, depending on how the plaintiffs assess
14 things going forward.
15         Further, the defendant's request for email
16 discovery from the plaintiff's executives is denied.  I
17 don't see a basis to order that discovery at this point.
18         So that is all for the moment on the TRO.
19         On the PI motion, it is denied.  An opinion will
20 follow at some point, but it's enough for me to say at this
21 point that with respect to false advertising and the patent
22 infringement, I find that the plaintiff on this record
23 before me have failed to show a likelihood of irreparable
24 harm on the merits.  They have also failed to show
25 irreparable harm and have failed to show the balance of

113

1  harms favors injunctive relief that they have requested.
2          What I want you to do, I don't want to ruin
3  anybody's holidays but I don't want this to linger forever.
4  So what I am thinking, but I will take your suggestions on
5  this, it's to give you until a week from Friday to meet and
6  confer.  And what I would ideally like from you by next
7  Friday is a proposed schedule consistent with my form
8  scheduling order, and that that schedule should include your
9  proposals for the limited expedited sanctions related, let's
10 call it discovery, to potentially be followed by the filing
11 of the motion for sanctions and also your positions ideally
12 within the form of the scheduling order.  But if it is
13 easier to put it in a separate document, that's fine, but
14 your positions on redactions, and the whole question of how
15 can we educate both companies as to what is going on in
16 hopes of making things move efficiently.
17         If next Friday is reasonable and won't ruin the
18 holidays, then we'll make it next Friday.  If you want to
19 propose a different date, I'm open to it.
20         Any thought from the plaintiffs?
21         MR. STRAPP:  I think next Friday is a good idea
22 because that way we'll have a proposal to you before we get
23 to the holidays.
24         THE COURT:  You can ruin my holiday ...
25         (Lawyers laugh.)

1          THE COURT:  I didn't think of that until you

2    said that.  But what do you think?

3          MR. LYON:  That's fine.

4          THE COURT:  Yes.  So don't expect that I will

5    necessarily have it back to you immediately, but I will turn

6    to it as soon as I can.

7          Anything else before we break?

8          MR. STRAPP:  No.  Thank you, Your Honor.

9          THE COURT:  Is there anything else?

10          MR. LYONS:  No.  Thank you, Your Honor.

11          THE COURT:  Thank you all very much.  We will be

12    in recess.

13          (Hearing ends at 4:27 p.m.)

14

15

16      I hereby certify the foregoing is a true and accurate

      transcript from my stenographic notes in the proceeding.

17

18          /s/ Brian P. Gaffigan
                Official Court Reporter
19                U.S. District Court

20

21

22

23

24

25

EXHIBIT 45

**Lisko, Stephanie**

| | |
|---|---|
| **From:** | Ghassab, Yasmin |
| **Sent:** | Wednesday, January 16, 2019 11:24 AM |
| **To:** | 'Palapura, Bindu A.'; 'Hsin, Y. Ernest'; 'Lyon, H. Mark'; 'Moore, David E.'; 'karen.gibbs@workspot.com' |
| **Cc:** | Strapp, Michael G.; Biggs, Brian; Kraft, Denise; Bifano, Larissa; Lange, Kris |
| **Subject:** | Citrix v. Workspot - Request for Meet and Confer |

Counsel,

We write to you in regard to our request for test account access and your deficient production on January 11, which as you are aware, was comprised of only four documents.  Putting aside RFP No. 4, to which parties agreed to a later production date, Citrix does not believe that Workspot has worked in good faith to produce documents responsive to Citrix's limited discovery requests.  Further, it has been months since Citrix originally requested test account access, and nearly two weeks since we requested the technical support necessary to meaningfully understand the account.

For the ten Requests to which Workspot agreed to produce responsive documents – Requests 1-3, 5-9, and 14-15 – it appears Workspot has only provided documents responsive to RFPs 6, 7 and 15. Further, for documents WKSPT_0092819 and WKSPT_0092175, Workspot has not provided enough context for Citrix to be able to discern which Requests, if any, they are responsive to.

For example, the log in WKSPT_0092175  appears to include a log of Authorization requests sent to servers owned by Microsoft, referencing https://management.core.windows.net and http://schemas.microsoft.com.  Thus, it appears that WKSPT_0092175 was generated by Microsoft in response to users accessing one or more Microsoft services.  However, it is not clear from the log whether the Microsoft service being accessed is Azure or another service and, if it is Azure, whether or not the access is to Workspot's system running in Azure.  Please provide clarification on these two documents.

For the eight Requests Workspot refused to answer, Citrix takes issue in particular with Requests 10-14 and 19, as outlined below, and requests a meet and confer on these issues, as well as those outlined above.

**RFP Nos. 10 and 11**
Workspot objected to these Requests, among other things, as being overbroad to the extent Citrix seeks Workspot confidential information, and "exceed[ing] the scope of permissible discovery by calling for information that is [not] relevant to the TRO Motion."  However, as Workspot surely understands, Mr. Chawla's actions on Workspot computers during October 2018 are entirely relevant to the issues at hand, and are entirely reasonable.  Indeed, they are necessary for Citrix to have the full picture on Puneet's posting and/or emailing the Threatening Emails and related posts, as well as his attempts to destroy evidence after the fact.

**RFP No. 12**
Workspot objected to Citrix's request for documents related to Mr. Chawla's false declaration filed with Workspot's answering brief as privileged, but that privilege was waived when Mr. Chawla made the decision to use Workspot outside counsel in furtherance of his fraud on the Court.  In the Third Circuit, the crime-fraud exception to the attorney-client privilege applies when (1) the client was committing or intending to commit a fraud or crime, and (2) the attorney-client communications were in furtherance of that alleged crime or fraud."  *In re Grand Jury Subpoena*, 745 F.3d 681 (3d Cir. 2014).  Mr. Chawla's communications with you concerning his declaration fall within this exception.  Further, the Court specifically requested discovery on the issue of "a false declaration signed by Mr. Chawla under penalty of perjury."  *See* December 12, 2018 Court Transcript, 110:5-14.  We ask that you produce these documents immediately.

**RFP No. 13**

Workspot objected to Citrix's request for documents and communications between Mr. Chawla and others regarding the Email Threats and Workspot's/Kivu's investigations into the Email Threats as duplicative, overbroad to the extent Citrix is seeking discovery on emails it did not specifically identify in its TRO briefings, and to the extent Citrix seeks privileged information.  However, again, this information is relevant to Mr. Chawla's attempts to hinder Workspot's or Kivu's investigations in the origins of the Email Threats.  If he made false representations to counsel, and counsel acted on those false representations in conducting their investigations and directing Kivu's investigation, that information is not protected by privilege and must be turned over immediately.

**RFP No. 19**

Workspot objected to Citrix's request for Mr. Chawla's Twitter posts since he made his account private on October 15 as not relevant, equally as easy for Citrix to access, and as seeking information already in Citrix's possession.  None of these objects have merit.  Mr. Chawla often used his Twitter account to harass and mock Citrix executives, and as discussed in the TRO papers, refer to Citrix as a troll within hours of emailing Citrix a similar message. It is relevant to the instant issue whether Mr. Chawla continued that pattern of behavior after being made aware of the allegations against him.  Workspot's refusal to produce these tweets is particularly troublesome given Citrix's recent discovery that, as of at least January 13, Mr. Chawla has deleted his Twitter account.

**Test Account Access**

As stated in our January 4, 2019 email to Workspot, we are not able to log into the test account.  Further, we asked for a date by which Workspot would provide instructions or technical support, or make any necessary changes, so that we may access the Windows apps installed on the Virtual Machine image we provided.  We understand from your January 11 email that you are discussing this with your client, but we do not understand the delay.  Please be prepared to provide a substantive update and date by the time we meet and confer on these issues.

Please let us know when you are able to meet and confer on these issues.

Best,

**Yasmin Ghassab**
Associate

**T** +1 617.406.6052
**F** +1 617.406.6152
**M** +1 330.509.1613
**E** [yasmin.ghassab@dlapiper.com](mailto:yasmin.ghassab@dlapiper.com)

# EXHIBIT 46
## REDACTED IN ITS ENTIRETY

EXHIBIT 47

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CITRIX SYSTEMS, INC., | |
| Plaintiff, | C.A. No. 18-cv-00588-LPS |
| v. | **JURY TRIAL DEMANDED** |
| WORKSPOT, INC. | |
| Defendant. | |

**PLAINTIFF CITRIX SYSTEMS, INC.'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WORKSPOT, INC.
REGARDING EMAIL INVESTIGATION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Citrix Systems, Inc. ("Citrix") hereby requests that Defendant Workspot, Inc. ("Workspot") produce for inspection and copying all of the following Documents and other tangible things that are in its possession, custody or control.  Production shall take place within thirty (30) days of this request, at the offices of DLA Piper, 1201 North Market Street, Suite 2100, Wilmington, DE  19801, to the attention of Denise S. Kraft, or at such other location and time as the parties agree.  Workspot is subject to a duty to supplement all responses to this request for production in accordance with Federal Rule of Civil Procedure 26(e).  The following definitions and instructions apply.

**DEFINITION**

1.       "Citrix" or "Plaintiff" means Plaintiff Citrix, Inc.

2.       "Workspot," "You," or "Your" means Defendant Workspot, Inc., individually and collectively, including without limitation its subsidiaries, divisions, affiliates, predecessors, and any past or present directors, officers, agents, affiliates, representatives, employees, consultants,

attorneys, entities acting in joint-venture or partnership relationships with Workspot, and all other persons acting or purporting to act on behalf of Workspot.

3.       "Litigation" means *Citrix, Inc. v. Workspot, Inc.*, C.A. No. 1:18-cv-00588-LPS, in the United States District Court for the District of Delaware.

4.       "Email Threats" means the October 2018 emails sent to David Henshall and Juan Rivera and the website posts to TheLayoff.com and Pastebin.com identified in Citrix's Opening, Reply and Supplemental Briefs, and the Declarations and Exhibits submitted therewith, in support of Plaintiff's Motion for Temporary Restraining Order And To Show Cause Why Workspot Should Not Be Held in Contempt (D.I. 102-104, 117-119, 125-126).

5.       "Virtual Machine" or "VM" means any operating system or application environment that imitates or serves the purpose of dedicated hardware.

6.       "Device," "computing device," or "electronic device" means any electronic equipment controlled by a central processing unit, including but not limited to: mobile phones, tablets, desktop computers, or laptop computers.

7.       "Communication" means any means by which information is exchanged or provided, including face-to-face, telephonic and video conversations, letters, memos, presentations, reports, emails, and web or internet comments or postings (including blog posts and social media posts).

8.       "Document" or "Documentation" is defined broadly to be given the full scope of that term contemplated in Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if

1

necessary, that are or have been in Your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including, without limitation, computer programs and files containing any requested information), any electronic mail, recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, and electronically stored information ("ESI") as defined by Federal Rule of Civil Procedure 26, the District of Delaware Default Standard for Discovery, and any agreements between the parties. Any Document bearing marks, including, without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate Document.

9.      "Information" means information of any kind, from any source, in any form whatsoever.

10.     "Identify" means to state the following: (1) when referring to a person, the person's full name, present or last known address, the last known title and place of employment, and the nature of contractual or legal relationship with You; (2) when referring to a business, legal, or governmental entity or association, the name of the entity or association, the address of its main office, and the nature of contractual or legal relationship with You; (3) when referring to a fact, the fact and the identity of the documentary or testimonial support for that fact; (4) when referring to a product or thing, the title or model name/number, any code name, project name or other name by which it has been referred, and a general description of the product or thing; (5) when referring to a written communication, the identity of the document(s) in which the communication was made; (6) when referring to an oral communication, the identity of all persons participating in the communication; (7) when referring to non-patent documents, the Bates number, type of document, its general nature and subject matter, date of creation, and all

2

author(s), addressee(s) and recipient(s); (8) when referring to patent documents, the country, patent and/or application number, dates of filing, publication and grant, and the names of the patentees or applicants; and (9) when referring to something that does not fall into one of the above categories, a comparable amount of identifying information as the above categories.

11.　　The terms "each" and "Each" mean and include "each and every," "all" and "All" mean and include "any and all," and "any" and "Any" mean and include "any and all."

12.　　"Person" or "Persons" means any individual or company, firm, association, organization, joint venture, trust, partnership, corporation, or other collective organization or entity.

13.　　"Entity" means any Person or Persons.

14.　　 "Relate," "relate to," "related to" or "relating to" means to describe, discuss, constitute, comprise, evidence, support, negate or contradict.

15.　　"Concern" or "concerning" means relating to, referring to, describing, evidencing or constituting.

16.　　 Definitions or usages of words or phrases in these requests are not intended to be, and shall not be, construed as admissions as to the meaning of words or phrases at issue in the action, and shall have no binding effect on Plaintiff in this or in any other proceeding.

17.　　The use of any tense of any word includes all other tenses.

18.　　All Document Requests are for discovery purposes only, and are not to be construed as limiting or reflecting Plaintiff's positions in this Litigation regarding claim construction.

3

## <u>INSTRUCTIONS</u>

A.  Each responsive document or portion thereof that Workspot claims to be privileged against discovery on any ground must be identified by providing:

(1)  a description of the general type of document (*e.g.*, letter, memorandum, report, miscellaneous note, presentation);

(2)  the date;

(3)  the author;

(4)  all addresses, recipients, copyholders and other distributors;

(5)  the organization, if any, with which each author, addressee, recipient, or distributee was then connected and his or her job title or description;

(6)  the number of pages;

(7)  a general summary of the subject matter; and

(8)  the grounds for refusing to produce the document or portion thereof.

B.  Any document requested of which Workspot has knowledge or information but that is not in Workspot's possession, custody or control must be identified in the manner set forth in paragraph A hereof.

C.  All documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in these requests. File folder tabs, file labels, binder labels, binder tabs or other organizational marks or labels that identify documents or the location of documents responsive to these requests shall be produced so as to identify the documents contained within the file or binder.

4

D.      Electronic records and computerized information, including ESI, must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

E.      Selection and numbering of responsive documents shall be performed in such manner as to enable the source of each document to be determined.

F.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

G.      The use of the singular form of any word includes the plural and vice versa.

H.      Color copies of Documents are to be produced where color is necessary to interpret or understand the contents.

I.      Unless otherwise indicated in a particular request, the request is not date or time limited.

J.      If possible, supply all annual data requested on a calendar year basis. However, if fiscal year data is provided, please specify the months in which the fiscal year begins and ends. Whenever information is requested "for each year," include the requested information for all prior years and also the requested.

K.      The obligation to provide the information sought by these requests for production is continuing within the requirement of Fed. R. Civ. P. 26(e).

5

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents and communications related to the Email Threats.

### REQUEST FOR PRODUCTION NO. 2:

All documents reviewed, consulted, or generated in connection with Workspot's investigation into the Email Threats.

### REQUEST FOR PRODUCTION NO. 3:

All documents reviewed, consulted, or generated in connection with Kivu Consulting Inc.'s investigation into the Email Threats, including but not limited to any investigation concerning any Virtual Machine created and/or deleted by Puneet Chawla between October 9, 2018 and the present.

### REQUEST FOR PRODUCTION NO. 4:

Forensic images of Puneet Chawla's Devices that may have been used in connection with the Email Threats, including, but not limited to, any Workspot-issued computer, tablet or mobile device.

### REQUEST FOR PRODUCTION NO. 5:

All documents and communications related to the individuals or organizations that have used any Devices that are associated with IP Addresses 98.207.108.220 or 104.46.110.21 in connection with the Email Threats.

### REQUEST FOR PRODUCTION NO. 6:

All documents and communications sent to any employee of Citrix by Puneet Chawla between October 9, 2018 and the present.

6

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications related to the Email Threats, including but not limited to, the Email Threats themselves, all communications related to the Email Threats between Puneet Chawla and others prior to, during, or after sending the Email Threats, and all documents and communications related to Puneet Chawla's and/or other(s)' efforts to cover up, delete information about, hide the source of, and/or otherwise hinder the investigation by any party into the Email Threats.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications identifying any individuals involved in the planning, writing, revising, posting, and/or sending of the Email Threats.

**REQUEST FOR PRODUCTION NO. 9:**

All documents showing any efforts to delete or destroy any information requested in these Requests for Production.

**REQUEST FOR PRODUCTION NO. 10:**

All Workspot logs that indicate the date and time on which Puneet Chawla's credentials were used to login or logout of any Workspot system, device, software, or hardware at any time from October 9, 2018 through October 23, 2018.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify all devices that used Puneet Chawla's credentials to set up or delete any Workspot Virtual Machines at any time from September 29, 2018 through October 31, 2018.

**REQUEST FOR PRODUCTION NO. 12:**

All documents related to the declaration signed by Puneet Chawla (D.I. 115) and filed

concurrently with Workspot's Answering Brief in Opposition to Citrix's Motion for Temporary Restraining Order and to Show Cause Why Workspot Should Not Be Held in Contempt (D.I. 112) filed on October 30, 2018, including all drafts and all documents and communications regarding the drafting process.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications between Puneet Chawla, Workspot, Workspot's officers or executives, and/or Workspot's board of directors, related to the Email Threats, Kivu Consulting Inc.'s investigation concerning the Email Threats, and/or Workspot's investigation into Citrix's allegations related thereto.

**REQUEST FOR PRODUCTION NO. 14:**

All documents or communications related to any federal, state, or local reports made as a result of the Email Threats, Kivu Consulting Inc.'s investigation, and/or Workspot's investigation into Citrix's allegations related thereto.

**REQUEST FOR PRODUCTION NO. 15:**

All documents related to Workspot's internet and social media policies and practices for executives and employees.

**REQUEST FOR PRODUCTION NO. 16:**

All documents related to Workspot's policies and practices regarding its executives' and employees' use of personal electronics and accounts for conducting company business.

**REQUEST FOR PRODUCTION NO. 17:**

All documents related to any post by any Workspot employee to TheLayoff.com that mentions or references Citrix.

**REQUEST FOR PRODUCTION NO. 18:**

All documents related to any post by any Workspot employee to Pastebin.com that mentions or references Citrix.

**REQUEST FOR PRODUCTION NO. 19:**

All posts Puneet Chawla has made to his Twitter account since making the account private on or about October 15, 2018.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications concerning any disciplinary actions Workspot has taken in connection with the Email Threats.

Dated:  December 7, 2018

**OF COUNSEL**:

Michael G. Strapp (admitted *Pro Hac Vice*)
Larissa Park (admitted *Pro Hac Vice*)
Kristoffer W. Lange (admitted *Pro Hac Vice*)
Yasmin Ghassab (admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone:  (617) 406-6031
michael.strapp@dlapiper.com
larissa.park@dlapiper.com
kris.lange@dlapiper.com
yasmin.ghassab@dlapiper.com

**DLA PIPER LLP (US)**

/s/ Denise S. Kraft
Denise S. Kraft (DE Bar No. 2778)
Brian A. Biggs (DE Bar No. 5591)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, DE  19801
Telephone:  (302) 468-5700
Facsimile:  (302) 394-2341
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com

*Attorneys for Plaintiff*
*Citrix Systems, Inc.*

9

## CERTIFICATE OF SERVICE

I, Denise S. Kraft, hereby certify that on this 7th day of December 2018, the attached

**PLAINTIFF CITRIX SYSTEMS, INC.'S FIRST SET OF REQUESTS FOR**

**PRODUCTION OF DOCUMENTS TO DEFENDANT WORKSPOT, INC. REGARDING**

**EMAIL INVESTIGATION** was served upon the following counsel of record via e-mail.

David E. Moore
Stephanie E. O'Byrne
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801
dmoore@potteranderson.com
sobyrne@potteransderson.com
bpalapura@potteranderson.com

H. Mark Lyon
GIBSON DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
MLyon@gibsondunn.com

Aaron B. Frumkin
Jennifer Rho
GIBSON DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
afrumkin@gibsondunn.com
jrho@gibsondunn.com

Y. Ernest Hsin
GIBSON DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
ehsin@gibsondunn.com

Brian K. Andrea
Brian M. Buroker
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
bandrea@gibsondunn.com
bburoker@gibsondunn.com

/s/ *Denise S. Kraft*
Denise S. Kraft (DE Bar No. 2778)

# EXHIBIT 48



1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984 6000
**www.potteranderson.com**

**David E. Moore**
**Partner**
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192  Fax

February 1, 2019

**VIA ELECTRONIC MAIL (michael.strapp@dlapiper.com)**

Michael G. Strapp, Esq.
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA  02110-1447

      Re:    *Citrix Systems, Inc. v. Workspot, Inc.*, C.A. No. 18-588-LPS

Dear Michael:

      We write in response to your email dated January 31, 2019.

**Sanctions Document Production**

      Your concern about the lack of documents produced by Workspot is without merit. Given the fact that we have not identified any documents or evidence showing anyone other than Mr. Chawla was involved in his emails, the fact that there exist very few non-privileged responsive documents is not surprising.  You are mistaken that Workspot agreed to produce "forensic images" of Mr. Chawla's devices in its possession custody and control.  *See* Workspot Response to Citrix's RFP 4.  We, however, did hire a forensic consulting company to conduct searches of Mr. Chawla's company-related devices during the relevant time period. Additionally, we served a privilege log relating to our first production and are working to provide an updated privilege log to you today.  Finally, we will provide to you a detailed summary of the search we conducted and the work performed by our consultants as soon as practicable.

