# EXHIBIT A



**Matthew A. Werber**
*Counsel*
T 312-977-4458
mwerber@nixonpeabody.com

70 W. Madison Street, Suite 3500
Chicago, IL 60602-4224
(312) 977-4400

October 18, 2019

VIA EMAIL
DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
Brian.Biggs@dlapiper.com

**RE:  Citrix v. Workspot**

Dear Brian:

We write in response to your letter dated October 15, 2019 seeking discovery of additional privileged communications based on an alleged waiver and a deposition of Mr. Sinha on sanctions-related issues. As explained below, there was no waiver and Workspot will not agree to re-open limited discovery given the extensive discovery Citrix conducted on the email issues prior to proceeding with briefing.

   **1.   Alleged Waiver**

Your requests for privileged documents and deposition testimony largely rest on your assertion that portions of the answering brief, and corresponding cited portions of the Sinha declaration, waived privilege. Your assertion relies on part 1 of the "at issue exception" articulated in *Wilmington Savings Fund Soc. FSB v. Houston Casualty Co.*, 2018 WL 5043756, at *3 (D. Del. July 30, 2018). Part 1 of this exception (as quoted on page one of your letter) applies if the party "injects the communications themselves into the litigation . . . ." Notably, *Wilmington Savings* ultimately declined to apply part 1 of the exception in instances where it was the party claiming waiver (WSFS), not the party claiming privilege (HCC), who injected the communications into the litigation. *Id.* at * 7 ("The parties' submissions suggest that HCC is the party attempting to place the communications at-issue, and thus, WSFS has not waived the privilege"). That is precisely the situation here.

In particular, the passages of the brief you rely on all cite to privileged communications the Court compelled Workspot to produce at Citrix's request, including some Citrix elected to offer in support of its opening brief.

Brian Biggs
October 18, 2019
Page 2

| Alleged Waiver | Citation |
|---|---|
| Ans. Br. at 4 (Oct. 15 call and verbal instruction to stop tweeting) | Strapp Ex. 17 – ordered to be produced at Citrix's request and introduced into the record by Citrix[1] |
| Ans. Br. at 5 (Ms. Gibbs asking about other investigative steps) | Werber Decl., Ex. A – ordered to be produced at Citrix's request |
| Ans. Br. at 6 (Gibson Dunn advice regarding TRO answering brief) | Strapp Decl. Ex. 20 - ordered to be produced at Citrix's request and introduced into the record by Citrix |

Having succeeded in convincing the Court to compel production of these privileged communications over Workspot's objections, and having relied on these communications in its own briefing (sometimes erroneously), Citrix can hardly claim Workspot is the party who injected them "into the litigation" under the at-issue rule Citrix relies on. *Wilmington Savings*, 2018 WL 5043756, at *3.[2]

You also identify Sinha declaration paragraphs 13, 14, 19 and 20. Paragraphs 13 and 14 disclose no more that than the privileged emails Workspot was required to produce. See e.g. Werber Decl., Ex. A; Strapp Decl. Ex. 20 (correspondence on the TRO investigation ordered to be produced at Citrix's request). Paragraph 19 makes no reference to any privileged correspondence or legal advice. Instead Mr. Sinha merely states what he "understood at that time" in relation to footnote 3 of Workspot's TRO sur-reply. While paragraph 20 mentions what Gibson Dunn advised regarding scheduling conflicts and attendance at the December 12 hearing, it provides no substantive legal advice and falls well short of the purported subject matter waiver asserted in your letter "extending to all Gibson Dunn communications from October 15, 2018 through January 28, 2019." Finally, Mr. Sinha declaring he lost confidence in Gibson Dunn is simply a recitation of fact – not a disclosure of privileged legal advice.

    **2.      Requested Sinha Deposition**

Your letter continues by contending "Citrix must be given an opportunity to explore the factual allegations in Mr. Sinha's 26 paragraph declaration." Workspot will not agree to produce Mr. Sinha for a deposition on sanctions-related issues with opening and answering briefs already on file and "limited discovery" already closed. At the December 12 hearing the Court

---

[1] Workspot's reference to Gibson Dunn's October 15 verbal instruction to "stop tweeting" was offered in direct response to Citrix wrongly claiming Gibson Dunn instructed Mr. Chawla to destroy evidence. D.I. 261, 3-4.

