

DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

November 6, 2019
*VIA CM/ECF AND HAND DELIVERY*

PUBLIC VERSION OF D.I. 284
FILED NOVEMBER 14, 2019

The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street, Unit 14, Room 6100
Wilmington, DE 19801-3555

    Re:    **Citrix Systems, Inc. v. Workspot, Inc., C.A. No. 18-588-LPS-SRF**

Dear Magistrate Judge Fallon:

A central premise of Workspot's opposition to Citrix's motion for sanctions is that Workspot reasonably relied on advice from its former lead counsel, Gibson Dunn. Ex. 1, D.I. 275. By asserting advice of counsel as a defense, Workspot has waived the attorney-client privilege regarding its TRO-related communications with Gibson Dunn from October 15, 2018, when Citrix informed Workspot of the allegations giving rise to Citrix's TRO Motion, through January 28, 2019, when Workspot replaced Gibson Dunn as its counsel.[1] *See Brigham & Women's Hosp. Inc. v. Teva Pharms. USA Inc.*, 707 F. Supp. 2d 463, 471-72 (D. Del. 2010) (party waived attorney-client privilege by putting advice of counsel at issue).

***Background:*** Beginning on October 9, 2018, Puneet Chawla, Workspot's Co-Founder, CTO, and Board Member, anonymously emailed Citrix's CEO and Senior Vice President threatening to leak confidential Citrix documents and attempting to extort from Citrix a ransom payment of bitcoin. Ex. 2, D.I. 261 at 1-4. Citrix filed a TRO Motion on October 16 to halt Workspot's unlawful conduct. D.I. 102. In support of Workspot's TRO Opposition, Chawla filed a false declaration on October 30, in which he denied engaging in unlawful conduct. D.I. 115. At the TRO hearing, Judge Stark ordered the parties to engage in discovery concerning Chawla's conduct. Because Workspot refused to provide Citrix with discovery, Citrix filed several motions to compel with this Court and a court in California. In connection with one such motion targeted at Workspot attorney-client communications subject to the crime-fraud exception, this Court ordered Workspot to produce emails which pertained "to Mr. Chawla's declaration" and were exchanged prior to the filing of the October 30 declaration. D.I. 197, ¶¶ 35-38; *aff'd* D.I. 252.

The emails Workspot produced pursuant to the Court's order, along with additional information obtained by Citrix in discovery, demonstrated not only that Chawla had sent harassing emails

---

[1] The Court should compel production of at least the documents on Workspot's amended privilege log (Ex. 4) identified in footnotes 2-9 below. Each footnote cites the withheld documents that, based on Workspot's privilege log entries, relate to privileged communications Workspot has relied upon in its opposition to Citrix's Sanctions Motion.



The Honorable Sherry R. Fallon
Page Two

and then perjured himself, but also that (i) Workspot and its counsel failed to investigate Chawla's illegal conduct, (ii) Chawla destroyed relevant evidence, (iii) Workspot and its counsel – not just Chawla – knew at the time Chawla's declaration was filed that it contained misleading information, (iv) Workspot failed to inform the Court that Chawla filed a false declaration, and (v) Workspot allowed Chawla to continue working as the CTO of the company and supervise the forensic inspection of his own laptop even after it knew that Chawla had perjured himself. In light of this information, Citrix filed a Sanctions Motion on August 28, 2019. Ex. 2.

***Workspot Relies On Advice Of Counsel In Its Sanctions Opposition:*** In its opposition to the Sanctions Motion (Ex. 1, D.I. 275), and in an accompanying declaration from Amitabh Sinha (Ex. 3, D.I. 277), Workspot's CEO, Workspot contends that sanctions are inappropriate because it reasonably relied on advice from Gibson Dunn.

