

**DLA Piper LLP (US)**
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

Brian Biggs
Brian.Biggs@dlapiper.com
T   302.468.5661
F   302.778.7813

March 24, 2020
*VIA CM/ECF and E-MAIL*

The Honorable Leonard P. Stark
United States District Court
844 North King Street
Wilmington, DE 19801

**Re:     Citrix Systems, Inc. v. Workspot, Inc., C.A. No. 18-588-LPS**

Dear Chief Judge Stark:

Pursuant to the Court's March 19, 2020 Oral Order (D.I. 334), the parties met and conferred and submit the following Joint Status Report regarding the claim construction hearing and the hearing for Plaintiff Citrix Systems, Inc.'s ("Citrix") Motion for Sanctions (D.I. 260).

**Citrix's Position**:

Citrix believes that the hearing for the Motion for Sanctions, which is separate and apart from claim construction, can and should proceed as scheduled on April 6, 2020 as a telephonic hearing.  Citrix notes that the Motion concerns conduct that occurred in early October 2018, more than 17 months ago, and Citrix's Motion has now been pending for several months.  Further, the Motion for Sanctions is the type of motion that can and should be heard telephonically while courthouse operations are limited.  The benefits of a live presentation to address technical complexities concerning the parties' claim construction disputes do not bear on the issues presented in the Motion for Sanctions.  What is more, because the Court already presided over the December 12, 2018 Temporary Restraining Order hearing, the Court is familiar with certain facts underlying the Motion for Sanctions. Citrix proposes that the parties file demonstratives for the hearing on the Motion for Sanctions (whether electronically or through submission to the Clerk) on April 3, 2020.

Citrix does agree, subject to the Court's approval, to continue the claim construction hearing, though Citrix requests the Court reschedule the hearing for the week of June 1, or as soon thereafter as is convenient for the Court.  Indeed, Citrix respectfully submits that decoupling the hearing on the Motion for Sanctions from the claim construction hearing will noticeably decrease the burden on the Court and the parties, especially given that the facts and legal issues presented by the Sanctions Motion and by claim construction do not overlap.  Given the uncertainty of recent events and the further logistical difficulties the Court may encounter in the future, the hearing on the Motion for Sanctions should be heard telephonically on April 6th while the hearing remains scheduled and the parties are prepared to present their arguments.



March 24, 2020
Page Two

Citrix proposes the parties meet and confer regarding the effect a continuance of the claim construction hearing will have on the other deadlines in the case, and then submit a proposed revised schedule for Court approval.  Whether the claim construction hearing is telephonic or live, Citrix requests two hours for argument, with the time evenly allotted between the parties.

**Workspot's Position**:

Defendant Workspot, Inc. ("Workspot") respectfully submits that a hearing to address claim construction and Citrix's motion for sanctions should be conducted in-person and continued approximately 45 days or more from April 6th.  The motion for sanctions and claim construction briefing present issues more complex than a routine discovery dispute hearing typically conducted on the telephone, and despite Citrix's complaints regarding the pendency of its motion for sanctions, there is no particular need for that hearing to proceed separately and by telephone. All of Workspot's national counsel (and client representatives) are subject to a "shelter in place" order and cannot readily access their offices for hard copies of case materials, nor can national counsel meet together in the same room to conduct a telephonic hearing with the Court in the near future.  In other words, if the hearing were to go forward on April 6, 2020, counsel would have to present arguments to the Court without the benefit of being together in a single conference room as is routinely the case in telephonic hearings.  Accordingly, Workspot proposes that the April 6, 2020 hearing be rescheduled to May 25, 2020 (or at a time thereafter as convenient for the Court).

Additionally, Workspot proposes the following changes in the scheduling order:

| Deadline: | Current Date: | Proposed Date: |
|---|---|---|
| Final Infringement Contentions | July 22, 2020 | July 31, 2020 |
| Final Invalidity Contentions | August 7, 2020 | August 14, 2020 |

No additional deadlines need to be adjusted should the Court decide to reschedule the April 6, 2020 hearing as Workspot proposes herein. Should the Court decide to proceed with a telephonic hearing on April 6th, Workspot respectfully requests three hours for argument, with the time evenly allotted between the parties.

Counsel are available at the Court's convenience should there be any questions.



March 24, 2020
Page Three

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Brian A. Biggs*

Brian A. Biggs (DE Bar No. 5591)

*Counsel for Plaintiff Citrix Systems, Inc.*

cc: Clerk of the Court (via CM/ECF)
    Counsel of record (via CM/ECF and e-mail)