**General Privilege Issues**

      We agree that the parties have disagreements on privilege issues, but we are also confident that there is nothing in any of the logged privileged documents that suggests or shows anyone besides Mr. Chawla was involved in his emails.  Further, Workspot's search has been exhaustive and inclusive.  Not surprisingly, our search, which included applying search terms[1] to Workspot's email server during the relevant time period (10/9/2018-10/23/2018) and through the present was conducted when there was active litigation involving in-house and outside counsel, and necessarily captured a considerable number of privileged non relevant communications, which have been logged.  We do not agree that our privilege log descriptions are boilerplate and

---

[1] Citrix, Henshall, Rivera, Hough, pj, p.j., TRO, Temporary Restraining Order, email /5 threat, pastebin, thelayoff, Guerilla, Proton, ████, Kivu, Stroz, Comcast, Leak, Revenge, ShareFile, Delete /5 (virtual or machine), Azure /5 address.

Michael G. Strapp, Esq.
February 1, 2019
Page 2

note that, where they exist, we have also logged "Re" line descriptions from the logged communications.  Finally, the basis for the redactions to certain "Re" lines in our log is the attorney client privilege, *i.e.*, the "Re" line contains legal advice provided by Workspot attorneys.

Similarly, there is no support for claiming any crime fraud exception.  And, with respect to Mr. Chawla's emails to himself, he was forwarding a privileged email to himself.  We would like to be clear that we are not claiming any common-interest privilege following Mr. Chawla's termination.  To be clear, there is no "relationship" between Mr. Chawla's personal attorney and Workspot's attorneys; each party is represented by independent counsel.  Workspot severed its ties to Mr. Chawla.

Finally, we can try and clear up some confusion you may have regarding whether there are contradictory objections from Mr. Chawla and Workspot regarding the party in possession of information responsive to Citrix's discovery requests.  Workspot took possession of and conducted its search on Mr. Chawla's work-related devices.  We suspect Mr. Chawla may have personal devices at home to which his objections relate and suggest that you confirm with Mr. Chawla's counsel.  We do not have possession, custody or control over Mr. Chawla's personal devices.

**Citrix's Privilege Logs**

You are correct that we have not received Citrix's privilege log, and we await your promised response on this item.  Please advise when we will receive the Citrix privilege log.

**Test Account Access**

You are correct that we have continued to provide Citrix access to the test account, and we are following up on any technical/access issues.

**Workspot's Amended Answer**

You are incorrect that we did not provide you a substantive answer with respect to our DJ claims for invalidity and non-infringement in our meet and confer call.  As I explained, these are routine claims in patent cases, they raise the same issues as our invalidity and non-infringement defenses and there is certainly no prejudice to them being added at this time.  Please let us know if Citrix will stipulate to entry of the amended pleading as soon as possible.

**Fees and Costs Letter**

Thank you for the clarification that Citrix is seeking fees from October 10 through December 12.  We reviewed what you provided, and we do not believe it is adequate for us or the Court to determine whether the fees were reasonable and necessary, especially given the size of the claim you are making.  We suggest that Citrix follow Delaware precedent on fee awards and provide the following: itemized records indicating the dates on which the work was performed, the attorney performing the work, the nature of the work, the total number of hours spent, and the hourly rate charged for the work.  *See, e.g., Bates v. Board of Education of the*

Michael G. Strapp, Esq.
February 1, 2019
Page 3

*Capital School District*, 2000 WL 1292677, at *2 (D. Del. Aug. 29, 2000); *see also Bayer CropScience AG v. Dow AgroSciences LLC*, 2015 WL 108415, at *8 (D. Del. Jan. 5, 2015).

**Redactions**

We believe that Citrix is over redacting the December 12, 2018 Hearing transcript and TRO pleadings.  We sent an email today with questions concerning Citrix's proposed redactions to the transcript.  This evening we received an email from Ms. Ghassab stating that you are conferring with your client on those redactions.  Also Ms. Ghassab sent a draft copy of an unopposed motion for redaction of the December 12 Hearing Transcript.  Please let us know your client's position on the redactions as soon as possible.  In the meantime, we will review the draft motion and provide Workspot's position on Monday.

**Comcast Subpoena**

As mentioned on our call, Citrix relayed that it had discovered an additional IP address in one of the logs Workspot produced and that Citrix hopes to file a stipulation seeking a Court Order permitting Citrix to serve a subpoena on Comcast to seek information about that IP address.  We have reviewed and edited the draft stipulation. Please see the attached document. We note that Request for Production No. 2 is beyond the sole IP address you mentioned during our call.

Sincerely,

*/s/ David E. Moore*

David E. Moore

DEM:nmt/6075812/45039
Enclosure

cc:      Counsel of Record (via electronic mail)

EXHIBIT 49



1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
**Partner**
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192  Fax

February 15, 2019

**VIA ELECTRONIC MAIL** ( **michael.strapp@dlapiper.com** )

Michael G. Strapp, Esq.
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA  02110-1447

     Re:     *Citrix Systems, Inc. v. Workspot, Inc.*, C.A. No. 18-588-LPS

Dear Michael:

     As I stated in my letter of February 1, below is our summary of the search we performed for responsive documents to the First Set of Requests for Production (RFPs) served on December 7, 2018 related to certain alleged email threats for which Citrix moved for a Temporary Restraining Order (the "Chawla Emails").  The purpose of this discovery was limited to determining whether anyone other than Workspot's former employee, Puneet Chawla, was involved in the Chawla Emails.  The relevant time period was October 9, 2018 to approximately October 23, 2019, although our electronic search did capture documents after this period that have been logged.

     Workspot hired technical consultants to assist it with the electronic search for potentially relevant and responsive documents.  As outlined below, Workspot or its technical consultants performed searches of Workspot's server as well certain client-side devices that Mr. Chawla had in his possession for work purposes and that were returned to Workspot.

     As we have previously advised, our reviewing team did not find emails or other documents showing anyone else at Workspot, but Mr. Chawla, was involved in the Chawla Emails.

**WORKSPOT SERVER-SIDE**

     In response to the RFPs regarding Mr. Chawla's Emails, the inbox and sent box of Mr. Amitabh Sinha (CEO), Ms. Maryam Alexandrian (COO), Puneet Chawla (former CTO), Richard Yoza and Karen Gibbs (Counsel) were searched for all emails, documents, and/or communications using the following search terms (referred to herein as the "Search Terms"):

| | |
|---|---|
| • Citrix | • the layoff |
| • Henshall | • Guerilla |
| • Rivera | • Proton |
| • Hough | • Nutanix |

Michael G. Strapp, Esq.
February 15, 2019
Page 3

| | |
|---|---|
| • pj | • Kivu |
| • p.j. | • Stroz |
| • TRO | • Comcast |
| • Temporary Restraining Order | • Leak |
| • email /5 threat | • Revenge |
| • pastebin | • ShareFile |
| | • Delete /5 (virtual or machine) |
| | • Azure /5 address |

The emails, documents, and/or communications resulting from the search were reviewed by counsel for responsiveness and privilege. The emails, documents, and/or communications that were deemed responsive and not privileged were produced to Citrix. These documents were produced in two groups – on January 11, 2019 and January 25, 2019 – and were bates numbered as follows: WKSPT 0092175 – WKSPT_0092875 and WKSPT_0092887 – WKSPT_00928891.

Mr. Amitabh Sinha, Ms. Maryam Alexandrian, Mr. Puneet Chawla, Mr. Richard Yoza, Ms. Karen Gibbs, and the members of Workspot's Board of Directors also confirmed that they did not have any hardcopy documents related to the Chawla Emails.

**CLIENT-SIDE**

We requested that Mr. Chawla turn over any Workspot-related devices in his possession. In response to our request, we received the following:

- A Microsoft Surface Laptop 2, SN 034002583557

- A Lenovo Laptop, Yoga 20344, SN 3348086601593

- An HTC Phone, 0P6B120 One M8, SN 358718052794125

- A Samsung Tablet, Samsung GT-P8110 Nexus 10, SN 7a400b4cfcf87c1e

- Leadtech Research Zero Client

- 2014 MacBook Pro, SN C2QPQ038G971

Our consultants imaged the Microsoft Surface Laptop 2, the Lenovo Laptop, the HTC Phone, the Samsung Tablet as well as a 2014 MacBook Pro. The images were reviewed by our consultants.

Workspot records show the MS Surface Laptop 2 was purchased on or about October 4, 2018, released by MS on or about October 16, 2018 and apparently received by Mr. Chawla a few days later. Mr. Chawla set up his user account on the Surface laptop on or about October 19. The Microsoft Surface Laptop 2 included three types of user data: emails, web activity and history, and documents. The only emails on the device related to Mr. Chawla's Workspot email, as his email was pulled onto the device when Mr. Chawla set up his email account on the device. The emails resulting from this search were reviewed by counsel for responsiveness and privilege. These emails that were found to be responsive and not privileged were produced to Citrix and

Michael G. Strapp, Esq.
February 15, 2019
Page 3

bates numbered WKSPT_0092876 – WKSPT_0092886.  The device also contained web activity commencing after the user login/account was set up on October 19, although there was one non-relevant web browsing artifact with an incorrect date prior to the manufacture/delivery of the Laptop.  The web activity dated between October 19, 2018 and October 23, 2018 was produced to Citrix and bates numbered WKSPT _0092892 – WKSPT _0092898.

The forensic images of the other devices did not include any information responsive to the RFPs.  Our consultant advised that the Lenovo Yoga 2 referenced above had no user-related data dated between October 9, 2018 and October 23, 2018.  Our consultant did obtain information from the HTC Phone and the Samsung Tablet.  However, the information was reviewed by counsel for responsiveness and privilege, and it was determined that neither device contained any responsive information within the relevant time period.  Our consultant advised us that the Leadtech Research Zero Client does not have local storage and therefore the Leadtech Research Zero Client had no user-related data.

Mr. Chawla also delivered to us a 2014 MacBook Pro which we imaged but was not bootable and had no data.  It was then represented to us that the 2014 MacBook Pro was Mr. Chawla's own personal device and we returned it to him through counsel.

At this time, we are unaware of any additional Workspot related devices that Mr. Chawla may have used during the relevant timeframe.

**MICROSOFT AZURE SIDE**

In response to a subpoena from Citrix, Microsoft Corporation identified a subscription relating to the Microsoft Azure service that is used by Workspot (the "Identified Subscription").

We understand that logs and associated metadata related to the use of the Identified Subscription between October 9, 2018 and October 23, 2018 were obtained.  We further understand that these logs and associated metadata were produced to Citrix (Bates Nos. WKSPT_0092175 – WKSPT_0092819).

Sincerely,

*/s/ David E. Moore*

David E. Moore

DEM:nmt/6084832/45039
cc:      Counsel of Record (via electronic mail)

EXHIBIT 50

| | |
|---|---|
| **From:** | Eugene Illovsky <eugene@illovskylaw.com> |
| **Sent:** | Thursday, February 21, 2019 6:40 PM |
| **To:** | Ghassab, Yasmin |
| **Cc:** | Kraft, Denise; Biggs, Brian; Christofferson, Eric; Strapp, Michael G. |
| **Subject:** | Re: Subpoena to Puneet Chawla |

[EXTERNAL]

Yasmin:

First, I am disappointed that Citrix has refused to proceed on deposition dates offered by Mr. Chawla.  In early March, Mr. Chawla is available for deposition in Palo Alto on March 1, 4 or 5; he is traveling from March 11-19 and unavailable during that time.

Second, I believe a Rule 45 request for "tangible things" or for the inspection of "premises" has to identify those things or premises. Citrix offers no legal authority for its position that it can use a Rule 45 subpoena for inspection to force Mr. Chawla to identify personal devices "that he used to browse the internet."  *Advante International Corp. v. Mintel Learning Technology*, 2006 WL 3371576 N.D. Cal. 2006), does not help Citrix since it does not involve a Rule 45 subpoena but is a dispute between parties.  Even there, it was not enough for one party to assert that a production was somehow insufficient; Mintel had shown to the Court that some emails had been "altered" and thus was permitted to inspect the other party's hard drive.  Citrix has raised no such issue here and, with respect to non-party discovery, is still bound by Rule 45(d)(1) to avoid imposing undue burden and expense on Mr. Chawla.  I note that Mr. Chawla returned his company-owned devices upon separating from Workspot and, presumably, Citrix has had access to materials from those.

Third, I am available to meet and confer further tomorrow between 11:30 am and 1 pm or between 2:30 pm and 5 pm.

Regards,

Eugene

**From:** "Ghassab, Yasmin" <Yasmin.Ghassab@dlapiper.com>
**Date:** Wednesday, February 20, 2019 at 2:04 PM
**To:** Eugene Illovsky <eugene@illovskylaw.com>, "Strapp, Michael G." <Michael.Strapp@dlapiper.com>
**Cc:** "Kraft, Denise" <denise.kraft@dlapiper.com>, "Biggs, Brian" <Brian.Biggs@dlapiper.com>, "Christofferson, Eric" <Eric.Christofferson@dlapiper.com>
**Subject:** RE: Subpoena to Puneet Chawla

Eugene,

Thank you for your email and for sharing Mr. Chawla's availability, though Mr. Chawla's failure to satisfy his obligations under the subpoena have all but made a February 25/26 deposition implausible.  Unless Mr. Chawla intends to supplement his production to satisfy the numerous deficiencies by the end of this week, please provide dates for the first two weeks of March and Mr. Chawla's preferred location.

If Mr. Chawla will not agree to supplement his production, we will file a motion to compel the production of forensic imaging of Mr. Chawla's devices in the Northern District of California on Friday. Time is of the essence; the District of

Delaware has set a March 15, 2019 deadline for Citrix to file its motion for sanctions related to Mr. Chawla's conduct, and as such Citrix needs Mr. Chawla's responses as soon as possible.  To be clear, we would like to resolve this amicably, or at least resolve as many of the outstanding issues as possible without resorting to motion practice.  Please provide a time you are available Thursday or Friday to meet and confer so that we can make one last attempt to resolve these disputes.

While Citrix's position has been clearly set forth in prior correspondence, we will respond to each of your points in turn.  You state in your email that Mr. Chawla "has already conducted a search for materials that are responsive to [Citrix's] subpoena."  We have already addressed the sufficiency of Mr. Chawla's search, conducted without the involvement of his attorneys, in our February 2nd email.  Given Mr. Chawla's conduct—including his willingness to sign false affidavits and delete evidence—Citrix justifiably has concerns that Mr. Chawla's "search" is insufficient.  As we have stated, it is for at least these reasons that we have consistently requested that a neutral third party review Mr. Chawla's personal devices to find all relevant and responsive documents.

As to your question regarding relevance, as we stated in our February 11 email, "the Court has expressly permitted Citrix to seek discovery in connection with the issues raised in its TRO motion… This discovery, including the subpoena we have served on Mr. Chawla, is directly related to Judge Stark's concerns about Mr. Chawla's apparently false declaration."  The information on Mr. Chawla's personal devices is relevant to show whether (1) Mr. Chawla sent the harassing emails at issue, (2) created and posted the fabricated email referenced in the TRO pleadings, (3) knowingly signed or drafted a false declaration, (4) shared his plans with any others, and/or (5) destroyed relevant evidence, as just a few reasons.

Further, your characterization of Citrix not "even having to first identify a specific device" is unfair.  Mr. Chawla is uniquely aware of which devices are relevant to Citrix's requests.  Even still, Citrix narrowed its request during our January 31, 2019 meet and confer, which we memorialized in our February 3 email: "Mr. Strapp stated that Citrix is only interested in devices Mr. Chawla used to browse the internet or send emails during the relevant October 9-20, 2018 timeframe."  Citrix cannot identify these devices.  That information is exclusively in possession of Mr. Chawla.  And to require Citrix to receive that information only after "having to lay a factual foundation by, say, getting testimony," would further delay this already dragged-out discovery process and would more than likely require a second deposition when those documents are produced.  Regardless, we know of no case law in the Northern District of California requiring Citrix to identify a specific device.

Finally, in *Advante Intern. Corp. v. Mintel Learning Tech.*, 2006 WL 3371576, *1 (N.D. Cal. Nov. 21, 2006), the Northern District of California allowed for the imaging and production of computer servers with sensitive information, but required the parties to agree on an acceptable protocol – one that would allow a third party to conduct a forensic examination of the servers (or in the alternative allow each party to have an expert present for a forensic examination of the servers), and would allow counsel for the party who's servers were being imaged to review those forensic images for relevance, responsiveness and privilege.  A Southern District of California case *Advante* cites to as an example of another appropriate inspection protocol of a personal device further requires the requesting party to bear the cost of examination, which Citrix is willing to do.  *See Playboy Enters., Inc. v. Welles*, 60 F. Supp.2d 1050, 1054-55 (S.D. Cal. 1999). As we have stated on multiple occasions, Citrix does not wish to receive any information beyond the relevant, non-privileged information requested.  Please let us know if this type of protocol, and Citrix's willingness to bear the costs of examination, would alleviate your client's concerns and allow the parties to avoid involving the Court.

Let us know when you are able to meet and confer at your earliest convenience.


**Yasmin Ghassab**
Associate

**T** +1 617.406.6052
**F** +1 617.406.6152
**M** +1 330.509.1613
**E**  yasmin.ghassab@dlapiper.com

**From:** Eugene Illovsky <eugene@illovskylaw.com>
**Sent:** Monday, February 18, 2019 7:02 PM
**To:** Strapp, Michael G. <Michael.Strapp@dlapiper.com>
**Cc:** Kraft, Denise <denise.kraft@dlapiper.com>; Biggs, Brian <Brian.Biggs@dlapiper.com>; Ghassab, Yasmin
<Yasmin.Ghassab@dlapiper.com>; Christofferson, Eric <Eric.Christofferson@dlapiper.com>
**Subject:** Re: Subpoena to Puneet Chawla

**[EXTERNAL]**

Michael:

I have reviewed the transcript; thank you for providing that.  I noticed that the Court in Delaware allowed
Citrix to take "limited" discovery, though I did not see that the Court spelled out what that limited discovery
is.

In any event, Citrix still has not said what additional information it expects to learn from inspecting Mr.
Chawla's "devices" that is relevant to a claim or defense of the parties.  He has already conducted a search for
materials that are responsive to the subpoena.

Moreover, if Citrix has any case authority for the proposition that it may use a subpoena to go through Mr.
Chawla's personal electronic devices, without even having to first identify a specific device (or having to lay a
factual foundation by, say, getting testimony), I would very much appreciate seeing it.

Mr. Chawla is available for deposition on February 25 or 26.

Regards,

Eugene

**From:** "Strapp, Michael G." <Michael.Strapp@dlapiper.com>
**Date:** Thursday, February 14, 2019 at 5:43 AM
**To:** Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** "Biggs, Brian" <Brian.Biggs@dlapiper.com>, "Kraft, Denise" <denise.kraft@dlapiper.com>, "Christofferson,
Eric" <Eric.Christofferson@dlapiper.com>, "Ghassab, Yasmin" <Yasmin.Ghassab@dlapiper.com>
**Subject:** RE: Subpoena to Puneet Chawla

Eugene,

I have received permission from Workspot counsel to share with you an unredacted copy of the Dec. 12, 2018 hearing
transcript.  The transcript is attached.  Please get back to us regarding whether you will agree to some form of inspection
of Mr. Chawla's devices by this Monday.

Thank you,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

**From:** Eugene Illovsky <eugene@illovskylaw.com>
**Sent:** Tuesday, February 12, 2019 4:31 PM
**To:** Strapp, Michael G. <Michael.Strapp@dlapiper.com>
**Cc:** Biggs, Brian <Brian.Biggs@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Christofferson, Eric <Eric.Christofferson@dlapiper.com>; Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com>
**Subject:** Re: Subpoena to Puneet Chawla

**[EXTERNAL]**

---

Michael:

If Citrix is representing that the Court "expressly permitted Citrix to seek discovery" from Mr. Chawla, then that certainly affects my analysis.

I'll just double-check the transcript and any pertinent Court orders as soon as they're provided and then I will consider further (and respond regarding) Citrix's request for inspection.

Mr. Chawla has conducted his search and does not intend to conduct any further search.

Regards,

Eugene

---

**From:** "Strapp, Michael G." <Michael.Strapp@dlapiper.com>
**Date:** Monday, February 11, 2019 at 11:59 AM
**To:** Eugene Illovsky <eugene@illovskylaw.com>, "Ghassab, Yasmin" <Yasmin.Ghassab@dlapiper.com>
**Cc:** "Biggs, Brian" <Brian.Biggs@dlapiper.com>, "Kraft, Denise" <denise.kraft@dlapiper.com>, "Christofferson, Eric" <Eric.Christofferson@dlapiper.com>
**Subject:** RE: Subpoena to Puneet Chawla

Eugene,

The Court has expressly permitted Citrix to seek discovery in connection with the issues raised in its TRO motion.  (Note that public versions of the TRO pleadings are now available on PACER.)  This discovery, including the subpoena we have served on Mr. Chawla, is directly related to Judge Stark's concerns about Mr. Chawla's apparently false declaration.

To that end, with regard to our request for inspection we seek to inspect (or have a third-party forensic expert consultant inspect) any personal devices on which Mr. Chawla sent emails or posted information to Internet websites during the month of October 2018.  We assume this would include Mr. Chawla's smartphone and personal laptop, but if there are additional such devices, we would like to inspect those as well.