[2] In producing these communications, we made clear that "Workspot's productions of previously withheld documents are made **solely in response to Magistrate Fallon's order**, and without waiver under FRE 502. See e.g. Werber letter dated August 20, 2019 (emphasis added).

4836-0901-5721.2

Brian Biggs
October 18, 2019
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

invited Citrix to take limited expedited discovery and move for "additional sanctions" based on that discovery if Citrix believed it had a basis for doing so. D.I. 145, 17:2-7; 110:5-17 ("Once the discovery is completed, the plaintiffs are permitted, should they think they have a basis at that point to do so, to file a motion for additional sanctions"). Nowhere did the court contemplate re-opening limited discovery and permitting more depositions (likely leading to additional rounds of briefing) after the parties already exchanged opening and answering briefs.

Indeed, the Court expressed concerns over Citrix compounding the expense and burden of "limited discovery," which is precisely what Citrix is seeking to do here. D.I. 145, 111:5-7 (the Court stating "I do have a concern about costs. I do have a concern about the limited discovery turning into unlimited discovery.").

Further, Citrix's election to seek Mr. Sinha's deposition at this stage appears to be driven more by a desire to run up costs and less by a genuine need for relevant information to support the motion. Had Citrix genuinely believed Mr. Sinha possessed relevant information it would have pursued his deposition when limited discovery was open. Citrix did not. Between April and June 2019 Workspot produced privileged documents (including some authored by Mr. Sinha) and the parties conducted a third party forensic inspection. On July 17, 2019 Citrix deposed Mr. Chawla. The testimony included examination on many of the documents produced and Mr. Sinha's name was mentioned dozens of times. See e.g. 276:6-7 ("Yeah, I don't know. Amitabh would know"); 213:21-23 ("I see the exhibit.  There is an e-mail from Amitabh.  I don't know what observations he made and what conclusion he's making here"). Still, not once did Citrix approach Workspot about deposing Mr. Sinha.

On July 23, 2019 Citrix wrote the Court indicating Citrix was "prepared to submit its motion for sanctions" based on the discovery it had already received at the time – subject to reserving the right to supplement its briefing after the pending discovery disputes were resolved. D.I. 248. The Court ruled on the outstanding discovery disputes on August 9 and Workspot produced the remainder of the discovery Citrix sought on August 21. Having considered the discovery received sufficient, Citrix proceeded with its Sanctions motion on August 28.

Finally, Citrix can hardly claim the declaration brought new types of information to light Citrix did not previously know Mr. Sinha possessed. During limited discovery Citrix was well aware Mr. Sinha possessed information on subjects such as the founding of Workspot, Workspot's investigation and decision to replace Gibson Dunn with new counsel. Citrix declined to find Mr. Sinha's knowledge sufficiently important to seek a deposition when limited discovery was open and Citrix offers no basis for doing so now.

To the extent Citrix maintains its position that limited discovery should be re-opened, we are available for a meet and confer. Please let us know of times you are available next week.

We write without waiver of our rights and privileges, all of which are expressly reserved.

4836-0901-5721.2

Brian Biggs
October 18, 2019
Page 4

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

Sincerely,

/s/ Matthew A. Werber

MAW
cc:     Counsel of Record



Matthew A. Werber
*Counsel*
T 312-977-4458
mwerber@nixonpeabody.com

70 W. Madison Street, Suite 3500
Chicago, IL 60602-4224
(312) 977-4400

August 20, 2019

VIA EMAIL
Brian Biggs
DLA Piper LLP
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801-1147
brian.biggs@dlapiper.com

**RE: Citrix v. Workspot**

We write pursuant to the August 9, 2019 Oral Order issued by Judge Stark (D.I. 252) and in response to your letter and Joy Kim's email dated August 12 and 14, respectively.

The August 12 letter provided the wire information Workspot used to pay the fees and costs ordered August 9. Thank you for your August 17 email confirming that payment posted.

The August 12 letter also asked that Workspot produce 305 entries from its privilege log. Of the 305 entries:

- 274 were produced in their entirety yesterday – see WKSPT_0113383-WKSPT_0114297;

- 3 were previously produced – namely Log. Nos. 515 (WKSPT_0092863), 467 (WKSPT_0106230); and 538 (WKSPT_0112826);[1] and

- 28 are being withheld.