- Immediately after receiving Citrix's allegations concerning Chawla's unlawful conduct, Workspot executives joined a teleconference with Gibson Dunn. Ex. 1 at 4, 17; Ex. 3, ¶¶ 9, 12. During the teleconference, Workspot claims Gibson Dunn provided Chawla advice related to a social media post that was shortly thereafter deleted by Chawla. Ex. 3, ¶ 12.[2]

- Workspot argues that its decision not to investigate Citrix's allegations was based on advice from Gibson Dunn. Ex. 1 at 5, 21; Ex. 3, ¶¶ 13, 14.[3]

- Workspot contends that spoliation of evidence by Chawla was contrary to "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Ex. 3, ¶ 8; *see also* Ex. 1 at 18.[4]

- Workspot blames Gibson Dunn for knowingly including misleading information in the Chawla Declaration,[5] failing to seek an extension of time for Workspot to file its TRO Opposition,[6] and failing to advise Sinha to attend the TRO hearing.[7] *See* Ex. 1 at 15 n.11 ("As Citrix points out, paragraph 6 [of the Chawla Declaration] appears to have been drafted

---

[2] *See* Ex. 4, Log Nos. 515-516, 538. All log entries referenced in this letter brief refer to documents that have either not previously been produced by Workspot or that have been produced in an incomplete or redacted form.
[3] *Id.* at 51, 91-94, 100, 118, 171-172, 178-179, 183, 200-201, 209-211, 213-214, 216-217, 219-220, 228, 231, 237-243, 268, 299, 301, 313, 324, 326, 338-340, 361-364, 368-370, 372, 374-380, 383, 392, 397, 400, 407-408, 411-416, 418, 422, 427, 448, 509, 512.
[4] *Id.* at 7, 18, 26, 33-34, 49-50, 170, 292, 338, 343-344, 406, 425, 429, 432, 527, 575, 585, 587.
[5] *Id.* at 21-22, 53-54, 94, 177-181, 241-242, 268, 296, 299, 308, 424, 427, 472, 476, 485.
[6] *Id.* at 515-516, 579-580, 582-583, 589, 591, 597-598, 620, 622, 625, 631-633, 636.
[7] *Id.* at 23-25, 30, 36-37, 81-85, 100, 129, 132, 134, 137, 139, 141, 148-149, 162-168, 173-176, 183, 197, 212, 243-248, 285-286, 293, 327-328, 359, 363-364, 366-367, 370, 387-388, 397-398, 402-403, 407-409, 418, 422, 428, 439, 448, 459-463, 471, 498, 514.



The Honorable Sherry R. Fallon
Page Three

by Gibson Dunn"); *id.* at 5 ("Instead of seeking an extension to file the TRO answering brief . . . Gibson Dunn recommended answering the TRO motion with the Chawla declaration and a Kivu declaration"); Ex. 3, ¶ 20 (Gibson Dunn informed Sinha "██████████████" for him to attend the TRO hearing).

- Workspot blames Gibson Dunn for failing to withdraw the Chawla Declaration. Ex. 3, ¶ 19.[8]

- Sinha contends that at some unspecified point after the TRO hearing, he "████████████████ ████████" because "████████████████████████████████████████████████████████ ████████████████████████████████████████████████" Ex. 3, ¶ 24.[9]

**<u>Workspot Waived The Attorney-Client Privilege:</u>** This Court should compel Workspot to produce all TRO-related communications between Workspot and Gibson Dunn from October 15, 2018 through January 28, 2019. Workspot has placed these communications at issue by disclosing and relying upon advice of counsel in opposition to Citrix's Sanctions Motion. *See Livingstone v. N. Belle Vernon Borough*, 91 F.3d 515, 537 (3d Cir. 1996) ("The attorney client privilege is waived for any relevant communication if the client asserts as a material issue in a proceeding that the client acted upon the advice of a lawyer or that the advice was otherwise relevant to the legal significance of the client's conduct.") (citation omitted); *see also Robertson v. Allstate Ins. Co.*, 1999 WL 179754, at *5 (E.D. Pa. Mar. 10, 1999).

Workspot contends it did not waive privilege because Citrix, not Workspot, injected the privileged communications into the litigation. But regardless of whether Citrix or Workspot initially put Workspot's communications with Gibson Dunn at issue, if a party asserts advice of counsel as a defense to limit its liability, as Workspot does here, then privilege relating to communications as to that advice is waived. *See Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) ("[A] party can waive the attorney client privilege by asserting claims or defenses that put his or her attorney's advice in issue in the litigation.").