The relevance of this information is that it could tend to show that Mr. Chawla's declaration was indeed false and may also reveal that others, in addition to Mr. Chawla, were involved in sending threatening emails to Citrix executives and/or attempting to cover up and delete information concerning those threatening emails.

Please let us know if you will reconsider your refusal to allow DLA Piper or a third-party consultant to inspect and forensically image Mr. Chawla's devices.  Additionally, please confirm that Mr. Chawla does not intend to produce or search for any additional responsive information.


Best regards,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

**From:** Eugene Illovsky <eugene@illovskylaw.com>
**Sent:** Friday, February 8, 2019 11:13 AM
**To:** Ghassab, Yasmin <Yasmin.Ghassab@dlapiper.com>
**Cc:** Strapp, Michael G. <Michael.Strapp@dlapiper.com>; Biggs, Brian <Brian.Biggs@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Christofferson, Eric <Eric.Christofferson@dlapiper.com>
**Subject:** Re: Subpoena to Puneet Chawla

[EXTERNAL]

---

Hi Yasmin:

First, Mr. Chawla does not have forensic images for Citrix to inspect (as I think his earlier responses made clear).  If Citrix is asking that he have them made, he's under no such obligation.  And if there is a particular device whose forensic image Citrix has reason to believe it should be able to inspect, it should describe what device that is and articulate what it expects to find on that forensic image that is relevant to a party's claim or defense.

Second, we disagree that there is anything "deficient" about Mr. Chawla's production.  I don't think Citrix's bare assertion is a good reason to postpone the deposition it has set.  But given that Citrix is not yet able to provide a transcript, I will check with Mr. Chawla on dates for later in February.

Regards,

Eugene


--
**Eugene Illovsky**
Illovsky Law Office
1611 Telegraph Ave, Ste. 806
Oakland, CA 94612
510.394.5885 (o)
925.699.2826 (m)
www.illovskylaw.com

=========================
This message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail to eugene@illovskylaw.com, and delete the message.

**From:** "Ghassab, Yasmin" <Yasmin.Ghassab@dlapiper.com>
**Date:** Thursday, February 7, 2019 at 3:03 PM
**To:** Eugene Illovsky <Eugene@illovskylaw.com>
**Cc:** "Strapp, Michael G." <Michael.Strapp@dlapiper.com>, "Biggs, Brian" <Brian.Biggs@dlapiper.com>, "Kraft, Denise" <denise.kraft@dlapiper.com>, "Christofferson, Eric" <Eric.Christofferson@dlapiper.com>
**Subject:** Subpoena to Puneet Chawla

Eugene,

I write in  response to your letter dated February 7, 2019.

As an initial matter, your letter did not address any of the issues Citrix raised during the January 31, 2019 meet and confer or the follow-up email sent February 2.   In particular, we have received no response regarding our request for an inspection of forensic images of Mr. Chawla's devices, which in our view are necessary for a productive deposition.  Please provide an answer immediately.

Given that we are still waiting on a response to this, and given Mr. Chawla's deficient production on February 6, we must postpone the deposition currently scheduled for February 11 to a later time.  Please let us know which dates Mr. Chawla is available in late February.

Further, the relevance of the recently filed public versions of the TRO pleadings to Mr. Chawla's testimony is clear in the yet-unsealed hearing transcript. We will share the publically filed version with you when it is available.   To the extent Citrix intends to ask about specific information redacted in the transcript or pleadings, we will provide you sufficient notice in advance of Mr. Chawla's deposition.

Thank you,
Yasmin

**Yasmin Ghassab**
Associate

**T** +1 617.406.6052
**F** +1 617.406.6152
**M** +1 330.509.1613
**E** yasmin.ghassab@dlapiper.com

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

EXHIBIT 51

1   Andrew P. Valentine (Bar No. 162094)
    andrew.valentine@dlapiper.com
2   **DLA PIPER LLP (US)**
    2000 University Avenue
3   East Palo Alto, California 94303
    Tel:   650.833.2000
4   Fax:   650.833.2001

5   Joy G. Kim (Bar No. 294841)
    joy.kim@dlapiper.com
6   **DLA PIPER LLP (US)**
    555 Mission Street, Suite 2400
7   San Francisco, CA 94105
    Tel:   415.823.2500
8   Fax:   415.823.2501

9   Attorneys for Plaintiff
    CITRIX SYSTEMS, INC.

10

ORIGINAL
FILED

MAR - 1 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

11

12              **UNITED STATES DISTRICT COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA**

14                       **SAN FRANCISCO**

15   CITRIX SYSTEMS, INC.,                    [Action pending in the District of Delaware,
                              Plaintiff,      Case No. 1:18CV00588-LPS]
16
                                              MISCELLANEOUS ACTION  **EDL**
17        v.
                                  CV  19      CASE NO.  **80  054** MISC
18   WORKSPOT, INC.,
                              Defendant.
19                                            **NOTICE OF MOTION AND MOTION
                                              TO COMPEL PRODUCTION OF**
20                                            **DOCUMENTS IN RESPONSE TO**
                                              **SUBPOENA; MEMORANDUM OF**
21                                            **POINTS AND AUTHORITIES IN**
                                              **SUPPORT THEREOF**
22
                                              Time:
23                                            Date:
                                              Judge:
24

25

26

27

28
       NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO
                       SUBPOENA; MEMO OF POINTS AND AUTHORITIES ISO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................ 2

    A. The Threatening Emails ....................................................................................... 3

    B. Citrix's Investigation and Motion for a Temporary Restraining Order ................ 5

    C. The Delaware Court Imposes Initial Sanctions on Workspot and Orders Discovery ............................................................................................................... 6

    D. Workspot's Deficient Production Regarding Mr. Chawla's Bad Acts Suggests Mr. Chawla Used His Personal Devices. ............................................... 6

    E. Mr. Chawla Fails to Respond to the Court-Ordered Subpoena ............................ 7

III. LEGAL ANALYSIS ........................................................................................................ 9

    A. Legal Standards .................................................................................................... 9

    B. Mr. Chawla Should be Compelled to Produce Responsive Documents and Information ........................................................................................................... 10

        1. The discovery sought is relevant and limited in scope ............................ 10

        2. Citrix has demonstrated a need for the discovery sought ........................ 12

        3. Any hardship to Mr. Chawla will be minimal .......................................... 13

        4. Mr. Chawla cannot meet his burden ........................................................ 13

    C. Citrix has satisfied Fed. R. Civ. P. 45(d)(2)(B)(ii) ............................................. 14

IV. CONCLUSION ............................................................................................................... 14

- i -
NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO SUBPOENA; MEMO OF POINTS AND AUTHORITIES ISO

EAST\165015235.4
EAST\165015235.4

1

# TABLE OF AUTHORITIES

Page

2   **CASES**

3   *Advante Int'l Corp. v. Mintel Learning Tech.*,
4       No. 05-01022 JW (RS), 2006 WL 3371576 (N.D. Cal. Nov. 21, 2006).......................11, 12, 13

5   *Antioch Co. v. Scrapbook Borders, Inc.*,
        210 F.R.D. 645 (D. Minn. 2002) ............................................................................................11

6

7   *Balboa Threadworks, Inc. v. Stucky*,
        No. 05–1157–JTM–DWB, 2006 WL 763668 (D. Kan. Mar. 24, 2006) ...................................10

8   *Boston Scientific Corp. v. Lee*,
        No. 5:14-mc-80188-BLF-PSG, 2014 WL 3851157 (N.D. Cal. Aug. 4, 2014) ...........................9

9

10  *Commc'ns Ctr., Inc. v. Hewitt*,
        2005 WL 3277983 (E.D. Cal. Apr. 5, 2005) ...........................................................................10

11
    *Dawe v. Corrections USA*,
12      263 F.R.D. 613 (E.D. Cal. 2009)......................................................................................11, 12

13  *Edwards v. Cal. Dairies, Inc.*,
        No. 1:14–mc–00007–SAB, 2014 WL 2465934 (E.D. Cal. June 2, 2014) ..................................9

14

15  *Gonzales v. Google, Inc.*,
        234 F.R.D. 674 (N.D. Cal. 2006) .......................................................................................9, 10

16
    *Heat & Control, Inc. v. Hester Indus., Inc.*,
17      785 F.2d 1017 (Fed. Cir. 1986) ...............................................................................................9

18  *Khalilpour v. CELLCO P'ship*,
        No. 3:09–cv–02712–CW–MEJ, 2010 WL 1267749 (N.D. Cal. Apr. 1, 2010).....................9, 14

19
    *Lee v. Stonebridge Life Ins. Co.*,
20      No. 11-cv-43 RS (JSC), 2013 WL 3889209 (N.D. Cal. July 30, 2013)....................................13

21  *Legal Voice v. Stormans Inc.*,
        738 F.3d 1178 (9th Cir. 2013).............................................................................................9, 10

22

23  *Linder v. Calero-Portocarrero*,
        251 F.3d 178 (D.C. Cir. 2001) ...............................................................................................10

24

25  *Memry Corp. v. Kentucky Oil Tech.*,
        No. C04-03843 RMW (HRL), 2007 WL 832937 (N.D. Cal. Mar. 19. 2007) ..........................13

26  *Oppenheimer Fund, Inc. v. Sanders*,
        437 U.S. 340 (1978) .........................................................................................................9, 14

27

28

- ii -
NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO
SUBPOENA; MEMO OF POINTS AND AUTHORITIES ISO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Physicians Interactive v. Lathian Sys. Inc.*,
   No. CA 03-1193-A, 2003 WL 23018270 (E.D. Va. Dec. 5, 2003)............................................12

*Playboy Enters. v. Welles*,
   60 F. Supp. 2d 1050 (S.D. Cal. 1999) ..............................................................................11, 12

*Soto v. City of Concord*,
   162 F.R.D. 603 (N.D. Cal. 1995) .........................................................................................10

*Ukiah Auto. Invs. v. Mitsubishi Motors of N. Am., Inc.*,
   No. C-04-3932 MMC (MEJ), 2006 WL 1348562 (N.D. Cal. May 17, 2006) ...........................11

OTHER AUTHORITIES

Fed. R. Civ. P. 26(b)...................................................................................................................9

Fed. R. Civ. P. 26(b)(1)..............................................................................................................9

Fed. R. Civ. P. 30.......................................................................................................................7

Fed. R. Civ. P. 45 ............................................................................................................1, 7, 9, 14

Fed. R. Civ. P. 45(a)(1)(A)(iii).....................................................................................................9

Fed. R. Civ. P. 45(d)(2)(B)(ii)..................................................................................................9, 14

L. R. 37-1(a) ............................................................................................................................10

- III -

NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO
SUBPOENA; MEMO OF POINTS AND AUTHORITIES ISO

EAST\165015235
EAST\165015235.4

1 <u>**NOTICE OF MOTION AND MOTION TO COMPEL**</u>

2  PLEASE TAKE NOTICE that on _____, 2019 at _____, or as soon as the

3 matter may be heard in the courtroom of the Honorable _____ of the above

4 entitled Court, located at 450 Golden Gate Street, San Francisco, California, Plaintiff Citrix

5 Systems Inc. ("Citrix") shall and hereby does move the Court for an Order compelling Puneet S.

6 Chawla to produce or make available for inspection information from forensic images of certain of

7 his computing devices.

8 <u>**RELIEF REQUESTED**</u>

9  Citrix requests that this Court compel the production or make available for inspection

10 forensic images of the personal computing devices used by Chawla from October 9, 2018 through

11 October 16, 2018 to send email and/or browse the Internet.  Citrix has sought this information

12 from Chawla in a subpoena that was duly served upon Chawla under Federal Rule of Civil

13 Procedure 45.

14 <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

15 **I.** <u>**INTRODUCTION**</u>

16  Citrix requests that this Court compel Puneet Chawla, Workspot, Inc.'s ("Workspot") co-

17 founder and former Chief Technical Officer, to produce or make available for inspection forensic

18 images of personal computing devices Chawla used to send harassing emails to Citrix executives

19 and to post fabricated emails and threatening information on the Internet.  Citrix brings this

20 motion in response to an oral order from the Honorable Leonard P. Stark of the District of

21 Delaware on December 12, 2018 permitting Citrix to seek discovery regarding (1) Chawla's

22 harassing emails and Internet posts and the (2) false declaration Chawla filed with the Delaware

23 court.

24  Throughout a months-long discovery process, Chawla has produced only *five* documents in

25 response to Citrix's Rule 45 subpoena.  Citrix has met and conferred with Chawla's counsel on

26 multiple occasions in good faith regarding Chawla's deficient production.  During the course of

27 this process, Citrix narrowed its request to target only forensic images of devices Chawla used

28 

1  during a one-week period in October, during which time Citrix executives received harassing

2  emails and defamatory, and threatening statements about Citrix and its executives were posted on

3  the Internet.

4        Citrix has indicated to Chawla's counsel that it is willing to permit a neutral, third-party

5  forensic expert to conduct the requested imaging, and has also explained that Chawla's counsel

6  could review the forensic images for responsiveness and privilege before producing responsive,

7  non-privileged documents to Citrix.  In fact, Citrix has even offered to bear the costs associated

8  with its request for the forensic imaging of Chawla's devices.

9        Although Citrix has made every effort to find a reasonable compromise to avoid imposing

10  any undue burden on Chawla or his counsel, Chawla simply refuses to comply with his obligations

11  under the subpoena.  Indeed, Chawla has refused even to identify which computing devices he

12  used during the relevant one-week time period.

13        Citrix asks this Court to compel compliance with its discovery request to obtain forensic

14  images of Chawla's relevant personal devices because (1) Citrix's narrowly-tailored discovery

15  requests seek only information relevant to the issues Judge Stark specifically identified at a

16  hearing in December in Delaware, (2) Citrix's requested discovery cannot be obtained through

17  other sources, (3) the hardship to Chawla, if any, will be minimal, and any such hardship is

18  exclusively the consequence of Chawla's own actions, (4) Chawla cannot meet his burden to show

19  that production of the requested forensic images is not appropriate, and (5) Citrix has already

20  offered to cover Chawla's expenses associated with the forensic imaging.

21  **II.    <u>FACTUAL BACKGROUND</u>**

22        On April 19, 2018, Citrix brought an action against Workspot in the United States District

23  Court for the District of Delaware based on claims of patent infringement and false and misleading

24  advertising. *Citrix Systems, Inc. v. Workspot, Inc*., C.A. No. 18-00588-LPS (D. Del.).  Shortly

25  thereafter, Citrix filed a preliminary injunction motion in which it sought to enjoin Workspot from

26

27

28

NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO
SUBPOENA; MEMO OF POINTS AND AUTHORITIES ISO

EAST\165015235
EAST\165015235.4

1   its continued patent infringement and false statements.  D.I. 8.[1]  Even before the litigation had

2   been filed, Mr. Chawla had emphatically expressed his disdain for Citrix, using Twitter, for

3   example, to share his thoughts regarding Citrix, and sometimes "tagging" Citrix employees

4   directly.  Declaration of Michael Strapp ("Strapp Decl."), Ex. 1.[2]  This conduct continued, and

5   later intensified, after Citrix filed suit.

6          **A.      The Threatening Emails**

7          On October 9, 2018, an individual began sending anonymous emails and posting

8   information to websites designed to harass and intimidate Citrix and two of its key executives,

9   David Henshall, Citrix's President and Chief Executive Officer, and Juan Rivera, Citrix's Senior

10  Vice President of Cloud and Server Engineering.  The emails were sent to Henshall and Rivera

11  using Guerrilla Mail, an online service that provides an anonymized, temporary email address that

12  requires no registration.  Workspot does not contest that Mr. Chawla sent the emails and posted

13  the threatening and harassing information.  Ex. 2.  Indeed, Workspot terminated Mr. Chawla's

14  employment in December.

15         A summary of the emails and Internet posts follows:

16  •   On October 9 at 10:07 pm, an email was sent to Henshall with the subject "Emails leaked

17      to take revenge."  In this email, the sender threatens Henshall, writing, "What will happen

18      to your career if your emails are leaked? Emails to dheeraj at Nutanix? Emails to brad at

19      Microsoft? Emails to templeton to discuss internal issues? You will get a thanksgiving

20      present this year!"

21  •   On October 10 at 8:00 am, an email was sent to Henshall with the subject "Patent trolls."

22      In this email, the sender again threatens Henshall, exclaiming, "DH: your career will end in

23      2 months!  Your emails are out in the dark web.  It's coming out as a thanksgiving gift!"

24  _____

25  [1] All references to docket entries are to those in *Citrix Systems, Inc. v. Workspot, Inc*., C.A. No.
    18-00588-LPS (D. Del.).
26  [2] Unless otherwise stated, all references to "Ex." will be to exhibits attached to the Declaration of
    Michael Strapp.
27

28                            - 3 -
          NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO
                       SUBPOENA; MEMO OF POINTS AND AUTHORITIES ISO

This email includes a link to an article regarding Microsoft's decision to "open source" its "patent portfolio."

- On October 10 at 8:05 am, an email was sent to Rivera with the subject "Emails leaked." In this email, the sender writes, "Citrix email thread discussing legal patent cases have been leaked."

- On October 10 at 10:56 am, an email was sent to Henshall with the subject "email leaks." In this email, the sender writes, "Looks like some email conversations discussing Frame and Workspot got leaked. We are hearing rumors that brianmadden.com is planning to publish those in the next month. VMware is helping push it."

- On October 10 at 5:23 pm, an email was sent to Henshall with the subject "Sorry." In this email, the sender writes, "Our emails have leaked."

- On October 10 at 11:26 pm, an individual posted a statement to a website called TheLayoff.com stating that, "Rumor is that David Henshall's emails have been leaked. They are going to cause serious stock issues in the next 4 weeks." Information included below the post directs readers of the post to a different website called Pastebin.com.

- On October 11 at 12:04 am, an email was sent to Rivera with the subject "Cloud innovation." In this email, the sender writes, "Do you track where you are getting new ideas from. Looks like you are copying everything these days. DaaS is also an original idea? You can work with legal but at the end you will have your face buried in shyt!"

- On October 11, an individual posted on Pastebin.com a screenshot of an email fabricated to appear as if the email had been sent by Henshall to another Citrix executive. This false email concerned alleged business plans Citrix had neither discussed nor undertaken.

- On October 11 at 12:36 pm, an email was sent to Henshall with the subject "Check this email." In this email, the sender writes, "You are done as the CEO. Look at this sample email!" The email to Henshall includes a link to the screenshot of the fabricated email posted on Pastebin.com.

- On October 11 at 12:38 pm, an email was sent to Rivera with the subject "Check this

NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO SUBPOENA; MEMO OF POINTS AND AUTHORITIES ISO

EAST\165015235
EAST\165015235.4

email." In this email, the sender writes, "Ethical?"  The email to Rivera includes a link to the screenshot of the email from Henshall to Hough on Pastebin.com. Ex. 3.

## B.     Citrix's Investigation and Motion for a Temporary Restraining Order

Although the emails were sent anonymously, Citrix identified at least six of the threatening and harassing emails as having been sent from internet protocol ("IP") address 98.207.108.220, an IP address associated with a Comcast subscriber in Fremont, CA (the "Fremont IP address"), the city where Chawla resides. Ex. 4.

Citrix also identified two of the threatening emails and TheLayoff.com website post as originating from an IP address owned by Microsoft Azure, the cloud-hosting service used by Workspot.  *Id.*

Because of the imminent threat posed by the emails and posts, Citrix filed a Motion for Temporary Restraining Order And to Show Cause (the "TRO Motion") in Delaware on October 16, 2018.  Ex. 3.  Workspot stridently opposed the TRO Motion and even sought to recover its costs in connection with opposing the Motion.  On October 30, 2018, in connection with its opposition brief, Workspot counsel filed in Delaware federal court a sworn, under-oath declaration from Chawla.  In his declaration, Chawla "[swore] under oath that he has never sent any emails, threatening or otherwise to Messrs. Henshall or Rivera." Ex. 7.

Shortly after Chawla's declaration was filed Citrix received information responsive to subpoenas it served on Microsoft for information regarding the subscriber linked to the Azure IP address and on Comcast for information concerning the Comcast subscriber associated with the Fremont IP address.  On November 1, Microsoft identified Chawla's work email address as the subscriber account associated with the Azure IP address.  Ex. 5.  On November 13, Comcast identified Chawla's home address as the mailing address connected to the Fremont IP address. Ex. 4.

A few weeks later, on December 7, Workspot disavowed Chawla's declaration in a sur-reply brief opposing Citrix's TRO Motion.  Ex. 2.  Workspot stated in its sur-reply that it "no

NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO SUBPOENA; MEMO OF POINTS AND AUTHORITIES ISO

longer seeks to rely on the Chawla Declaration in support of its opposition to the TRO motion.

Further, Workspot respectfully requests that the Court not rely on it in deciding this motion." *Id.*

at n.3.

**C.     The Delaware Court Imposes Initial Sanctions on Workspot and Orders Discovery**

On December 12, 2018, Judge Stark heard argument on Citrix's PI and TRO motions.  At

the outset of the hearing, Judge Stark stated:

> ***On the TRO motion, it's hard to exaggerate how troubled I am by these allegations as to what allegedly Mr. Chawla did. Most particularly, it seems to me that he filed a false and arguably perjurious declaration with the Court that, among other things, not only wasted the parties' time and resources but wasted my time and resources as I evaluated what to do with this TRO. At one point, that declaration seem[ed] to be and the defendant argued it was the most important evidence. And when someone signs a declaration under oath, I tend to believe it and treat it as very important evidence. In the most recent brief, the defendant now says please don't even put any weight on it. We no longer stand behind it. . . . [O]ur system will completely collapse if people are regularly submitting false or perjurious declarations***.