Included with this letter is a spreadsheet titled "2019-08-20 - 305 entries" identifying which of the above categories (produced, previously produced or withheld) each entry corresponds to. This spreadsheet also includes Bates Nos. for the 274 entries being produced.

---

[1] Content was redacted when Log. Nos. 515 and 538 were produced previously. All redacted content can be seen in yesterday's production. See e.g. WKSPT_0113604 and WKSPT_0114022.

4838-7506-4737.3

Brian Biggs
August 20, 2019
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

While not identified explicitly in your Aug. 12 letter, we will be producing Log Nos. 295, 423, 436 and 441 because they precede the filing of the Chawla declaration and overlap with email chains already being produced or otherwise fall within the scope of the Magistrate's order. We anticipate this production will be made tomorrow.

Workspot's productions of previously withheld documents are made solely in response to Magistrate Fallon's order, and without waiver under FRE 502.

Next, we address the 27 entries being withheld as privileged. As Citrix is aware, Magistrate Fallon's application of the crime fraud exception ("CFE") was limited in scope. Among other things, she applied the CFE only to communications (i) from before the Chawla declaration (ii) containing content addressing the Chawla declaration or investigations into the harassing emails:

> These emails precede the filing of the allegedly false Chawla declaration, and the contents of the emails address the Chawla declaration itself and/or the investigations by Citrix and Workspot into the harassing emails. Thus, these communications relate to the subsequent filing of the allegedly false Chawla declaration.

(D.I. 197, ¶ 35). Magistrate Fallon declined to apply the CFE to Log. No. 7 based on the above limitations. Log No. 7 is an October 21, 2018 email chain reflecting legal advice on Workspot's litigation hold and litigation-related communications in general that, according to Magistrate Fallon, "does not pertain to Mr. Chawla's declaration."

Magistrate Fallon's ruling on Log No. 7 and analysis reproduced above applies to each of Log Nos. 338, 344, 406, 527, 528, 529 and 575. As the subject line of Log Nos. 338, 334, 406, 527 and 575 indicate, these emails reflect legal advice on Workspot's litigation hold and litigation-related communications in general. Log Nos. 528 and 529 (from October 15, 2018) address the preliminary injunction motion – the predominant issue in the case before Citrix brought the harassing emails to Workspot's attention late in the day on October 15, 2018.

Log Nos. 551, 552, 553, 555, 560, 579, 580, 582, 583, 589, 591, 597, 598, 620, 622, 625, 631, 632, 633 and 636 – are privileged communications between Workspot's General Counsel, Karen Gibbs and Workspot officers Amitabh Sinha and Puneet Chawla. As Citrix is aware, Workspot changed lead outside counsel. These emails relate to that subject and, like Log No. 7, do not address the Chawla declaration or investigations into the harassing emails.[2]

The final entry being withheld is Log No. 267. Log No. 267 (authored November 12, 2018) falls within the category of Magistrate Fallon's "Group II emails … exchanged following the filing of the allegedly false Chawla declaration, and thus were not used to advance the crime or fraud."

---

[2] The Privilege Description for Log Nos. 406, 429, 432, 528, 529, 589 and 591 have been amended in the revised privilege log being served today to more accurately reflect their subject matter and that they do not address the "TRO" motion.

4838-7506-4737.3

Brian Biggs
August 20, 2019
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

(D.I. 197, ¶ 38). Magistrate Fallon opined the CFE did not apply to any of the Group II emails with one exception – Log No. 269, which is an email chain with communications starting on October 16, 2018 and ending three days after the Chawla declaration on November 2, 2018. She made that exception, however, because much of Log No. 269's content was "duplicative of 125" (referring to a Group I pre-declaration communication), and because Log No. 269 inquired about the investigation that had already been "performed by Kivu in support of the TRO briefing and related declarations." (D.I. 197 at p. 13, n. 9). The same does not apply to 267 where the exchanges begin November 6, 2018.

Finally, a revised privilege log is being sent with this letter. Entries for the 274 documents produced yesterday have been removed from the privilege log as they are no longer being withheld. Entries for Log Nos. 295, 423, 436 and 441 (discussed above) have also been removed from the revised log as they will be included in a production anticipated for tomorrow.

****
We write without waiver of our rights and privileges, all of which are expressly reserved.

Sincerely,

/s/ Matthew A. Werber

MAW
cc:      Counsel of Record

4838-7506-4737.3