---

[8] *Id.* at 2, 8, 10, 12, 14, 16, 23-25, 27-28, 30-31, 35-37, 40-42, 45-48, 52, 83-85, 88-94, 100, 110, 112, 114, 116-118, 124, 126-128, 131, 136, 143, 145, 147, 152, 154-155, 162-169, 171-176, 183, 185-186, 197, 201, 209, 212, 219, 228, 233-240, 243, 245-250, 267-268, 287-288, 293-294, 300, 302-303, 305-306, 316, 320, 322-324, 326-328, 330, 332, 334, 336, 339-340, 359, 361-364, 366-367, 369-373, 375, 379-380, 382-383, 389-390, 392-393, 395, 397-400, 402-403, 407-409, 411-415, 418, 422, 425, 427-428, 438-440, 445-448, 452-453, 457-463, 473-474, 477-481, 486-493, 498-500, 502-505, 507-509, 512, 514.

[9] *Id.* at 1, 3, 6, 13, 17, 64-81, 87, 105-106, 157-161, 191, 200, 210-211, 213-214, 220, 231, 298, 301, 329, 331, 333, 337, 357-358, 368, 374, 376-377, 381, 385, 405, 416, 426, 430-431, 435, 442, 449-451, 454-456, 464, 468-469, 475, 482-484, 506, 513, 551-553, 555, 560, 579-580, 582-583, 589, 591, 597-598, 620, 622, 625, 631-633, 636.



The Honorable Sherry R. Fallon
Page Four

In any event, the subject matter of the Gibson Dunn communications at issue in Workspot's Sanctions Opposition extends well beyond the limited scope of privileged communications already produced by Workspot pursuant to this Court's prior order. The communications previously produced by Workspot principally concern the Chawla Declaration and predate that Declaration. D.I. 197, ¶ 35; *aff'd* D.I. 252. Many of the communications Workspot puts at issue in its Sanctions Opposition fall outside this limited scope.

Workspot has waived privilege relating to ***all*** communications concerning the subject matter of the advice it has relied upon. *See, e.g.*, *Rhone-Poulenc*, 32 F.3d at 863; *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir. 1995); *Affinion Net Patents, Inc. v. Maritz, Inc.*, 440 F. Supp. 2d 354, 356 (D. Del. 2006) ("[w]hen a defendant asserts the advice-of-counsel defense, the attorney-client privilege is waived as to communications with all counsel related to the same subject matter"). This Court should reject a request by Workspot to selectively limit the scope of its waiver of attorney-client privilege. *Glenmede*, 56 F.3d at 486 (finding that to allow a party to selectively define the subject matter of the advice of counsel that it relies on would "undermine the very purpose behind the exception to the attorney-client privilege at issue here—fairness"); *TCV VI, L.P. v. TradingScreen Inc.*, 2015 WL 5674874, at *2 (Del. Ch. Sept. 25, 2015) ("the at issue exception reflects the principle that parties should not be able to use the attorney-client privilege to cherry-pick only the best morsels of evidence from a mixed batch concerning the same subject matter."). Instead, the Court should find that Workspot has broadly waived privilege so that Citrix can "test what information had been conveyed by [Workspot] to counsel and vice-versa regarding that advice—whether counsel was provided with all material facts in rendering their advice, whether counsel gave a well-informed opinion and whether that advice was heeded by [Workspot]." *Glenmede*, 56 F.3d at 486.

In sum, because Workspot has raised advice of counsel as a defense to Citrix's Sanctions Motion, *all* communications related to Gibson Dunn's advice to Workspot concerning the TRO proceedings and TRO discovery should be produced. *See id.* at 487 (affirming finding that Glenmede "waived the attorney-client privilege as to ***all communications***, both written and oral, to or from counsel as to the ***entire*** [buy-back] transaction" and that the scope of the waiver extended to "back-up documents," "internal research," and "other file memoranda.") (emphasis added); *Kraft Food Grp. Brands, LLC v. TC Heartland, LLC*, 2016 WL 4131968, at *3 (D. Del. July 25, 2016) (Stark, J.) (finding implied waiver of privilege and finding scope to include "***all*** information relevant to whether [the patent agent's] failure to disclose [the patent application] constitutes inequitable conduct by Kraft").



The Honorable Sherry R. Fallon
Page Five

Respectfully submitted,

/s/  *Denise S. Kraft*

Denise S. Kraft (DE Bar No. 2778)

*Counsel for Plaintiff Citrix Systems, Inc.*

cc:     All Counsel of Record


EAST\170023116