Ex. 8, December 12, 2018 Transcript, 4:25-5:16 (emphasis added).

After the parties' argument, Judge Stark awarded Citrix, as an initial sanction against

Workspot, fifty percent of the costs and fees Citrix had incurred as a result of Chawla's actions.

Judge Stark also permitted Citrix to seek expedited discovery regarding Chawla's threatening

emails, Internet posts and false declaration.  Judge Stark explained:

> ***The Court does remain highly troubled by what appears to have been the filing of a false declaration by Workspot but a false declaration signed by Mr. Chawla under penalty of perjury***. The reasons for all of that in the record supporting the Court's concern I think is well set out in writing and in our discussion particularly of this morning. ***I do think it's appropriate, indeed required, that we put some more attention on that issue through some limited expedited discovery***. Once the discovery is completed, the plaintiffs are permitted, should they think they have a basis at that point to do so, to file a motion for additional sanctions.

*Id.,* 110:5-17 (emphases added), 111:18-23.

**D.     Workspot's Deficient Production Regarding Mr. Chawla's Bad Acts Suggests Mr. Chawla Used His Personal Devices.**

- 6 -
NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO SUBPOENA; MEMO OF POINTS AND AUTHORITIES ISO

1  Pursuant to Judge Stark's December 12 Order, Citrix sought discovery from Workspot.

2  Workspot withheld hundreds of documents from production on privilege grounds.  Strapp Decl.

3  ¶ 13.  What information Workspot did produce shows that Chawla attempted, first unsuccessfully,

4  but later successfully, to delete the virtual machine he had created using Azure to send some of the

5  threatening emails to Citrix's executives and to post a defamatory and injurious statement on

6  TheLayoff.com.  *Id.*

7  However, because Chawla destroyed evidence regarding the threatening emails and

8  Internet posts, and because Workspot claims not to have in its  possession, custody or control any

9  additional responsive information regarding the emails or Internet posts, Citrix also sought

10  discovery from Chawla through a subpoena.

11  **E.**     **Mr. Chawla Fails to Respond to the Court-Ordered Subpoena**

12  Shortly after the December 12 hearing in Delaware, Chawla was removed from his

13  position as CTO of Workspot.  Strapp Decl. ¶ 2.  On January 11, 2019, Citrix served subpoenas

14  requesting the production of documents under Rule 45 and a deposition under Rules 45 and 30.

15  Ex. 9.  Citrix requested documents and emails related to Chawla's email threats and posts to

16  TheLayoff.com and Pastebin.com, his false declaration, statements made to his Twitter account

17  about Citrix, and documents relating to his relationship with Workspot after his departure from the

18  company.  Citrix also requested to inspect the computing devices in Chawla's possession between

19  October 9 and October 20, 2018.  *Id.*  In eleven of his responses and objections to Citrix's fifteen

20  requests for production, Chawla represented that he did not have responsive documents in his

21  possession, custody or control.  Strapp Decl. ¶ 5, Ex. 6.  Indeed, he only agreed to produce

22  documents responsive to three requests—Citrix's request for his Twitter posts since he made his

23  account private in late October 2018, disciplinary actions undertaken by Workspot, and

24  agreements Mr. Chawla had entered into with Workspot.  *Id*.

25  On February 6, 2019, Chawla made his first and only production consisting of five

26  documents:  Chawla's redacted copy of the TRO motion; a printout of Chawla's Twitter posts

27  between October 15 and December 24, 2018; Workspot's notice to its stockholders that Mr.

28
- 7 -
NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO
SUBPOENA; MEMO OF POINTS AND AUTHORITIES ISO

EAST\165015235
EAST\165015235.4

1   Chawla had been removed as Common Director to the company; and two emails Chawla sent to

2   Workspot regarding the return of his work computers to Workspot and his removal from the

3   Workspot Board of Directors.  Strapp Decl. ¶ 7.  Not included in Chawla's production was any

4   document responsive to Citrix's request for "[f]orensic images of any Device in [Mr. Chawla's]

5   possession, custody or control from October 9, 2018 through October 20, 2018."  Ex. 9.

6       Counsel for Citrix met and conferred with Chawla's counsel regarding the adequacy of

7   Chawla's document production on January 31, 2019.  Strapp Decl. ¶ 6.  During this meet-and-

8   confer, Chawla's counsel informed Citrix's counsel that Chawla's search for responsive

9   documents had been conducted exclusively by Chawla, without any direct supervision by his

10  counsel.  *Id.*  Citrix questioned Chawla's counsel about the propriety of Chawla conducting his

11  own search for documents, particularly given Chawla's submission of a false declaration and his

12  spoliation of relevant evidence.  *Id.*

13      Ultimately, Chawla refused to conduct a proper search for documents with the assistance

14  of counsel.  *Id.*  Chawla also flatly refused to provide Citrix with the forensic images of Chawla's

15  personal computing devices notwithstanding Citrix's good faith attempt to alleviate Chawla's

16  concerns regarding the scope of Citrix's request.  Indeed, Citrix informed Chawla's counsel in

17  writing and during multiple calls that Citrix (1) only seeks a forensic image of those personal

18  devices used by Chawla to send emails or browse the Internet during a limited timeframe; (2) is

19  willing to allow a neutral third-party, pre-approved by Mr. Chawla, to image the devices; (3) is

20  willing to permit Chawla's counsel to conduct an initial review of the forensic images for

21  responsiveness and privilege; and (4) is willing to bear the costs associated with the search.  *Id.*

22      The parties most recently conferred regarding this issue and Citrix's proposals before the

23  filing of this motion, on February 22, 2019.  *Id.* at ¶ 12.  During the meet and confer, Citrix's

24  counsel shared the positions expressed above, and Chawla's counsel reiterated his belief that

25  Citrix had no basis for its request and his concern that Citrix would not be satisfied with Chawla's

26  production regardless of what Chawla produced.  *Id.*  The parties agreed they had reached an

27  impasse, and Citrix informed Chawla of its intent to file the instant motion.  *Id.*

28

- 8 -
NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO
SUBPOENA; MEMO OF POINTS AND AUTHORITIES ISO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.   LEGAL ANALYSIS

### A.   Legal Standards

Rule 45 authorizes the issuance of a subpoena to command a nonparty to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii).  "It is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)." *Boston Scientific Corp. v. Lee*, No. 5:14-mc-80188-BLF-PSG, 2014 WL 3851157, *3 (N.D. Cal. Aug. 4, 2014) (quoting *Edwards v. Cal. Dairies, Inc.*, No. 1:14–mc–00007–SAB, 2014 WL 2465934, at *1 (E.D. Cal. June 2, 2014).

Rule 26(b) authorizes parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  A "court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citing *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)).  Once the moving party establishes that the information requested is within the scope of permissible discovery, the burden then shifts to the party opposing the discovery.  *Khalilpour v. CELLCO P'ship*, No. 3:09–cv–02712–CW–MEJ, 2010 WL 1267749, at *1 (N.D. Cal. Apr. 1, 2010) (citations omitted).  "An opposing party can meet its burden by demonstrating that the information is being sought to delay bringing the case to trial, to embarrass or harass, is irrelevant or privileged, or that the person seeking discovery fails to show need for the information." *Id.* (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353, n.17 (1978)).

Rule 45(d)(2)(B)(ii) "states that, when a court orders compliance with a subpoena over an objection, 'the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.'" *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (quoting Fed. R. Civ. P. 45(d)(2)(B)(ii)).  Under this Rule, only "two considerations are relevant: … [1] whether the subpoena imposes expenses on the non-party, and [2] whether those expenses are 'significant.'" *Id.*  If the two requirements are satisfied, the court

- 9 -

1  will require the party seeking discovery to bear at least enough of the expense to render the

2  remainder "non-significant." *Id.* (quoting *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C.

3  Cir. 2001)).  Before a party may bring a motion to compel, counsel are required to have "in good

4  faith conferred or attempted to confer" in an effort to resolve the dispute without court action.

5  N.D. Cal. L. R. 37-1(a) and *Soto v. City of Concord*, 162 F.R.D. 603, 623 (N.D. Cal. 1995).

6  **B.   Mr. Chawla Should be Compelled to Produce Responsive Documents and**
   **Information**

7

8  Based on Citrix's extensive investigation, including information turned over by third-

9  parties Comcast and Microsoft, Chawla sent harassing emails to Citrix executives and posted

10  inflammatory and false statements on the Internet.  Accordingly, responsive information is highly

11  likely to be in Chawla's possession, custody, or control.  Citrix should thus be granted discovery

12  of Chawla's relevant personal computing devices because (1) the narrowly tailored discovery

13  Citrix seeks is relevant to the issue Judge Stark specifically identified, (2) Citrix's requested

14  discovery does not exist anywhere else or through any other party, and (3) any hardship to Chawla

15  will be minimal.  *See Gonzales*, 234 F.R.D. at 680.

16  **1.   The discovery sought is relevant and limited in scope.**

17  During the December 12 hearing, Judge Stark specifically expressed his concerns

18  regarding the filing of "a false declaration signed by Mr. Chawla under penalty of perjury," and

19  found it "appropriate, indeed required, that we put some more attention on that issue through some

20  limited expedited discovery." Ex. 8, 110:12-14.  To that end, Citrix has sought very narrowly-

21  tailored discovery from Chawla including, of particular relevance to this motion, forensic images

22  of computing devices Mr. Chawla used to send email and browse the Internet during the week of

23  October 9-16, 2018.  This type of request is not uncommon.  *Balboa Threadworks, Inc. v. Stucky,*

24  No. 05–1157–JTM–DWB, 2006 WL 763668, at *3 (D. Kan. Mar. 24, 2006) ("It is not unusual for

25  a court to enter an order requiring the mirror imaging of the hard drives of any computers that

26  contain documents responsive to an opposing party's request for production of documents.")

27  (citing *Commc'ns Ctr., Inc. v. Hewitt,* 2005 WL 3277983 at *1 (E.D. Cal. Apr. 5, 2005).

28

- 10 -
NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO
SUBPOENA; MEMO OF POINTS AND AUTHORITIES ISO

1    Chawla's personal devices are likely to contain documents and information relevant to his

2    harassing emails and Internet posts, such as Internet browsing history, copies of emails he sent,

3    and temporary files (such as cookies) downloaded to Chawla's devices from Pastebin.com or

4    TheLayoff.com. *Dawe v. Corrections USA*, 263 F.R.D. 613, 619 (E.D. Cal. 2009) (granting

5    motion to compel inspection of third party plaintiff's personal computer and metadata); *Ukiah*

6    *Auto. Invs. v. Mitsubishi Motors of N. Am., Inc.*, No. C-04-3932 MMC (MEJ), 2006 WL 1348562,

7    at *4-5 (N.D. Cal. May 17, 2006) (granting request to produce computer to agreed-upon neutral

8    inspector).

9    Chawla's personal computing devices are also likely to contain emails, texts, and other

10   correspondence related to the harassing emails, including, in particular, documentation regarding

11   Chawla's attempts to destroy evidence linking him to the harassing emails and Internet posts.

12   These communications will help Citrix determine whether others acted in concert with Chawla to

13   send the harassing emails, post information to TheLayoff.com and Pastebin.com, and/or delete or

14   attempt to delete evidence of the emails and Internet posts.

15   To be sure, Citrix has concerns that Chawla has already deleted any responsive information

16   from his personal devices.  But even if Chawla has deleted such information, records of his

17   spoliation of evidence may be found through an examination of forensic images of Mr. Chawla's

18   devices. *See, e.g., Playboy Enters. v. Welles*, 60 F. Supp. 2d 1050, 1053 (S.D. Cal. 1999)

19   ("Plaintiff needs to access the hard drive of Defendant's computer only because Defendant's

20   actions in deleting those e-mails made it currently impossible to produce the information as a

21   'document.'"); *Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 650-51 (D. Minn. 2002)

22   (granting motion to compel mirror image of computer where "deleted information, on the

23   Defendants' computer equipment, may well be both relevant and discoverable.").

24   Citrix's request for targeted, non-privileged, responsive information from a limited one-

25   week timeframe is similar to the request for information successfully sought in *Advante Int'l Corp.*

26   *v. Mintel Learning Tech.,* where this Court permitted the forensic imaging of servers.  No. 05-

27   01022 JW (RS), 2006 WL 3371576, at *1 (N.D. Cal. Nov. 21, 2006).  In *Advante,* this Court

28

- 11 -
NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO
SUBPOENA; MEMO OF POINTS AND AUTHORITIES ISO

1    allowed the imaging of hard drive servers because the requesting party had "shown that serious

2    questions exist[ed] both as to the reliability and the completeness of materials produced in

3    discovery by [the plaintiff]."  2006 WL 3371576, at *1. Just like the movant in *Advante*, Citrix has

4    proposed numerous safeguards to ensure that Chawla's counsel may first have an opportunity to

5    review the forensic images for "relevance, responsiveness and privilege prior to any disclosure" to

6    Citrix.  *Id.; see also Dawe*, 263 F.R.D. at 619 ([T]he court grants defendants' motion to compel

7    inspection of the computer and its electronically stored information ('ESI'), including metadata,

8    subject to defendants bearing the initial costs associated with retaining a forensic computer expert,

9    and subject to plaintiffs' threshold review of the information and data.").  And like the third-party

10   plaintiff in *Dawe*, Chawla has "adamant[ly] refus[ed] to permit even a limited inspection of the

11   computer."  263 F.R.D. at 619.  Further, as in *Dawe*, there has been evidence of spoliation of

12   evidence, making the inspection "intended to reveal the computer's metadata [] particularly

13   important here, as it will likely include information that may demonstrate whether there has been

14   any transfer or deletion of information, or other efforts to minimize, hinder or prevent access to

15   information; and should provide a record of all sites that have been accessed." *Id.*

16                **2.      Citrix has demonstrated a need for the discovery sought.**

17          Judge Stark ordered Citrix to take additional discovery regarding Chawla's threatening

18   emails and Internet posts and his apparently perjurious declaration.  Ex. 8.  Chawla's personal

19   computing devices may be the key source for this information, especially given that the majority

20   of the threatening emails originated from the Fremont IP address that is registered to Chawla's

21   home mailing address.  Ex. 4, p. 2; *see Physicians Interactive v. Lathian Sys. Inc.,* No. CA 03-

22   1193-A, 2003 WL 23018270 (E.D. Va. Dec. 5, 2003) (allowing plaintiff to obtain a "'mirror

23   image' of the computer equipment containing electronic data relating to Defendants' alleged

24   attacks" on plaintiff's servers); *see also Playboy*, 60 F. Supp. 2d at 1053;

25          The purpose of Citrix's subpoena to Mr. Chawla is to discover evidence regarding Mr.

26   Chawla's harassing emails and threatening Internet posts, so it is unlikely that a personal search by

27   Mr. Chawla for documents related to these emails and posts could be sufficient, particularly where

28
                                                      - 12 -
          NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO
                              SUBPOENA; MEMO OF POINTS AND AUTHORITIES ISO

1    Mr. Chawla has already demonstrated an apparent willingness to make misrepresentations to the

2    Court and to destroy evidence. *See* Ex. 8, 111:18-20 ("The Court does remain highly troubled by

3    what appears to have been the filing of … a false declaration signed by Mr. Chawla under penalty

4    of perjury."). As in *Advante*, there are "serious questions… as to the reliability and completeness"

5    of Mr. Chawla's production and for these reasons the Court should grant Citrix's targeted motion

6    to compel. 2006 WL 3371576, at *1*; see also*, *id*. ("Among other things, there is evidence that

7    copies of emails were altered at some point in time in a manner that arguably server to downplay

8    or even conceal a [relevant] relationship…").

9               **3.      Any hardship to Mr. Chawla will be minimal.**

10         The hardship faced by Chawla, if any is faced at all, will be minimal where, as here (1) a

11    neutral third-party would conduct the imaging, (2) the scope of the search will be limited to only

12    those devices Chawla used to browse the Internet or send emails over a one-week period, and (3)

13    Citrix has offered to bear the costs of the forensic imaging. *Cf. Lee v. Stonebridge Life Ins. Co.*,

14    No. 11-cv-43 RS (JSC), 2013 WL 3889209, at *2 (N.D. Cal. July 30, 2013) (denying motion to

15    compel forensic image search where no limitations were put in place). And to the extent Chawla

16    does suffer any hardship, that hardship is of his own making. Unlike the cases in this District

17    where the Court has denied similar motions to compel, Chawla has neither produced thousands or

18    hundreds of documents—he has produced five. *See id.*; *see also Memry Corp. v. Kentucky Oil*

19    *Tech.*, No. C04-03843 RMW (HRL), 2007 WL 832937, at *3 (N.D. Cal. Mar. 19. 2007). More

20    importantly, had Chawla not sent threatening and harassing emails to Citrix executives, and then

21    destroyed evidence of this conduct resident on Workspot's servers, the subpoena to Chawla would

22    not have been needed at all. *See Advante*, 2006 WL 3371576, at *1.

23              **4.      Mr. Chawla cannot meet his burden.**

24         Chawla can only meet his burden to oppose the discovery Citrix seeks by demonstrating

25    that the forensic images Citrix requests are being sought to cause delay or to embarrass or harass

26    Chawla, are irrelevant or privileged, or that Citrix has no need for the information. This is a

27    burden Chawla cannot meet.

28

NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO
SUBPOENA; MEMO OF POINTS AND AUTHORITIES ISO

EAST\165015235
EAST\165015235.4

1    Citrix seeks responsive forensic images in response to Judge Stark's order permitting

2  *expedited* discovery, and has sought these images for over a month.  It is Mr. Chawla who has

3  delayed complying with his discovery obligations.

4    Nor does Citrix seek to embarrass or harass Mr. Chawla.  As explained above, Citrix's

5  proposed protocol for seeking the relevant forensic images acknowledges the concerns

6  surrounding personal computing devices, and as such, is set up to prevent Citrix or its counsel

7  from gaining access to any non-responsive personal or privileged information.

8    Finally, as discussed above, Citrix needs this information as it is relevant to the motion for

9  sanctions Citrix intends to bring in Delaware.  This information may not be acquired through any

10  other sources.  Because Citrix has met its burden, and because Chawla cannot meet his burden to

11  show that any of the above factors are met, a motion to compel is appropriate.  *See Khalilpour*,

12  2010 WL 1267749, at *1 (citing *Oppenheimer*, 437 U.S. at 353, n.17).

13    **C.    Citrix has satisfied Fed. R. Civ. P. 45(d)(2)(B)(ii)**

14    Finally, to the extent this Court finds that complying with Citrix's request would result in

15  "significant expense" under Rule 45, Citrix has offered to cover the costs associated with the

16  forensic imaging of Mr. Chawla's personal devices, and consents to cover the costs in whole or in

17  part as the Court deems necessary.

18  **IV.    CONCLUSION**

19    For the reasons stated above, Citrix respectfully requests that this Court grant its motion to

20  compel production of responsive forensic images of Mr. Chawla's personal devices.

21

22
   Dated:  March 1, 2019                DLA PIPER US LLP
23

24                                      By */s/ Joy G. Kim*
                                           ANDREW P. VALENTINE
25                                         JOY G. KIM
                                           Attorneys for Plaintiff CITRIX SYSTEMS
26                                         INC.

27

28
                                        - 14 -
         NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO
                         SUBPOENA; MEMO OF POINTS AND AUTHORITIES ISO

EXHIBIT 52

1
2
3
4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    CITRIX SYSTEM, INC.,                    Case No.19-mc-80054-EDL

8                    Plaintiff,

9         v.                                 **ORDER GRANTING MOTION TO
                                             COMPEL FORENSIC IMAGING**

10   WORKSPOT, INC., et al.,                 Re: Dkt. No. 1

11                    Defendants.

12         Before the Court is movant Citrix System, Inc.'s ("Citrix") motion to compel forensic

13   imaging of non-party Puneet Chawla's personal computers that he alleged used to send harassing

14   emails to Citrix's executives and to post threatening messages on the Internet. This action is

15   related to a patent infringement and false advertising case pending in the District of Delaware

16   before Judge Leonard Stark, <u>Citrix Systems, Inc. v. Workspot, Inc.</u>, Case No. 18-cv-00588-LPS.

17         For the reasons discussed below, Citrix's motion to compel a forensic imaging of Mr.

18   Chawla's is GRANTED. The parties are ordered to complete the forensic imaging within 21 days

19   of this Order, subject to an extension by stipulation or for good cause shown. The parties shall

20   meet and confer to coordinate the forensic imaging with the following conditions: (1) Citrix shall

21   pay the cost of the imaging without prejudice to any future motion for sanctions; (2) the imaging

22   shall be conducted by a neutral third-party who is approved by Mr. Chawla, which approval shall

23   not be unreasonably withheld; (3) the imaging is of personal devices that Mr. Chawla used to

24   browse the Internet and send emails between October 9, 2018 and October 16, 2018; and (4) Mr.

25   Chawla's attorney may review the results for responsiveness and privilege before they are

26   produced to Citrix. Mr. Chawla must promptly provide a log of any materials that he withholds on

27   the basis of privilege that comports with this Court's standing order on discovery (available at:

28   https://www.cand.uscourts.gov/edlorders).

# I.    BACKGROUND

Citrix sued Defendant Workspot, Inc. ("Workspot") in federal court in Delaware on April 19, 2018, alleging patent infringement, violation of the Lanham Act, unfair competition, and violation of Delaware's Deceptive Trade Practices Act.  Citrix filed a motion for a preliminary injunction barring Workspot from further infringement or false statements, which was denied on December 17, 2018.

According to Citrix, Mr. Chawla, the former Chief Technology Officer for Workspot, began making disdainful and threatening public statements about Citrix, including on Twitter, in early 2017 and this conduct continued and increased after Citrix filed its lawsuit in 2018.  In October 2018, an individual began making anonymous posts online and sending anonymous emails to two of Citrix's top employees, David Henshall, President and Chief Executive Officer, and Juan Rivera, Senior Vice President of Cloud and Server Engineering.  In the posts and emails, the individual threatened to leak unflattering information about Mr. Henshall, Mr. Rivera, and Citrix.  Strapp Decl., ¶16, Ex. 3.

Based on Citrix's investigation, it believed that Mr. Chawla was responsible for disseminating the posts and emails and filed a motion for a temporary restraining order ("TRO") in the District of Delaware case on October 16, 2018 asserting that Workspot had violated the parties' protective order by sharing confidential information with its executives and that Mr. Chawla was responsible for the harassing emails and posts.  Id.  Workspot opposed the motion and filed a declaration from Mr. Chawla in which he "[swore] under oath that he has never sent any emails threatening or otherwise to Mssrs. Henshall or Rivera."  Id., ¶ 20, Ex. 7 at 3.  Despite Mr. Chawla's declaration, Citrix obtained subpoena responses from an Internet service provider and Microsoft, who hosted the cloud service used by Workspot, that tied Mr. Chawla to the subscriber and email accounts associated with the IP addresses from which the emails and posts were sent.  Id., ¶¶ 17-18, Exs. 4-5.  The evidence indicated that several of the emails and posts were sent using an IP address connected to Mr. Chawla's home.  Id.  Workspot filed a further brief opposing the TRO, which disavowed its previous reliance on Mr. Chawla's declaration, stating that it "no longer seeks to rely on the Chawla Declaration in support of its opposition to the TRO motion.

2

1   Further, Workspot respectfully requests that the Court not rely on it in deciding this motion." Id.,

2   ¶ 15, Ex. 2 at 6 n.3.  Workspot admitted that the newly-obtained evidence appeared to implicate

3   Mr. Chawla.  Id. at 2.  According to Citrix, Workspot fired Mr. Chawla in December 2019.  Id., ¶

4   2.

5          At the hearing on the TRO motion on December 12, 2018, Judge Stark awarded Citrix fifty

6   percent of its costs in bringing the motion and expressly allowed discovery regarding Mr.

7   Chawla's apparently false declaration.  Id., ¶ 21, Ex. 8 at 110:5-8, 12-14 ("The Court does remain

8   highly troubled by what appears to have been the filing of a false declaration by Workspot but a

9   false declaration signed by Mr. Chawla under penalty of perjury . . . *I do think it's appropriate,*

10  *indeed required, that we put some more attention on that issue through some limited expedited*

11  *discovery.*  Once the discovery is completed, the plaintiffs are permitted, should they think they

12  have a basis at that point to do so, to file a motion for additional sanctions.") (emphasis added).

13         Citrix sought this discovery from Workspot.  Id., ¶ 13.  Workspot made two productions

14  and also withheld hundreds of documents from the production on privilege grounds.  Id.  The

15  productions included evidence that Mr. Chawla deleted a virtual machine that he created using

16  Microsoft Azure, Workspot's cloud service, to send some of the emails.  Id.  Citrix moved the

17  Delaware court for an order compelling Workspot to produce those devices for a forensic

18  investigation by a neutral third-party, which the court granted on March 28, 2019.  Dkt. No. 6, ¶ 4,

19  Ex. A at 10.

20         Citrix also served subpoenas on Mr. Chawla for the production of documents and a

21  deposition, seeking documents and testimony regarding the emails and posts at issue, his

22  declaration, and his relationship with Workspot at the time of the conduct and after his

23  termination.  Strapp Decl., ¶ 22, Ex. 9.  As to 11 of the 15 requests for production ("RFP"), Mr.

24  Chawla responded that he did not have any responsive documents.  Id., ¶ 19, Ex. 6.  The parties

25  met and conferred about Mr. Chawla's objections on January 31, 2019.  Id., ¶ 6.  With respect to

26  the request for forensic images of his computers that are at issue here, Mr. Chawla objected that

27  the request for "all of his personal electronic devices . . . violates his personal privacy and thus

28  imposes an undue burden on him . . . ."  Id., ¶ 19, Ex. 6.  Citrix offered to minimize any privacy

United States District Court
Northern District of California

3

and privilege concerns by having a third-party image the devices he used to browse the Internet or send emails during the October 9-20, 2018 timeframe and allow Mr. Chawla's counsel to review the images for non-responsive, private and privileged information before it is produced them to Citrix.  Id., ¶ 6, Ex. A.

On February 6, 2019, Mr. Chawla made one production of five documents: a redacted copy of the TRO motion, a printout of his Twitter posts between October 15 and December 24, 2018; Workspot's notice to its stockholders that Mr. Chawla had been removed as Common Director to the company; and two emails Mr. Chawla sent to Workspot regarding his return of work computers and his removal from the Board of Directors.  Id., ¶ 7.  The production did not include documents responsive to Citrix's request for forensic images of any of the electronic devices Mr. Chawla possessed from October 9, 2018 through October 20, 2018.  Id., ¶ 9, 22, Ex. 9 (RFP No. 2: "Forensic images of any Device in your possession, custody or control from October 9, 2018 through October 20, 2018.").  Mr. Chawla conducted the search for responsive documents on his own without assistance from counsel.  Id., ¶ 6.

After the production, Citrix asked Mr. Chawla about the missing forensic images.  Id., ¶ 9, Ex. C.  Mr. Chawla responded that he had no images, he was under no obligation to have images made, and that Citrix must identify the personal devices it was requesting and what it expected to find on the devices.  Id., ¶ 10, Ex. D.  Citrix and Mr. Chawla continued to meet and confer but reached an impasse on February 22, 2019.  Id., ¶¶ 11-12.

## II.    LEGAL STANDARD

Rule 45 provides that:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested.

Fed. R. Civ. P. 45(d)(2)(B).  The scope of discovery permitted under a subpoena is the same as the scope of discovery under Rule 26(b): "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Boston Scientific Corp. v. Lee, 2014

United States District Court
Northern District of California

4

WL 3851157, at *3 (N.D. Cal. Aug. 4, 2014) (citation omitted) (Grewal, J.); Fed. R. Civ. P. 26(b)(1).

"[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Am. Broad. Cos., Inc. v. Aereo, Inc., 2013 WL 1508894, at *3 (N.D. Cal. Apr. 10, 2013) (Grewal, J.). Where a motion to compel discovery from a non-party is filed, an order requiring production over objection "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). This rule means that the court is required "to shift a non-party's costs of compliance with a subpoena, if those costs are significant." Legal Voice v. Stormans Inc., 738 F.3d 1178, 1184 (9th Cir. 2013).

## III.    DISCUSSION

Citrix seeks to compel forensic images of Mr. Chawla's devices on the following terms: (1) it only seeks a forensic image of the personal devices used by Mr. Chawla to send emails or browse the Internet during the timeframe of October 9, 2018 and October 16, 2018; (2) the forensic imaging will be conducted by a neutral third-party who is approved by Mr. Chawla; (3) Mr. Chawla's counsel may conduct an initial review of the forensic images for responsiveness and privilege; and (4) Citrix will bear the costs of the search.

The Delaware court ordered the parties to conduct "limited expedited discovery" regarding "a false declaration signed by Mr. Chawla under penalty of perjury." Ex. 8 at 110:7-8, 12-14. Citrix expects to obtain relevant information about the emails and Internet posts in the form of Mr. Chawla's Internet browsing history, copies of emails and other correspondence, and temporary files (e.g., cookies) downloaded to his equipment from the websites where he was posting (Pastebin.com and TheLayoff.com). While this discovery does not appear to be directly related to the underlying claims set forth in the complaint, the Delaware court specifically authorized discovery to support Citrix's sanctions motion concerning Workspot's use of Mr. Chawla's purportedly false declaration. In addition, as Citrix points out on reply, Mr. Chawla's credibility may be directly relevant to its claims, particularly the claim that Workspot falsely advertised the capability of its products and services. Mr. Chawla asserts in his opposition that Citrix has

United States District Court
Northern District of California

United States District Court
Northern District of California

1    indicated that it will not call him to the stand at trial, but Citrix's reply states that it does intend to

2    have Mr. Chawla testify. As Workspot's highest-level technical employee and a member of the

3    Board of Directors and a likely trial witness, Mr. Chawla's character for truthfulness likely will be

4    relevant and admissible. See Fed. R. Evid. 608(b) ("[E]xtrinsic evidence is not admissible to

5    prove specific instances of a witness's conduct in order to attack or support the witness's character

6    for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they

7    are probative of the character for truthfulness or untruthfulness of . . . the witness.").

8           Forensic imaging of computers, while not the norm, can be warranted in discovery when

9    there are legitimate concerns about the manipulation of evidence (intentional or unintentional) or

10   insufficient collection efforts shown by more than mere speculation. See, e.g., Ukiah Automotive

11   Investments v. Mitsubishi Motors of N. Am., Inc., 2006 WL 1348562, at *4-5 (N.D. Cal. May 17,

12   2006); Balboa Threadworks, Inc. v. Stucky, 2006 WL 763668, at *3 (D. Kan. Mar. 24, 2006);

13   Playboy Enters. V. Welles, 60 F. Supp. 2d 1050, 1053 (S.D. Cal. 1999). Citrix has presented

14   evidence that demonstrates that forensic imaging is necessary under these circumstances. Neither

15   Workspot nor Mr. Chawla have produced significant information bearing on Mr. Chawla's

16   conduct, although there is persuasive evidence that Mr. Chawla was involved. While the second

17   forensic investigation of Mr. Chawla's work devices may yield more relevant information,

18   evidence that at least some of the emails originated at an IP address associated with Mr. Chawla's

19   home strongly suggests that he used his personal devices to send them. Workspot's recent

20   production included information about Mr. Chawla's efforts to delete evidence of the virtual

21   computer he used to send some of the messages at issue from his work devices, which tends to

22   support the conclusion that Mr. Chawla has either already destroyed responsive material or is

23   improperly withholding it. Judge Stark observed that Mr. Chawla apparently provided false

24   information under the penalty of perjury in the underlying action. Because Mr. Chawla's

25   computer use is central to the question of whether he was responsible for the emails and postings

26   and whether he worked with anyone else at Workspot in making them, forensic imaging is likely

27   the only reliable way to determine whether responsive information exists at this point. Cf. Memry

28   Corp. v. Kentucky Oil Tech., N.V., 2007 WL 832937, * 3 (N.D. Cal. Mar. 19, 2007) (denying

1    motion to compel computer inspection because, among other reasons, "computers [did not] have a

2    special connection to the lawsuit," thereby distinguishing it from cases where such an inspection

3    may be appropriate). These factors amply justify the forensic imaging Citrix seeks.

4         Because Mr. Chawla is a non-party to the Delaware case, the Court must ensure that this

5    discovery does not place an undue burden on him. Fed. R. Civ. P. 45(d)(1) ("The court for the

6    district where compliance is required must enforce this duty [to avoid imposing undue burden or

7    expense on the person subject to the subpoena] . . . " Citrix proposed appropriate limitations and

8    protocols that reduce the burden or risk that might otherwise be associated with forensic imaging.

9    Citrix has offered to pay the cost of the examination by a neutral third-party who Mr. Chawla may

10   approve, while reserving the right to recover these costs from Workspot if it succeeds in a

11   subsequent motion for sanctions. Citrix also narrowly seeks to search the personal devices that

12   Mr. Chawla used to browse the Internet or send emails during a one-week period (October 9, 2018

13   through October 16, 2018). Moreover, Citrix's requested inspection would give Mr. Chawla's

14   counsel the option to conduct an initial review to ensure that the images that are produced to Citrix

15   do not include irrelevant, personal, non-responsive or privileged documents, communications, or

16   information.

17        These limitations significantly reduce the burden and intrusion on Mr. Chawla. The Court

18   adopts them, and adds a requirement that Mr. Chawla provide a log to Citrix of any material that

19   he withholds on the basis of privilege. Those limitations leave as the only possible remaining

20   burdens the identification of the devices that should be imaged and being deprived of access to the

21   devices during the time that is necessary to conduct the imaging. The identification of the relevant

22   devices is a minor burden. Mr. Chawla contends that Citrix's motion should be denied because it

23   has failed to "describe with reasonable particularity" the item to be inspected. Fed. R. Civ. P.

24   34(b)(1)(A). To the contrary, however, under these circumstances, Citrix has done so, as it would

25   be impossible for it to more specifically identify the devices to be inspected when only Mr.

26   Chawla has knowledge of the personal devices he owns and used during the relevant period. The

27   final potential burden – access to the devices – can be limited by setting a relatively short

28   timeframe within which the imaging must be performed. Unless the parties stipulate to or

United States District Court
Northern District of California

1 demonstrate good cause for an extension, the imaging must be completed within 21 days of this

2 order, subject to the limitations set forth in this order.  Mr. Chawla challenges the "extraordinary"

3 and "extraordinarily intrusive" nature of Citrix's requested discovery, but he has failed to

4 demonstrate how it will cause him undue burden or expense, particularly in light of the limitations

5 Citrix has proposed and the Court has ordered.

6 **IV.    CONCLUSION**

7          As discussed above, Citrix's motion to compel a forensic imaging of Mr. Chawla's is

8 GRANTED.  The parties are ordered to complete the forensic imaging within 21 days of this

9 Order, subject to an extension by stipulation or for good cause shown.  The parties shall meet and

10 confer to coordinate the forensic imaging with the following conditions: (1) Citrix shall pay the

11 cost of the imaging without prejudice to any future motion for sanctions; (2) the imaging shall be

12 conducted by a neutral third-party who is approved by Mr. Chawla, which approval shall not be

13 unreasonably withheld; (3) the imaging is limited to personal devices that Mr. Chawla used to

14 browse the Internet and send emails between October 9, 2018 and October 16, 2018; and (4) Mr.

15 Chawla's attorney may review the results for responsiveness and privilege before they are

16 produced to Citrix.  Mr. Chawla must promptly provide a log of any materials that he withholds on

17 the basis of privilege that comports with this Court's standing order on discovery (available at:

18 https://www.cand.uscourts.gov/edlorders).

19

20

21          **IT IS SO ORDERED.**

22 Dated: April 2, 2019

23

24

25 ELIZABETH D. LAPORTE
   United States Magistrate Judge

26

27

28

United States District Court
Northern District of California

8

EXHIBIT 53

**Lisko, Stephanie**

| | |
|---|---|
| **From:** | Eugene Illovsky <eugene@illovskylaw.com> |
| **Sent:** | Wednesday, April 17, 2019 4:13 PM |
| **To:** | Strapp, Michael G. |
| **Cc:** | Hayes, Jennifer; Kim, Joy; dmoore@potteranderson.com; |
| | bpalapura@potteranderson.com; Hayes, Jennifer; karen.gibbs@workspot.com; |
| | Valentine, Andrew; Kraft, Denise; Ikegami, Yuko; Christofferson, Eric; Souza, Mary Ann; |
| | Lopez, Ronald; Biggs, Brian; Werber, Matthew |
| **Subject:** | Re: Citrix Systems, Inc. v. Workspot, Inc. -  Magistrate Judge Fallon's Order |

[EXTERNAL]

Michael:

Mr. Chawla will be providing a Mac Laptop to Califorensics.

Regards,

Eugene

**From:** "Strapp, Michael G." <michael.strapp@dlapiper.com>
**Date:** Wednesday, April 17, 2019 at 5:08 AM
**To:** Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** "Hayes, Jennifer" <jenhayes@nixonpeabody.com>, "Kim, Joy" <joy.kim@dlapiper.com>,
"dmoore@potteranderson.com" <dmoore@potteranderson.com>, "bpalapura@potteranderson.com"
<bpalapura@potteranderson.com>, "Hayes, Jennifer" <jenhayes@nixonpeabody.com>,
"karen.gibbs@workspot.com" <karen.gibbs@workspot.com>, "Valentine, Andrew"
<andrew.valentine@dlapiper.com>, "Kraft, Denise" <denise.kraft@dlapiper.com>, "Ikegami, Yuko"
<yikegami@nixonpeabody.com>, "Christofferson, Eric" <eric.christofferson@dlapiper.com>, "Souza, Mary
Ann" <maryann.souza@dlapiper.com>, "Lopez, Ronald" <rflopez@nixonpeabody.com>, "Biggs, Brian"
<brian.biggs@dlapiper.com>, "Werber, Matthew" <mwerber@nixonpeabody.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

Eugene,

Thank you for the update regarding Mr. Chawla's availability.  Could you please hold the dates between May 28 and 31
for a deposition.  We will plan to get back to you soon to specify a date and location for the deposition within that time
frame (including both May 28 and May 31).

As you know, Mr. Plunkett at Califorensics provided us with a budget and timeline to complete the imaging, analysis and
production of a report for the five Workspot devices of Mr. Chawla.  We'd like to also obtain a budget and timeline to
complete the imaging, analysis and production of a report for Mr. Chawla's personal devices.

To that end, could you please advise today as to the specific devices that Mr. Chawla will provide to Califorensics for the
inspection consistent with the Court's order.  As soon as we have this information, we will email Mr. Plunkett and
request the additional budget and timeline.

Regards,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

**From:** Eugene Illovsky <eugene@illovskylaw.com>
**Sent:** Tuesday, April 16, 2019 7:31 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@us.dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <Andrew.Valentine@us.dlapiper.com>; Kraft, Denise <denise.kraft@us.dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <Eric.Christofferson@us.dlapiper.com>; Souza, Mary Ann <MaryAnn.Souza@us.dlapiper.com>; Lopez, Ronald <rflopez@nixonpeabody.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Werber, Matthew <mwerber@nixonpeabody.com>
**Subject:** Re: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

**[EXTERNAL]**

---

Michael:

Two things:

1. Signed protocol attached.
2. With respect to Mr. Chawla's availability for deposition, I want to give Citrix a heads-up as to what his next month or so looks like.  Mr. Chawla is available April 22, 23, 24, 25, 26 and 29.  In May, he will be traveling to Southern California and then to India, and is available May 28, 29, 30, and 31.

Regards,

Eugene

---

**From:** "Strapp, Michael G." <michael.strapp@dlapiper.com>
**Date:** Tuesday, April 16, 2019 at 12:08 PM
**To:** "Lopez, Ronald" <rflopez@nixonpeabody.com>, "Werber, Matthew" <mwerber@nixonpeabody.com>, "Biggs, Brian" <brian.biggs@dlapiper.com>, Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** "Hayes, Jennifer" <jenhayes@nixonpeabody.com>, "Kim, Joy" <joy.kim@dlapiper.com>,

"dmoore@potteranderson.com" <dmoore@potteranderson.com>, "bpalapura@potteranderson.com" <bpalapura@potteranderson.com>, "Hayes, Jennifer" <jenhayes@nixonpeabody.com>, "karen.gibbs@workspot.com" <karen.gibbs@workspot.com>, "Valentine, Andrew" <andrew.valentine@dlapiper.com>, "Kraft, Denise" <denise.kraft@dlapiper.com>, "Ikegami, Yuko" <yikegami@nixonpeabody.com>, "Christofferson, Eric" <eric.christofferson@dlapiper.com>, "Souza, Mary Ann" <maryann.souza@dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

Ron and Eugene – Attached is a pdf of the protocol for Chawla's personal devices that I have already signed.  Could you both please sign and then send me a signed versions of the signature page.

Ron – Attached is a pdf of the fully-executed protocol for Chawla's Workspot devices.

I will reach out now to Califorensics and request an engagement letter.

Regards,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

**From:** Lopez, Ronald <rflopez@nixonpeabody.com>
**Sent:** Tuesday, April 16, 2019 1:31 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@us.dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <Andrew.Valentine@us.dlapiper.com>; Kraft, Denise <denise.kraft@us.dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <Eric.Christofferson@us.dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

**[EXTERNAL]**

---

Attached is my signature page.  Looks like we may need some formatting to fit Exhibit A.  Can you please assemble a completed pdf document and return.  Thanks.  Ron



**Ronald F. Lopez**
Partner
rflopez@nixonpeabody.com
T 415-984-8368 | C 415-823-7950 | F 866-293-2789
Nixon Peabody LLP | One Embarcadero Center, 32nd Floor | San Francisco, CA 94111
nixonpeabody.com | @NixonPeabodyLLP

---

The NP San Francisco office is *on the rise!* Our new address effective **January 7, 2019** is:
One Embarcadero Center, **32nd Floor**, San Francisco, CA 94111.

---

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

---

**From:** Strapp, Michael G. <michael.strapp@dlapiper.com>
**Sent:** Tuesday, April 16, 2019 5:52 AM
**To:** Lopez, Ronald <rflopez@nixonpeabody.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <brian.biggs@dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <andrew.valentine@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <eric.christofferson@dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

Ron,

Could you please send us a signed version of the protocol for the Chawla's Workspot devices.

Also, as you know, we've now received budgets and timelines from all three forensic inspection firms (see attached). You had indicated in a prior email that Workspot intended to select the firm that proposed the lowest budget. That firm is Californsics. Citrix will agree to select Tom Plunkett and Californsics.

Please confirm, and I will reach out to Tom Plunkett and request an engagement letter.

Regards,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com

4



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

**From:** Lopez, Ronald <rflopez@nixonpeabody.com>
**Sent:** Friday, April 12, 2019 1:49 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@us.dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <Andrew.Valentine@us.dlapiper.com>; Kraft, Denise <denise.kraft@us.dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <Eric.Christofferson@us.dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

[EXTERNAL]

Thanks. Looks like only change was additional IP address?  Please forward the WS related device protocol to forensic firms in order to get budget asap.  I am travelling today and will sign once I have a pdf copy and access to scan and return, probably on Monday.

As I am not part of your negotiations on the Protocol for Mr. Chawla personal devices, I will await sign off from Mr. Illovsky.  Once Mr. Illovsky gives his sign off, I can sign.  Thanks.  Ron



**Ronald F. Lopez**
Partner
rflopez@nixonpeabody.com
T 415-984-8368 | C 415-823-7950 | F 866-293-2789
Nixon Peabody LLP | One Embarcadero Center, 32nd Floor | San Francisco, CA 94111
nixonpeabody.com | @NixonPeabodyLLP

---

The NP San Francisco office is *on the rise!* Our new address effective **January 7, 2019** is:
One Embarcadero Center, **32nd Floor**, San Francisco, CA 94111.

---

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

---

**From:** Strapp, Michael G. [mailto:michael.strapp@dlapiper.com]
**Sent:** Friday, April 12, 2019 10:35 AM
**To:** Lopez, Ronald <rflopez@nixonpeabody.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <brian.biggs@dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>

**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <andrew.valentine@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <eric.christofferson@dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

Ron – pdf versions of the redlined protocols are attached.

Regards,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

**From:** Lopez, Ronald <rflopez@nixonpeabody.com>
**Sent:** Friday, April 12, 2019 12:36 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@us.dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <Andrew.Valentine@us.dlapiper.com>; Kraft, Denise <denise.kraft@us.dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <Eric.Christofferson@us.dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

**[EXTERNAL]**

---

Michael, no redline came through.  Can you send PDF redlines.  Thanks, Ron



**Ronald F. Lopez**
Partner
rflopez@nixonpeabody.com
T 415-984-8368 | C 415-823-7950 | F 866-293-2789
Nixon Peabody LLP | One Embarcadero Center, 32nd Floor | San Francisco, CA 94111
nixonpeabody.com | @NixonPeabodyLLP

---

The NP San Francisco office is *on the rise!* Our new address effective **January 7, 2019** is:
One Embarcadero Center, **32nd Floor**, San Francisco, CA 94111.

---

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**From:** Strapp, Michael G. [mailto:michael.strapp@dlapiper.com]
**Sent:** Friday, April 12, 2019 6:43 AM
**To:** Lopez, Ronald <rflopez@nixonpeabody.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <brian.biggs@dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <andrew.valentine@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <eric.christofferson@dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

Ron and Eugene:

We believe the parties are in alignment regarding the contents of the draft forensic inspection protocols.  I have attached the draft protocols with just a few, minor edits we made today in redline.  I have also attached clean versions of the protocols.

Please email me signed copies of the clean versions of the protocols by noon Pacific today.  (Eugene – note that we only need your signature for the Personal Devices Protocol).

Once we have exchanged signed versions of the protocols, we will send the clean copies of the protocols to the three potential forensic firms and request budgets.  The cover email we will send to the forensic firms soliciting budgets will state as follows:

Dear _____,

Thank you for speaking with us this past week regarding the forensic inspection of computing devices in connection with Citrix Systems, Inc. v. Workspot, Inc. litigation.

Attached please find two forensic inspection protocols.  One protocol concerns the Workspot devices of former Workspot employee Puneet Chawla.  This protocol specifies the particular devices that will be inspected.  The other protocol concerns personal devices of Mr. Chawla.

Please provide us as soon as possible, but in any event no later than this Monday, April 15 at 5 pm Pacific, with a proposed budget for the work contemplated by the forensic inspections.  Please break out as separate items in your budget the fees and costs you budget for the inspection of Mr. Chawla's Workspot devices and the inspection of Mr. Chawla's personal devices.

Note that we have not specifically identified the number or type of Mr. Chawla's personal devices that will be inspected.  Accordingly, please provide a budget that estimates your fees and costs on a device-by-device basis for the inspection of Mr. Chawla's personal devices.

When you provide us with your budget, please also indicate how long you expect it will take you to complete the inspection of Mr. Chawla's Workspot and personal devices and to provide the parties with the information contemplated by the protocols.

Regards,

Michael

---

To the extent you have a preference for a specific firm, please confirm that you will send an email to this counsel distribution list no later than Monday, April 15 at 7 pm Pacific with a ranking of your preferred firms.  Please also confirm that we will agree to automatically select the firm that has the highest average rating based on our collective rankings, and that we will then inform the firm that has been selected of our choice no later than Tuesday, April 16 at 8 am Pacific.


Thank you,

Michael



**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com




DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

**From:** Lopez, Ronald <rflopez@nixonpeabody.com>
**Sent:** Thursday, April 11, 2019 8:56 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@us.dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <Andrew.Valentine@us.dlapiper.com>; Kraft, Denise <denise.kraft@us.dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Ghassab, Yasmin <Yasmin.Ghassab@us.dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

**[EXTERNAL]**

Michael, as we discussed yesterday, 4/10, during our meet and confer, attached are our redline comments to the Citrix version of the proposed 14 page document/protocol, which we only received at 6:03 p.m. on 4/9.  As mentioned, we needed to review this document with Kivu and our client.  We are available to meet and confer on the protocol tomorrow as early as 10:00 a.m. Pacific or 11:00 a.m. if that works better for you.  Please confirm whether Citrix will

agree to submit an agreed upon protocol to the forensic firms we interviewed in order to receive budgets, something that is expressly contemplated by Judge Fallon's Memorandum Order.

We believe a budget is very important to the process especially in light of the Citrix position that Judge Fallon's order essentially authorized a redo of the entire Workspot forensic examinations, not just the search for relevant deleted information between October 9-16, 2019 in the unallocated space as argued by Citrix and as we read paragraph 27 of the order. Although we disagree that the Order was for a redo of the entire forensic examination, we will reserve our rights on this issue and agree to the broader examination as set forth in the Citrix proposed protocol (once agreed upon) in order to get this examination completed as quickly as possible.

The purpose of our interviews of the three forensic firms was to assess whether each firm was technically capable, not to ask for a budget when we did not even have an agreed upon protocol or scope of work upon which a forensic firm could provide a budget. As even you mentioned during our meet and confer on 4/10, following our interviews, Citrix believes that all three firms are technically capable and paraphrasing there are not great differentiators although you may have certain preferences. We have advised you on multiple occasions, the budget is very important to Workspot and is expressly identified by Judge Fallon in the order (See paragraph 27). Of course we could not get a budget from any firm without a scope of work/protocol. To expedite this, **we proposed the parties agree to take whichever firm provides the lowest budget based upon the agreed upon protocol**.

You continue to claim Workspot is in breach for not agreeing to your unilateral selection process that has nothing to do with budgets and costs. However, our selection will be made based on budget and costs for the project because we agree each firm is technically capable. In any event, during the 4/10 meet and confer call, Citrix declined to identify which firm it preferred so it is difficult to understand why Citrix likes to claim that Workspot is in breach but Citrix is not. Neither party can be in breach when there was no agreement on using your proposed selection process that does not take into account the budget and costs. If local counsel believes it is necessary, we have suggested the parties extend the deadline for selecting the forensic firm given how late we received the proposed protocol from Citrix and how you rejected our more targeted protocol. It looks like we will also have to extend the date for the completion of the project because the earliest we will have an agreed upon protocol is tomorrow. We believe the parties are very close to finalizing a protocol (hopefully tomorrow) and getting budgets from the firms within very short order. If Citrix declines to agree to ask for budgets from the firms based upon an agreed upon protocol, we agree we should take this issue to Judge Fallon because Judge Fallon's order states: "the parties shall identify their agreed-upon forensic inspector **and a proposed budget for the inspection**." However, we believe this is not the best use of the parties time and money and will only slow down the process.

We urge Citrix to meet and confer in good faith to finalize the protocol tomorrow and then immediately submit the protocol to the three forensic firms for budgets/costs. Workspot is ready to agree to whichever firm provides the lowest cost proposed budget for the project. I have confirmed today the devices are ready to be delivered to the forensic firm. We look forward to resolving this issue with you at the meet and confer tomorrow.

Matt will address the Privilege log issue separately.

Regards, Ron



**Ronald F. Lopez**
Partner
rflopez@nixonpeabody.com
T 415-984-8368 | C 415-823-7950 | F 866-293-2789
Nixon Peabody LLP | One Embarcadero Center, 32nd Floor | San Francisco, CA 94111
nixonpeabody.com | @NixonPeabodyLLP

The NP San Francisco office is *on the rise!* Our new address effective **January 7, 2019** is: One Embarcadero Center, **32nd Floor**, San Francisco, CA 94111.

Please consider the environment before printing this email.

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**From:** Strapp, Michael G. <michael.strapp@dlapiper.com>
**Sent:** Thursday, April 11, 2019 3:06 PM
**To:** Lopez, Ronald <rflopez@nixonpeabody.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <brian.biggs@dlapiper.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <andrew.valentine@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Ghassab, Yasmin <yasmin.ghassab@dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

[EXTERNAL E-MAIL]

Ron,

I write concerning the forensic inspection process to address several outstanding issues and to set forth what appears to be Workspot's refusal to comply with its obligations concerning that process and with Judge Fallon's Order requiring Workspot to produce certain documents.

Please let us know if you are available for a meet-and-confer tomorrow morning at 11 am Pacific to discuss the process for approaching Judge Fallon to address Workspot's refusal to comply with the Order.

**Forensic Inspection Ruling**

1. Judge Fallon granted Citrix's motion to compel the forensic inspection of Chawla's devices on March 28. Workspot did not object to this aspect of Judge Fallon's ruling.
2. Judge Fallon ordered the parties to "identify their agreed-upon forensic inspector" by April 5. We mutually agreed to extend that deadline to April 6.
3. Judge Fallon explained in her ruling that Citrix's concerns "regarding the reliability of the forensic examination performed by Kivu" warranted "the performance of another forensic imaging of the same devices."
4. We jointly interviewed three candidate forensic inspection firms on April 5 and April 8. You never asked for budgets from any of these firms during the interview process.
5. At 7 am Pacific on April 9, I suggested that we exchange rankings of our preferred forensic inspection firms at 1 pm Pacific, and that we agree in advance that whichever firm received the best average rank would be the firm we would select. Later that same day you wrote that any such selection process would be premature. You asked us to send proposed protocols for the forensic inspections.
6. We sent you the proposed protocols on April 9 as you requested and proposed exchanging rankings of preferred firms on April 10 so that we could select an "agreed-upon forensic inspector" as ordered by the Court.
7. Later on April 9, you rejected our request to select an inspector on April 10, and instead suggested that "we extend the deadline." You argued that notwithstanding Judge Fallon's order, the inspection of Chawla's Workspot devices should be limited to determining "whether or not there is any deleted information that might

relate to certain identified "Chawla emails" sent between October 9 and 16, 2018 or Mr. Chawla's web browsing history between this time."

8. The morning of April 10, we reiterated our request that the parties immediately exchange preferences for a forensic inspection firm as ordered by Judge Fallon. We also indicated our objection to any inspection protocol of Chawla's Workspot devices that would be limited to determining whether certain deleted information exists. We requested your assent to move forward with the detailed protocols we had provided to you on April 9.

9. You responded to our request on April 10 by rejecting Citrix's inspection protocol for Chawla's Workspot devices. You claimed that the protocol "greatly exceeded the argument Citrix articulated before Judge Fallon."

10. We responded to your email, also on April 10, by noting that Workspot had already violated Judge Fallon's order by refusing to participate in the joint selection of a forensic inspection firm. We reiterated our request that you reconsider the protocols provided by Citrix. We requested a meet-and-confer later the same day.

11. You indicated on April 10 that Workspot had a fundamental disagreement with Citrix regarding "the scope of the work" involved in the forensic inspection. You indicated that you would prefer to postpone any meet-and-confer until April 11.

12. We insisted that the parties' meet-and-confer on April 10, given that Workspot was already in violation of Judge Fallon's order.

13. The parties engaged in a meet-and-confer in the afternoon of April 10. During the meet-and-confer, you stated that the protocols Citrix proposed appeared to request that the inspector redo work Kivu had already done, a process you insisted was unnecessary. We directed you to pp. 56-58 of the March 27, 2019 hearing transcript where Judge Fallon indicated that it was not unreasonable for Citrix to seek a second opinion of the forensic inspection Workspot had done. You indicated that you would get back to us the next day, April 11, with any proposed modifications to Citrix's protocols. We indicated that we would approach Judge Fallon to seek enforcement of her Order if the parties were unable to resolve their differences on April 11. We also made clear during the meet-and-confer that Workspot's insistence on vexatiously multiplying these proceedings would be noted in a forthcoming sanctions motion in which Citrix would seek to recover all of its fees and costs.

14. You indicated earlier today that you "hopefully" would get back to us today with your proposal on forensic inspection protocols. You also requested that Citrix provide any agreed-upon protocols to each of the three candidate firms, solicit a budget, review the budget, and then engage in a process of selecting a forensic inspection firm.

## Privilege Log Ruling

1. Judge Fallon granted-in-part Citrix's motion to compel the production of documents on Workspot's privilege log. Workspot objected to the portion of that ruling concerning the crime-fraud exception, but did not object to the Court's decisions on disclosure to third parties and non-attorney communications.

2. Workspot was obligated to produce the documents on its log subject to Judge Fallon's ruling that do not concern the crime-fraud exception on April 5, after the period for Workspot to object to Judge Fallon's ruling had expired. Workspot made no such production.

3. On April 10, we emailed you and request the production by no later than April 11 of the following documents:
    a. 3rd Party Communications: Privilege Log Entries 251-254, 266, 417, 467, 494-495
    b. Communications Among Non-Attorneys: Privilege Log Entries 36, 64, 70, 84, 119-123, 191, 198, 341-342 (unredacted), 346 (unredacted), 404, 496-497, 510-512, and 516.

4. You responded to our email on April 10 by indicating that Workspot did not believe its document production was due until the resolution of its objection to Magistrate Judge Fallon's ruling, even though the above-listed documents were not addressed in Workspot's objection. You indicated, however, that Workspot would produce the documents referenced in the April 10 email "as soon as reasonably practical."

5. Later on April 10, we requested a "date certain for the production." We also requested a production this week, especially given the small size of the production.

6. You indicated in response, also on April 10, that you were "optimistic" the documents would be produced "by early next week, if not by end of this week."

7. On April 11, we again requested a date certain for the document production.

8.  You have not responded to our request.

Workspot's pattern of delay and obstruction is self-evident from the sequence of events detailed above.  Citrix is unwilling to await any further obstruction and intends to seek assistance from the Court for enforcement of Judge Fallon's order.  We look forward to speaking with you tomorrow.

Regards,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this

communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

EXHIBIT 54

## Lisko, Stephanie

| | |
|---|---|
| **From:** | Strapp, Michael G. |
| **Sent:** | Wednesday, April 17, 2019 5:45 PM |
| **To:** | Eugene Illovsky |
| **Cc:** | Hayes, Jennifer; Kim, Joy; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer; karen.gibbs@workspot.com; Valentine, Andrew; Kraft, Denise; Ikegami, Yuko; Christofferson, Eric; Souza, Mary Ann; Lopez, Ronald; Biggs, Brian; Werber, Matthew |
| **Subject:** | RE: Citrix Systems, Inc. v. Workspot, Inc. -  Magistrate Judge Fallon's Order |

Eugene,

In the opposition you filed with the Court on March 15, you complained about the challenge you and Mr. Chawla would have in identifying "laptops, desktops, tablets, and phones," that Mr. Chawla used to send emails and browse the Internet between October 9 and 16.

Given your statements to the Court, please confirm, consistent with the Court's order, that the **only** personal device "that Mr. Chawla used to browse the Internet and send emails between October 9, 2018 and October 16, 2018" is a Mac Laptop.

Thank you,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

**From:** Eugene Illovsky <eugene@illovskylaw.com>
**Sent:** Wednesday, April 17, 2019 4:13 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@us.dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <Andrew.Valentine@us.dlapiper.com>; Kraft, Denise <denise.kraft@us.dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <Eric.Christofferson@us.dlapiper.com>; Souza, Mary Ann <MaryAnn.Souza@us.dlapiper.com>; Lopez, Ronald <rflopez@nixonpeabody.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Werber, Matthew <mwerber@nixonpeabody.com>
**Subject:** Re: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

[EXTERNAL]

Michael:

Mr. Chawla will be providing a Mac Laptop to Califorensics.

Regards,

Eugene

---

**From:** "Strapp, Michael G." <michael.strapp@dlapiper.com>
**Date:** Wednesday, April 17, 2019 at 5:08 AM
**To:** Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** "Hayes, Jennifer" <jenhayes@nixonpeabody.com>, "Kim, Joy" <joy.kim@dlapiper.com>, "dmoore@potteranderson.com" <dmoore@potteranderson.com>, "bpalapura@potteranderson.com" <bpalapura@potteranderson.com>, "Hayes, Jennifer" <jenhayes@nixonpeabody.com>, "karen.gibbs@workspot.com" <karen.gibbs@workspot.com>, "Valentine, Andrew" <andrew.valentine@dlapiper.com>, "Kraft, Denise" <denise.kraft@dlapiper.com>, "Ikegami, Yuko" <yikegami@nixonpeabody.com>, "Christofferson, Eric" <eric.christofferson@dlapiper.com>, "Souza, Mary Ann" <maryann.souza@dlapiper.com>, "Lopez, Ronald" <rflopez@nixonpeabody.com>, "Biggs, Brian" <brian.biggs@dlapiper.com>, "Werber, Matthew" <mwerber@nixonpeabody.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

Eugene,

Thank you for the update regarding Mr. Chawla's availability.  Could you please hold the dates between May 28 and 31 for a deposition.  We will plan to get back to you soon to specify a date and location for the deposition within that time frame (including both May 28 and May 31).

As you know, Mr. Plunkett at Califorensics provided us with a budget and timeline to complete the imaging, analysis and production of a report for the five Workspot devices of Mr. Chawla.  We'd like to also obtain a budget and timeline to complete the imaging, analysis and production of a report for Mr. Chawla's personal devices.

To that end, could you please advise today as to the specific devices that Mr. Chawla will provide to Califorensics for the inspection consistent with the Court's order.  As soon as we have this information, we will email Mr. Plunkett and request the additional budget and timeline.

Regards,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

**From:** Eugene Illovsky <eugene@illovskylaw.com>
**Sent:** Tuesday, April 16, 2019 7:31 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@us.dlapiper.com>;
dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>;
karen.gibbs@workspot.com; Valentine, Andrew <Andrew.Valentine@us.dlapiper.com>; Kraft, Denise
<denise.kraft@us.dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric
<Eric.Christofferson@us.dlapiper.com>; Souza, Mary Ann <MaryAnn.Souza@us.dlapiper.com>; Lopez, Ronald
<rflopez@nixonpeabody.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Werber, Matthew
<mwerber@nixonpeabody.com>
**Subject:** Re: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

[EXTERNAL]

---

Michael:

Two things:

1. Signed protocol attached.
2. With respect to Mr. Chawla's availability for deposition, I want to give Citrix a heads-up as to what his next month or so looks like.  Mr. Chawla is available April 22, 23, 24, 25, 26 and 29.  In May, he will be traveling to Southern California and then to India, and is available May 28, 29, 30, and 31.

Regards,

Eugene

---

**From:** "Strapp, Michael G." <michael.strapp@dlapiper.com>
**Date:** Tuesday, April 16, 2019 at 12:08 PM
**To:** "Lopez, Ronald" <rflopez@nixonpeabody.com>, "Werber, Matthew" <mwerber@nixonpeabody.com>,
"Biggs, Brian" <brian.biggs@dlapiper.com>, Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** "Hayes, Jennifer" <jenhayes@nixonpeabody.com>, "Kim, Joy" <joy.kim@dlapiper.com>,
"dmoore@potteranderson.com" <dmoore@potteranderson.com>, "bpalapura@potteranderson.com"
<bpalapura@potteranderson.com>, "Hayes, Jennifer" <jenhayes@nixonpeabody.com>,
"karen.gibbs@workspot.com" <karen.gibbs@workspot.com>, "Valentine, Andrew"
<andrew.valentine@dlapiper.com>, "Kraft, Denise" <denise.kraft@dlapiper.com>, "Ikegami, Yuko"
<yikegami@nixonpeabody.com>, "Christofferson, Eric" <eric.christofferson@dlapiper.com>, "Souza, Mary
Ann" <maryann.souza@dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

Ron and Eugene – Attached is a pdf of the protocol for Chawla's personal devices that I have already signed.  Could you both please sign and then send me a signed versions of the signature page.

Ron – Attached is a pdf of the fully-executed protocol for Chawla's Workspot devices.

I will reach out now to Califorensics and request an engagement letter.

Regards,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

**From:** Lopez, Ronald <rflopez@nixonpeabody.com>
**Sent:** Tuesday, April 16, 2019 1:31 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@us.dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <Andrew.Valentine@us.dlapiper.com>; Kraft, Denise <denise.kraft@us.dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <Eric.Christofferson@us.dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

[EXTERNAL]

---

Attached is my signature page.  Looks like we may need some formatting to fit Exhibit A.  Can you please assemble a completed pdf document and return.  Thanks.  Ron



**Ronald F. Lopez**
Partner
rflopez@nixonpeabody.com
T 415-984-8368 | C 415-823-7950 | F 866-293-2789
Nixon Peabody LLP | One Embarcadero Center, 32nd Floor | San Francisco, CA 94111
nixonpeabody.com | @NixonPeabodyLLP

---

The NP San Francisco office is *on the rise!* Our new address effective **January 7, 2019** is:
One Embarcadero Center, **32nd Floor**, San Francisco, CA 94111.

---

Please consider the environment before printing this email.

4

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**From:** Strapp, Michael G. <michael.strapp@dlapiper.com>
**Sent:** Tuesday, April 16, 2019 5:52 AM
**To:** Lopez, Ronald <rflopez@nixonpeabody.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <brian.biggs@dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <andrew.valentine@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <eric.christofferson@dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

Ron,

Could you please send us a signed version of the protocol for the Chawla's Workspot devices.

Also, as you know, we've now received budgets and timelines from all three forensic inspection firms (see attached). You had indicated in a prior email that Workspot intended to select the firm that proposed the lowest budget. That firm is Califorensics. Citrix will agree to select Tom Plunkett and Califorensics.

Please confirm, and I will reach out to Tom Plunkett and request an engagement letter.

Regards,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

**From:** Lopez, Ronald <rflopez@nixonpeabody.com>
**Sent:** Friday, April 12, 2019 1:49 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@us.dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <Andrew.Valentine@us.dlapiper.com>; Kraft, Denise

<denise.kraft@us.dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <Eric.Christofferson@us.dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

[EXTERNAL]

Thanks. Looks like only change was additional IP address?  Please forward the WS related device protocol to forensic firms in order to get budget asap.  I am travelling today and will sign once I  have a  pdf copy and access to scan and return, probably on Monday.

As I am not part of  your negotiations on the Protocol for Mr. Chawla personal devices, I will await sign off from Mr. Illovsky.  Once Mr. Illovsky gives his sign off, I  can  sign.  Thanks.  Ron



**Ronald F. Lopez**
Partner
rflopez@nixonpeabody.com
T 415-984-8368 | C 415-823-7950 | F 866-293-2789
Nixon Peabody LLP | One Embarcadero Center, 32nd Floor | San Francisco, CA 94111
nixonpeabody.com | @NixonPeabodyLLP

---

The NP San Francisco office is *on the rise!* Our new address effective **January 7, 2019** is:
One Embarcadero Center, **32nd Floor**, San Francisco, CA 94111.

---

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

---

**From:** Strapp, Michael G. [mailto:michael.strapp@dlapiper.com]
**Sent:** Friday, April 12, 2019 10:35 AM
**To:** Lopez, Ronald <rflopez@nixonpeabody.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <brian.biggs@dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <andrew.valentine@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <eric.christofferson@dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

Ron – pdf versions of the redlined protocols are attached.

Regards,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100

**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

**From:** Lopez, Ronald <rflopez@nixonpeabody.com>
**Sent:** Friday, April 12, 2019 12:36 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@us.dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <Andrew.Valentine@us.dlapiper.com>; Kraft, Denise <denise.kraft@us.dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <Eric.Christofferson@us.dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

[EXTERNAL]

Michael, no redline came through.  Can you send PDF redlines.  Thanks, Ron



**Ronald F. Lopez**
Partner
rflopez@nixonpeabody.com
T 415-984-8368 | C 415-823-7950 | F 866-293-2789
Nixon Peabody LLP | One Embarcadero Center, 32nd Floor | San Francisco, CA 94111
nixonpeabody.com | @NixonPeabodyLLP

---

The NP San Francisco office is *on the rise!* Our new address effective **January 7, 2019** is:
One Embarcadero Center, **32nd Floor**, San Francisco, CA 94111.

---

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

---

**From:** Strapp, Michael G. [mailto:michael.strapp@dlapiper.com]
**Sent:** Friday, April 12, 2019 6:43 AM
**To:** Lopez, Ronald <rflopez@nixonpeabody.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <brian.biggs@dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com;

Valentine, Andrew <andrew.valentine@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <eric.christofferson@dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

Ron and Eugene:

We believe the parties are in alignment regarding the contents of the draft forensic inspection protocols.  I have attached the draft protocols with just a few, minor edits we made today in redline.  I have also attached clean versions of the protocols.

Please email me signed copies of the clean versions of the protocols by noon Pacific today.  (Eugene – note that we only need your signature for the Personal Devices Protocol).

Once we have exchanged signed versions of the protocols, we will send the clean copies of the protocols to the three potential forensic firms and request budgets.  The cover email we will send to the forensic firms soliciting budgets will state as follows:

---

Dear _____,

Thank you for speaking with us this past week regarding the forensic inspection of computing devices in connection with Citrix Systems, Inc. v. Workspot, Inc. litigation.

Attached please find two forensic inspection protocols.  One protocol concerns the Workspot devices of former Workspot employee Puneet Chawla.  This protocol specifies the particular devices that will be inspected.  The other protocol concerns personal devices of Mr. Chawla.

Please provide us as soon as possible, but in any event no later than this Monday, April 15 at 5 pm Pacific, with a proposed budget for the work contemplated by the forensic inspections.  Please break out as separate items in your budget the fees and costs you budget for the inspection of Mr. Chawla's Workspot devices and the inspection of Mr. Chawla's personal devices.

Note that we have not specifically identified the number or type of Mr. Chawla's personal devices that will be inspected.  Accordingly, please provide a budget that estimates your fees and costs on a device-by-device basis for the inspection of Mr. Chawla's personal devices.

When you provide us with your budget, please also indicate how long you expect it will take you to complete the inspection of Mr. Chawla's Workspot and personal devices and to provide the parties with the information contemplated by the protocols.

Regards,

Michael

---

To the extent you have a preference for a specific firm, please confirm that you will send an email to this counsel distribution list no later than Monday, April 15 at 7 pm Pacific with a ranking of your preferred firms.  Please also confirm that we will agree to automatically select the firm that has the highest average rating based on our collective rankings, and that we will then inform the firm that has been selected of our choice no later than Tuesday, April 16 at 8 am Pacific.

Thank you,

Michael


**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

**From:** Lopez, Ronald <rflopez@nixonpeabody.com>
**Sent:** Thursday, April 11, 2019 8:56 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@us.dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <Andrew.Valentine@us.dlapiper.com>; Kraft, Denise <denise.kraft@us.dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Ghassab, Yasmin <Yasmin.Ghassab@us.dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

**[EXTERNAL]**

---

Michael, as we discussed yesterday, 4/10, during our meet and confer, attached are our redline comments to the Citrix version of the proposed 14 page document/protocol, which we only received at 6:03 p.m. on 4/9. As mentioned, we needed to review this document with Kivu and our client. We are available to meet and confer on the protocol tomorrow as early as 10:00 a.m. Pacific or 11:00 a.m. if that works better for you. Please confirm whether Citrix will agree to submit an agreed upon protocol to the forensic firms we interviewed in order to receive budgets, something that is expressly contemplated by Judge Fallon's Memorandum Order.

We believe a budget is very important to the process especially in light of the Citrix position that Judge Fallon's order essentially authorized a redo of the entire Workspot forensic examinations, not just the search for relevant deleted information between October 9-16, 2019 in the unallocated space as argued by Citrix and as we read paragraph 27 of the order. Although we disagree that the Order was for a redo of the entire forensic examination, we will reserve our rights on this issue and agree to the broader examination as set forth in the Citrix proposed protocol (once agreed upon) in order to get this examination completed as quickly as possible.

The purpose of our interviews of the three forensic firms was to assess whether each firm was technically capable, not to ask for a budget when we did not even have an agreed upon protocol or scope of work upon which a forensic firm could provide a budget. As even you mentioned during our meet and confer on 4/10, following our interviews, Citrix believes that all three firms are technically capable and paraphrasing there are not great differentiators although you may have certain preferences. We have advised you on multiple occasions, the budget is very important to Workspot

and is expressly identified by Judge Fallon in the order (See paragraph 27).  Of course we could not get a budget from any firm without a scope of work/protocol.  To expedite this, **we proposed the parties agree to take whichever firm provides the lowest budget based upon the agreed upon protocol**.

You continue to claim Workspot is in breach for not agreeing to your  unilateral selection process that has nothing to do with budgets and costs.   However, our selection will be made based on budget and costs for the project because we agree each firm is technically capable.  In any event, during the 4/10 meet and confer call, Citrix declined to identify which firm it preferred so it is difficult to understand why Citrix likes to claim that Workspot is in breach but Citrix is not.  Neither party can be in breach when there was no agreement on using your proposed selection process that does not take into account the budget and costs.  If local counsel believes it is necessary, we have suggested the parties  extend the deadline for selecting the forensic firm given how late we received the proposed protocol from Citrix and how you rejected our more targeted protocol.  It looks like we will also have to extend the date for the completion of the project because the earliest we will have an agreed upon protocol is tomorrow.  We believe the parties are very close to finalizing a protocol (hopefully tomorrow) and getting budgets from the firms within very short order.  If Citrix declines to agree to ask for budgets from the firms based upon an agreed upon protocol, we agree we should take this issue to Judge Fallon because Judge Fallon's order states:  "the parties shall identify their agreed-upon forensic inspector **and a proposed budget for the inspection**."  However, we believe this is not the best use of the parties time and money and will only slow down the process.

We urge Citrix to meet and confer in good faith to finalize the protocol tomorrow and then immediately submit the protocol to the three forensic firms for budgets/costs.  Workspot is ready to agree to whichever firm provides the lowest cost proposed budget for the project.  I have confirmed today the devices are ready to be delivered to the forensic firm.  We look forward to resolving this issue with you at the meet and confer tomorrow.

Matt will address the Privilege log issue separately.

Regards, Ron



**Ronald F. Lopez**
Partner
rflopez@nixonpeabody.com
T 415-984-8368 | C 415-823-7950 | F 866-293-2789
Nixon Peabody LLP | One Embarcadero Center, 32nd Floor | San Francisco, CA 94111
nixonpeabody.com | @NixonPeabodyLLP

---

The NP San Francisco office is *on the rise!* Our new address effective **January 7, 2019** is:
One Embarcadero Center, **32nd Floor**, San Francisco, CA 94111.

---

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**From:** Strapp, Michael G. <michael.strapp@dlapiper.com>
**Sent:** Thursday, April 11, 2019 3:06 PM
**To:** Lopez, Ronald <rflopez@nixonpeabody.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian

<brian.biggs@dlapiper.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <andrew.valentine@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Ghassab, Yasmin <yasmin.ghassab@dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

[EXTERNAL E-MAIL]

Ron,

I write concerning the forensic inspection process to address several outstanding issues and to set forth what appears to be Workspot's refusal to comply with its obligations concerning that process and with Judge Fallon's Order requiring Workspot to produce certain documents.

Please let us know if you are available for a meet-and-confer tomorrow morning at 11 am Pacific to discuss the process for approaching Judge Fallon to address Workspot's refusal to comply with the Order.

**Forensic Inspection Ruling**

1. Judge Fallon granted Citrix's motion to compel the forensic inspection of Chawla's devices on March 28. Workspot did not object to this aspect of Judge Fallon's ruling.
2. Judge Fallon ordered the parties to "identify their agreed-upon forensic inspector" by April 5. We mutually agreed to extend that deadline to April 6.
3. Judge Fallon explained in her ruling that Citrix's concerns "regarding the reliability of the forensic examination performed by Kivu" warranted "the performance of another forensic imaging of the same devices."
4. We jointly interviewed three candidate forensic inspection firms on April 5 and April 8. You never asked for budgets from any of these firms during the interview process.
5. At 7 am Pacific on April 9, I suggested that we exchange rankings of our preferred forensic inspection firms at 1 pm Pacific, and that we agree in advance that whichever firm received the best average rank would be the firm we would select. Later that same day you wrote that any such selection process would be premature. You asked us to send proposed protocols for the forensic inspections.
6. We sent you the proposed protocols on April 9 as you requested and proposed exchanging rankings of preferred firms on April 10 so that we could select an "agreed-upon forensic inspector" as ordered by the Court.
7. Later on April 9, you rejected our request to select an inspector on April 10, and instead suggested that "we extend the deadline." You argued that notwithstanding Judge Fallon's order, the inspection of Chawla's Workspot devices should be limited to determining "whether or not there is any deleted information that might relate to certain identified "Chawla emails" sent between October 9 and 16, 2018 or Mr. Chawla's web browsing history between this time."
8. The morning of April 10, we reiterated our request that the parties immediately exchange preferences for a forensic inspection firm as ordered by Judge Fallon. We also indicated our objection to any inspection protocol of Chawla's Workspot devices that would be limited to determining whether certain deleted information exists. We requested your assent to move forward with the detailed protocols we had provided to you on April 9.
9. You responded to our request on April 10 by rejecting Citrix's inspection protocol for Chawla's Workspot devices. You claimed that the protocol "greatly exceeded the argument Citrix articulated before Judge Fallon."
10. We responded to your email, also on April 10, by noting that Workspot had already violated Judge Fallon's order by refusing to participate in the joint selection of a forensic inspection firm. We reiterated our request that you reconsider the protocols provided by Citrix. We requested a meet-and-confer later the same day.
11. You indicated on April 10 that Workspot had a fundamental disagreement with Citrix regarding "the scope of the work" involved in the forensic inspection. You indicated that you would prefer to postpone any meet-and-confer until April 11.

12. We insisted that the parties' meet-and-confer on April 10, given that Workspot was already in violation of Judge Fallon's order.

13. The parties engaged in a meet-and-confer in the afternoon of April 10.  During the meet-and-confer, you stated that the protocols Citrix proposed appeared to request that the inspector redo work Kivu had already done, a process you insisted was unnecessary.  We directed you to pp. 56-58 of the March 27, 2019 hearing transcript where Judge Fallon indicated that it was not unreasonable for Citrix to seek a second opinion of the forensic inspection Workspot had done.  You indicated that you would get back to us the next day, April 11, with any proposed modifications to Citrix's protocols.  We indicated that we would approach Judge Fallon to seek enforcement of her Order if the parties were unable to resolve their differences on April 11.  We also made clear during the meet-and-confer that Workspot's insistence on vexatiously multiplying these proceedings would be noted in a forthcoming sanctions motion in which Citrix would seek to recover all of its fees and costs.

14. You indicated earlier today that you "hopefully" would get back to us today with your proposal on forensic inspection protocols.  You also requested that Citrix provide any agreed-upon protocols to each of the three candidate firms, solicit a budget, review the budget, and then engage in a process of selecting a forensic inspection firm.


## Privilege Log Ruling

1. Judge Fallon granted-in-part Citrix's motion to compel the production of documents on Workspot's privilege log.  Workspot objected to the portion of that ruling concerning the crime-fraud exception, but did not object to the Court's decisions on disclosure to third parties and non-attorney communications.

2. Workspot was obligated to produce the documents on its log subject to Judge Fallon's ruling that do not concern the crime-fraud exception on April 5, after the period for Workspot to object to Judge Fallon's ruling had expired.  Workspot made no such production.

3. On April 10, we emailed you and request the production by no later than April 11 of the following documents:
   a. 3rd Party Communications: Privilege Log Entries 251-254, 266, 417, 467, 494-495
   b. Communications Among Non-Attorneys: Privilege Log Entries 36, 64, 70, 84, 119-123, 191, 198, 341-342 (unredacted), 346 (unredacted), 404, 496-497, 510-512, and 516.

4. You responded to our email on April 10 by indicating that Workspot did not believe its document production was due until the resolution of its objection to Magistrate Judge Fallon's ruling, even though the above-listed documents were not addressed in Workspot's objection.  You indicated, however, that Workspot would produce the documents referenced in the April 10 email "as soon as reasonably practical."

5. Later on April 10, we requested a "date certain for the production."  We also requested a production this week, especially given the small size of the production.

6. You indicated in response, also on April 10, that you were "optimistic" the documents would be produced "by early next week, if not by end of this week."

7. On April 11, we again requested a date certain for the document production.

8. You have not responded to our request.


Workspot's pattern of delay and obstruction is self-evident from the sequence of events detailed above.  Citrix is unwilling to await any further obstruction and intends to seek assistance from the Court for enforcement of Judge Fallon's order.  We look forward to speaking with you tomorrow.


Regards,


Michael


**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

EXHIBIT 55

**Lisko, Stephanie**

| | |
|---|---|
| **From:** | Eugene Illovsky <eugene@illovskylaw.com> |
| **Sent:** | Wednesday, April 17, 2019 6:45 PM |
| **To:** | Strapp, Michael G. |
| **Cc:** | Hayes, Jennifer; Kim, Joy; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer; karen.gibbs@workspot.com; Valentine, Andrew; Kraft, Denise; Ikegami, Yuko; Christofferson, Eric; Souza, Mary Ann; Lopez, Ronald; Biggs, Brian; Werber, Matthew |
| **Subject:** | Re: Citrix Systems, Inc. v. Workspot, Inc. -  Magistrate Judge Fallon's Order |

[EXTERNAL]

Michael:

If Citrix is saying Mr. Chawla "complained about the challenge [his lawyer] and [he] would have in identifying 'laptops, desktops, tablets, and phones' that Mr. Chawla used to send emails and browse the internet between October 9 and 16," then I believe Citrix is misreading the brief.

In any event, that is the only device in Mr. Chawla's possession, custody, or control that he used for that purpose in that time period.

Regards,

Eugene

**From:** "Strapp, Michael G." <michael.strapp@dlapiper.com>
**Date:** Wednesday, April 17, 2019 at 2:45 PM
**To:** Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** "Hayes, Jennifer" <jenhayes@nixonpeabody.com>, "Kim, Joy" <joy.kim@dlapiper.com>, "dmoore@potteranderson.com" <dmoore@potteranderson.com>, "bpalapura@potteranderson.com" <bpalapura@potteranderson.com>, "Hayes, Jennifer" <jenhayes@nixonpeabody.com>, "karen.gibbs@workspot.com" <karen.gibbs@workspot.com>, "Valentine, Andrew" <andrew.valentine@dlapiper.com>, "Kraft, Denise" <denise.kraft@dlapiper.com>, "Ikegami, Yuko" <yikegami@nixonpeabody.com>, "Christofferson, Eric" <eric.christofferson@dlapiper.com>, "Souza, Mary Ann" <maryann.souza@dlapiper.com>, "Lopez, Ronald" <rflopez@nixonpeabody.com>, "Biggs, Brian" <brian.biggs@dlapiper.com>, "Werber, Matthew" <mwerber@nixonpeabody.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

Eugene,

In the opposition you filed with the Court on March 15, you complained about the challenge you and Mr. Chawla would have in identifying "laptops, desktops, tablets, and phones," that Mr. Chawla used to send emails and browse the Internet between October 9 and 16.

Given your statements to the Court, please confirm, consistent with the Court's order, that the **only** personal device "that Mr. Chawla used to browse the Internet and send emails between October 9, 2018 and October 16, 2018" is a Mac Laptop.

Thank you,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

**From:** Eugene Illovsky <eugene@illovskylaw.com>
**Sent:** Wednesday, April 17, 2019 4:13 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@us.dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <Andrew.Valentine@us.dlapiper.com>; Kraft, Denise <denise.kraft@us.dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <Eric.Christofferson@us.dlapiper.com>; Souza, Mary Ann <MaryAnn.Souza@us.dlapiper.com>; Lopez, Ronald <rflopez@nixonpeabody.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Werber, Matthew <mwerber@nixonpeabody.com>
**Subject:** Re: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

---

[EXTERNAL]

---

Michael:

Mr. Chawla will be providing a Mac Laptop to Califorensics.

Regards,

Eugene

---

**From:** "Strapp, Michael G." <michael.strapp@dlapiper.com>
**Date:** Wednesday, April 17, 2019 at 5:08 AM
**To:** Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** "Hayes, Jennifer" <jenhayes@nixonpeabody.com>, "Kim, Joy" <joy.kim@dlapiper.com>, "dmoore@potteranderson.com" <dmoore@potteranderson.com>, "bpalapura@potteranderson.com" <bpalapura@potteranderson.com>, "Hayes, Jennifer" <jenhayes@nixonpeabody.com>, "karen.gibbs@workspot.com" <karen.gibbs@workspot.com>, "Valentine, Andrew" <andrew.valentine@dlapiper.com>, "Kraft, Denise" <denise.kraft@dlapiper.com>, "Ikegami, Yuko" <yikegami@nixonpeabody.com>, "Christofferson, Eric" <eric.christofferson@dlapiper.com>, "Souza, Mary Ann" <maryann.souza@dlapiper.com>, "Lopez, Ronald" <rflopez@nixonpeabody.com>, "Biggs, Brian"

<brian.biggs@dlapiper.com>, "Werber, Matthew" <mwerber@nixonpeabody.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

Eugene,

Thank you for the update regarding Mr. Chawla's availability.  Could you please hold the dates between May 28 and 31 for a deposition.  We will plan to get back to you soon to specify a date and location for the deposition within that time frame (including both May 28 and May 31).

As you know, Mr. Plunkett at Califorensics provided us with a budget and timeline to complete the imaging, analysis and production of a report for the five Workspot devices of Mr. Chawla.  We'd like to also obtain a budget and timeline to complete the imaging, analysis and production of a report for Mr. Chawla's personal devices.

To that end, could you please advise today as to the specific devices that Mr. Chawla will provide to Califorensics for the inspection consistent with the Court's order.  As soon as we have this information, we will email Mr. Plunkett and request the additional budget and timeline.

Regards,

Michael


**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

**From:** Eugene Illovsky <eugene@illovskylaw.com>
**Sent:** Tuesday, April 16, 2019 7:31 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@us.dlapiper.com>;
dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>;
karen.gibbs@workspot.com; Valentine, Andrew <Andrew.Valentine@us.dlapiper.com>; Kraft, Denise
<denise.kraft@us.dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric
<Eric.Christofferson@us.dlapiper.com>; Souza, Mary Ann <MaryAnn.Souza@us.dlapiper.com>; Lopez, Ronald
<rflopez@nixonpeabody.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Werber, Matthew
<mwerber@nixonpeabody.com>
**Subject:** Re: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

[EXTERNAL]

---

Michael:

Two things:

1. Signed protocol attached.
2. With respect to Mr. Chawla's availability for deposition, I want to give Citrix a heads-up as to what his next month or so looks like.  Mr. Chawla is available April 22, 23, 24, 25, 26 and 29.  In May, he will be traveling to Southern California and then to India, and is available May 28, 29, 30, and 31.

Regards,

Eugene

---

**From:** "Strapp, Michael G." <michael.strapp@dlapiper.com>
**Date:** Tuesday, April 16, 2019 at 12:08 PM
**To:** "Lopez, Ronald" <rflopez@nixonpeabody.com>, "Werber, Matthew" <mwerber@nixonpeabody.com>, "Biggs, Brian" <brian.biggs@dlapiper.com>, Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** "Hayes, Jennifer" <jenhayes@nixonpeabody.com>, "Kim, Joy" <joy.kim@dlapiper.com>, "dmoore@potteranderson.com" <dmoore@potteranderson.com>, "bpalapura@potteranderson.com" <bpalapura@potteranderson.com>, "Hayes, Jennifer" <jenhayes@nixonpeabody.com>, "karen.gibbs@workspot.com" <karen.gibbs@workspot.com>, "Valentine, Andrew" <andrew.valentine@dlapiper.com>, "Kraft, Denise" <denise.kraft@dlapiper.com>, "Ikegami, Yuko" <yikegami@nixonpeabody.com>, "Christofferson, Eric" <eric.christofferson@dlapiper.com>, "Souza, Mary Ann" <maryann.souza@dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

Ron and Eugene – Attached is a pdf of the protocol for Chawla's personal devices that I have already signed.  Could you both please sign and then send me a signed versions of the signature page.

Ron – Attached is a pdf of the fully-executed protocol for Chawla's Workspot devices.

I will reach out now to Califorensics and request an engagement letter.

Regards,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

**From:** Lopez, Ronald <rflopez@nixonpeabody.com>
**Sent:** Tuesday, April 16, 2019 1:31 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs,

Brian <Brian.Biggs@us.dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@us.dlapiper.com>;
dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>;
karen.gibbs@workspot.com; Valentine, Andrew <Andrew.Valentine@us.dlapiper.com>; Kraft, Denise
<denise.kraft@us.dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric
<Eric.Christofferson@us.dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

[EXTERNAL]

Attached is my signature page.  Looks like we may need some formatting to fit Exhibit A.  Can you please assemble a
completed pdf document and return.  Thanks.  Ron



**Ronald F. Lopez**
Partner
rflopez@nixonpeabody.com
T 415-984-8368 | C 415-823-7950 | F 866-293-2789
Nixon Peabody LLP | One Embarcadero Center, 32nd Floor | San Francisco, CA 94111
nixonpeabody.com | @NixonPeabodyLLP

---

The NP San Francisco office is *on the rise!* Our new address effective **January 7, 2019** is:
One Embarcadero Center, **32nd Floor**, San Francisco, CA 94111.

---

Please consider the environment before printing this email.

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to
be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message
from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited
and may be unlawful. Thank you.

**From:** Strapp, Michael G. <michael.strapp@dlapiper.com>
**Sent:** Tuesday, April 16, 2019 5:52 AM
**To:** Lopez, Ronald <rflopez@nixonpeabody.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian
<brian.biggs@dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@dlapiper.com>; dmoore@potteranderson.com;
bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com;
Valentine, Andrew <andrew.valentine@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Ikegami, Yuko
<yikegami@nixonpeabody.com>; Christofferson, Eric <eric.christofferson@dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

Ron,

Could you please send us a signed version of the protocol for the Chawla's Workspot devices.

Also, as you know, we've now received budgets and timelines from all three forensic inspection firms (see attached). You had indicated in a prior email that Workspot intended to select the firm that proposed the lowest budget. That firm is Califorensics. Citrix will agree to select Tom Plunkett and Califorensics.

Please confirm, and I will reach out to Tom Plunkett and request an engagement letter.

Regards,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

---

**From:** Lopez, Ronald <rflopez@nixonpeabody.com>
**Sent:** Friday, April 12, 2019 1:49 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@us.dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <Andrew.Valentine@us.dlapiper.com>; Kraft, Denise <denise.kraft@us.dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <Eric.Christofferson@us.dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

[EXTERNAL]

---

Thanks. Looks like only change was additional IP address? Please forward the WS related device protocol to forensic firms in order to get budget asap. I am travelling today and will sign once I have a pdf copy and access to scan and return, probably on Monday.

As I am not part of your negotiations on the Protocol for Mr. Chawla personal devices, I will await sign off from Mr. Illovsky. Once Mr. Illovsky gives his sign off, I can sign. Thanks. Ron



**Ronald F. Lopez**
Partner
rflopez@nixonpeabody.com
T 415-984-8368 | C 415-823-7950 | F 866-293-2789
Nixon Peabody LLP | One Embarcadero Center, 32nd Floor | San Francisco, CA 94111
nixonpeabody.com | @NixonPeabodyLLP

The NP San Francisco office is *on the rise!* Our new address effective **January 7, 2019** is:
One Embarcadero Center, **32nd Floor**, San Francisco, CA 94111.

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**From:** Strapp, Michael G. [mailto:michael.strapp@dlapiper.com]
**Sent:** Friday, April 12, 2019 10:35 AM
**To:** Lopez, Ronald <rflopez@nixonpeabody.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <brian.biggs@dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <andrew.valentine@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <eric.christofferson@dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

Ron – pdf versions of the redlined protocols are attached.

Regards,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com




DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

**From:** Lopez, Ronald <rflopez@nixonpeabody.com>
**Sent:** Friday, April 12, 2019 12:36 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@us.dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <Andrew.Valentine@us.dlapiper.com>; Kraft, Denise <denise.kraft@us.dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <Eric.Christofferson@us.dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

**[EXTERNAL]**

Michael, no redline came through.  Can you send PDF redlines.  Thanks, Ron



**Ronald F. Lopez**
Partner
rflopez@nixonpeabody.com
T 415-984-8368 | C 415-823-7950 | F 866-293-2789
Nixon Peabody LLP | One Embarcadero Center, 32nd Floor | San Francisco, CA 94111
nixonpeabody.com | @NixonPeabodyLLP

---

The NP San Francisco office is *on the rise!* Our new address effective **January 7, 2019** is:
One Embarcadero Center, **32nd Floor**, San Francisco, CA 94111.

---

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

---

**From:** Strapp, Michael G. [mailto:michael.strapp@dlapiper.com]
**Sent:** Friday, April 12, 2019 6:43 AM
**To:** Lopez, Ronald <rflopez@nixonpeabody.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <brian.biggs@dlapiper.com>; Eugene Illovsky <eugene@illovskylaw.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <andrew.valentine@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Christofferson, Eric <eric.christofferson@dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

Ron and Eugene:

We believe the parties are in alignment regarding the contents of the draft forensic inspection protocols.  I have attached the draft protocols with just a few, minor edits we made today in redline.  I have also attached clean versions of the protocols.

Please email me signed copies of the clean versions of the protocols by noon Pacific today.  (Eugene – note that we only need your signature for the Personal Devices Protocol).

Once we have exchanged signed versions of the protocols, we will send the clean copies of the protocols to the three potential forensic firms and request budgets.  The cover email we will send to the forensic firms soliciting budgets will state as follows:

---

Dear _____,

Thank you for speaking with us this past week regarding the forensic inspection of computing devices in connection with Citrix Systems, Inc. v. Workspot, Inc. litigation.

Attached please find two forensic inspection protocols.  One protocol concerns the Workspot devices of former Workspot employee Puneet Chawla.  This protocol specifies the particular devices that will be inspected.  The other protocol concerns personal devices of Mr. Chawla.

Please provide us as soon as possible, but in any event no later than this Monday, April 15 at 5 pm Pacific, with a proposed budget for the work contemplated by the forensic inspections.  Please break out as separate items in your budget the fees and costs you budget for the inspection of Mr. Chawla's Workspot devices and the inspection of Mr. Chawla's personal devices.

Note that we have not specifically identified the number or type of Mr. Chawla's personal devices that will be inspected.  Accordingly, please provide a budget that estimates your fees and costs on a device-by-device basis for the inspection of Mr. Chawla's personal devices.

When you provide us with your budget, please also indicate how long you expect it will take you to complete the inspection of Mr. Chawla's Workspot and personal devices and to provide the parties with the information contemplated by the protocols.

Regards,

Michael

---

To the extent you have a preference for a specific firm, please confirm that you will send an email to this counsel distribution list no later than Monday, April 15 at 7 pm Pacific with a ranking of your preferred firms.  Please also confirm that we will agree to automatically select the firm that has the highest average rating based on our collective rankings, and that we will then inform the firm that has been selected of our choice no later than Tuesday, April 16 at 8 am Pacific.

Thank you,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

**From:** Lopez, Ronald <rflopez@nixonpeabody.com>
**Sent:** Thursday, April 11, 2019 8:56 PM
**To:** Strapp, Michael G. <Michael.Strapp@us.dlapiper.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <Brian.Biggs@us.dlapiper.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@us.dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <Andrew.Valentine@us.dlapiper.com>; Kraft, Denise <denise.kraft@us.dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Ghassab, Yasmin <Yasmin.Ghassab@us.dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

[EXTERNAL]

Michael, as we discussed yesterday, 4/10, during our meet and confer, attached are our redline comments to the Citrix version of the proposed 14 page document/protocol, which we only received at 6:03 p.m. on 4/9.  As mentioned, we needed to review this document with Kivu and our client.  We are available to meet and confer on the protocol tomorrow as early as 10:00 a.m. Pacific or 11:00 a.m. if that works better for you.  Please confirm whether Citrix will agree to submit an agreed upon protocol  to the forensic firms we interviewed in order to receive budgets, something that is expressly contemplated by Judge Fallon's Memorandum Order.

We believe a budget is very important to the process especially in light of the Citrix position that Judge Fallon's order essentially authorized a redo of the entire Workspot forensic examinations, not just the search for relevant deleted information between October 9-16, 2019 in the unallocated space as argued by Citrix and as we read paragraph 27 of the order.   Although we disagree that the Order was for a redo of the entire forensic examination, we will reserve our rights on this issue and agree to the broader examination as set forth in the Citrix proposed protocol (once agreed upon) in order to get this examination completed as quickly as possible.

The purpose of our interviews of the three forensic firms was to assess whether each firm was technically capable, not to ask for a budget when we did not even have an agreed upon protocol or scope of work upon which a forensic firm could provide a budget.   As even you mentioned during our meet and confer on 4/10, following our interviews, Citrix believes that all three firms are technically capable and paraphrasing there are not great differentiators although you may have certain preferences.  We have advised you on multiple  occasions,  the  budget is very important to Workspot and is expressly identified by Judge Fallon in the order (See paragraph 27).  Of course we could not get a budget from any firm without a scope of work/protocol. To expedite this, **we proposed the parties agree to take whichever firm provides the lowest budget based upon the agreed upon protocol.**

You continue to claim Workspot is in breach for not agreeing to your  unilateral selection process that has nothing to do with budgets and costs.   However, our selection will be made based on budget and costs for the project because we agree each firm is technically capable.  In any event, during the 4/10 meet and confer call, Citrix declined to identify which firm it preferred so it is difficult to understand why Citrix likes to claim that Workspot is in breach but Citrix is not.  Neither party can be in breach when there was no agreement on using your proposed selection process that does not take into account the budget and costs.  If local counsel believes it is necessary, we have suggested the parties  extend the deadline for selecting the forensic firm given how late we received the proposed protocol from Citrix and how you rejected our more targeted protocol.  It looks like we will also have to extend the date for the completion of the project because the earliest we will have an agreed upon protocol is tomorrow.  We believe the parties are very close to finalizing a protocol (hopefully tomorrow) and getting budgets from the firms within very short order.  If Citrix declines to agree to ask for budgets from the firms based upon an agreed upon protocol, we agree we should take this issue to Judge Fallon because Judge Fallon's order states:  "the parties shall identify their agreed-upon forensic inspector **and a proposed budget for the inspection**."  However, we believe this is not the best use of the parties time and money and will only slow down the process.

We urge Citrix to meet and confer in good faith to finalize the protocol tomorrow and then immediately submit the protocol to the three forensic firms for budgets/costs. Workspot is ready to agree to whichever firm provides the lowest cost proposed budget for the project. I have confirmed today the devices are ready to be delivered to the forensic firm. We look forward to resolving this issue with you at the meet and confer tomorrow.

Matt will address the Privilege log issue separately.

Regards, Ron



**Ronald F. Lopez**
Partner
rflopez@nixonpeabody.com
T 415-984-8368 | C 415-823-7950 | F 866-293-2789
Nixon Peabody LLP | One Embarcadero Center, 32nd Floor | San Francisco, CA 94111
nixonpeabody.com | @NixonPeabodyLLP

---

The NP San Francisco office is *on the rise!* Our new address effective **January 7, 2019** is:
One Embarcadero Center, **32nd Floor**, San Francisco, CA 94111.

---

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**From:** Strapp, Michael G. <michael.strapp@dlapiper.com>
**Sent:** Thursday, April 11, 2019 3:06 PM
**To:** Lopez, Ronald <rflopez@nixonpeabody.com>; Werber, Matthew <mwerber@nixonpeabody.com>; Biggs, Brian <brian.biggs@dlapiper.com>
**Cc:** Hayes, Jennifer <jenhayes@nixonpeabody.com>; Kim, Joy <joy.kim@dlapiper.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Hayes, Jennifer <jenhayes@nixonpeabody.com>; karen.gibbs@workspot.com; Valentine, Andrew <andrew.valentine@dlapiper.com>; Kraft, Denise <denise.kraft@dlapiper.com>; Ikegami, Yuko <yikegami@nixonpeabody.com>; Ghassab, Yasmin <yasmin.ghassab@dlapiper.com>
**Subject:** RE: Citrix Systems, Inc. v. Workspot, Inc. - Magistrate Judge Fallon's Order

[EXTERNAL E-MAIL]

Ron,

I write concerning the forensic inspection process to address several outstanding issues and to set forth what appears to be Workspot's refusal to comply with its obligations concerning that process and with Judge Fallon's Order requiring Workspot to produce certain documents.

Please let us know if you are available for a meet-and-confer tomorrow morning at 11 am Pacific to discuss the process for approaching Judge Fallon to address Workspot's refusal to comply with the Order.

**Forensic Inspection Ruling**

1.  Judge Fallon granted Citrix's motion to compel the forensic inspection of Chawla's devices on March 28.  Workspot did not object to this aspect of Judge Fallon's ruling.

2.  Judge Fallon ordered the parties to "identify their agreed-upon forensic inspector" by April 5.  We mutually agreed to extend that deadline to April 6.

3.  Judge Fallon explained in her ruling that Citrix's concerns "regarding the reliability of the forensic examination performed by Kivu" warranted "the performance of another forensic imaging of the same devices."

4.  We jointly interviewed three candidate forensic inspection firms on April 5 and April 8.  You never asked for budgets from any of these firms during the interview process.

5.  At 7 am Pacific on April 9, I suggested that we exchange rankings of our preferred forensic inspection firms at 1 pm Pacific, and that we agree in advance that whichever firm received the best average rank would be the firm we would select.  Later that same day you wrote that any such selection process would be premature.  You asked us to send proposed protocols for the forensic inspections.

6.  We sent you the proposed protocols on April 9 as you requested and proposed exchanging rankings of preferred firms on April 10 so that we could select an "agreed-upon forensic inspector" as ordered by the Court.

7.  Later on April 9, you rejected our request to select an inspector on April 10, and instead suggested that "we extend the deadline."  You argued that notwithstanding Judge Fallon's order, the inspection of Chawla's Workspot devices should be limited to determining "whether or not there is any deleted information that might relate to certain identified "Chawla emails" sent between October 9 and 16, 2018 or Mr. Chawla's web browsing history between this time."

8.  The morning of April 10, we reiterated our request that the parties immediately exchange preferences for a forensic inspection firm as ordered by Judge Fallon.  We also indicated our objection to any inspection protocol of Chawla's Workspot devices that would be limited to determining whether certain deleted information exists.  We requested your assent to move forward with the detailed protocols we had provided to you on April 9.

9.  You responded to our request on April 10 by rejecting Citrix's inspection protocol for Chawla's Workspot devices.  You claimed that the protocol "greatly exceeded the argument Citrix articulated before Judge Fallon."

10. We responded to your email, also on April 10, by noting that Workspot had already violated Judge Fallon's order by refusing to participate in the joint selection of a forensic inspection firm.  We reiterated our request that you reconsider the protocols provided by Citrix.  We requested a meet-and-confer later the same day.

11. You indicated on April 10 that Workspot had a fundamental disagreement with Citrix regarding "the scope of the work" involved in the forensic inspection.  You indicated that you would prefer to postpone any meet-and-confer until April 11.

12. We insisted that the parties' meet-and-confer on April 10, given that Workspot was already in violation of Judge Fallon's order.

13. The parties engaged in a meet-and-confer in the afternoon of April 10.  During the meet-and-confer, you stated that the protocols Citrix proposed appeared to request that the inspector redo work Kivu had already done, a process you insisted was unnecessary.  We directed you to pp. 56-58 of the March 27, 2019 hearing transcript where Judge Fallon indicated that it was not unreasonable for Citrix to seek a second opinion of the forensic inspection Workspot had done.  You indicated that you would get back to us the next day, April 11, with any proposed modifications to Citrix's protocols.  We indicated that we would approach Judge Fallon to seek enforcement of her Order if the parties were unable to resolve their differences on April 11.  We also made clear during the meet-and-confer that Workspot's insistence on vexatiously multiplying these proceedings would be noted in a forthcoming sanctions motion in which Citrix would seek to recover all of its fees and costs.

14. You indicated earlier today that you "hopefully" would get back to us today with your proposal on forensic inspection protocols.  You also requested that Citrix provide any agreed-upon protocols to each of the three candidate firms, solicit a budget, review the budget, and then engage in a process of selecting a forensic inspection firm.

**Privilege Log Ruling**

1. Judge Fallon granted-in-part Citrix's motion to compel the production of documents on Workspot's privilege log. Workspot objected to the portion of that ruling concerning the crime-fraud exception, but did not object to the Court's decisions on disclosure to third parties and non-attorney communications.

2. Workspot was obligated to produce the documents on its log subject to Judge Fallon's ruling that do not concern the crime-fraud exception on April 5, after the period for Workspot to object to Judge Fallon's ruling had expired. Workspot made no such production.

3. On April 10, we emailed you and request the production by no later than April 11 of the following documents:
    a. 3rd Party Communications: Privilege Log Entries 251-254, 266, 417, 467, 494-495
    b. Communications Among Non-Attorneys: Privilege Log Entries 36, 64, 70, 84, 119-123, 191, 198, 341-342 (unredacted), 346 (unredacted), 404, 496-497, 510-512, and 516.

4. You responded to our email on April 10 by indicating that Workspot did not believe its document production was due until the resolution of its objection to Magistrate Judge Fallon's ruling, even though the above-listed documents were not addressed in Workspot's objection. You indicated, however, that Workspot would produce the documents referenced in the April 10 email "as soon as reasonably practical."

5. Later on April 10, we requested a "date certain for the production." We also requested a production this week, especially given the small size of the production.

6. You indicated in response, also on April 10, that you were "optimistic" the documents would be produced "by early next week, if not by end of this week."

7. On April 11, we again requested a date certain for the document production.

8. You have not responded to our request.

Workspot's pattern of delay and obstruction is self-evident from the sequence of events detailed above. Citrix is unwilling to await any further obstruction and intends to seek assistance from the Court for enforcement of Judge Fallon's order. We look forward to speaking with you tomorrow.

Regards,

Michael

**Michael Strapp**
Partner

**T** +1 617.406.6031
**F** +1 617.406.6100
**M** +1 917.518.3828
**E** michael.strapp@dlapiper.com



DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
United States
www.dlapiper.com

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.